Rob Bonta
Attorney General of California
William C. Kwong
Supervising Deputy Attorney General
Nasstaran Ruhparwar
Deputy Attorney General
State Bar No. 263293
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4435
  Fax:  (415) 703-5843
  E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
*Attorneys for Defendant*
*M. Valdez*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **KEFVON JEROME CAMP,**<br><br>         Plaintiff,<br><br> v.<br><br>**R. RODRIGUEZ, et al.,**<br><br>         Defendants. | 1:24-cv-04771-RMI<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Judge:   The Honorable Robert M. Illman<br>Trial Date: Not set<br>Action Filed: August 6, 2024 |

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103.  Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

1

Defs.' Opp'n. to Pl.'s Mot. to App. Counsel (1:24-cv-04771-RMI)

1 | Plaintiff has failed to demonstrate exceptional circumstances that would require appointment of counsel.  Even if it assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

While Defendant recognizes that Plaintiff might be at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  Moreover, Plaintiff's incarceration status is not an exceptional circumstance that warrants appointment of counsel. *Robinson v. Cryer*, 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face"); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel").

Further, although the Court has found that Plaintiff's complaint states cognizable claims, at this juncture, neither Defendant nor the Court can determine the likelihood of success on the merits of Plaintiff's claims.  Finally, Defendant's Due Process-claim is not complex.

Because Plaintiff failed to demonstrate exceptional circumstances exist that would require appointment of counsel, his motion should be denied.

//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | Dated: March 25, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | WILLIAM C. KWONG<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | */s/ Nasstaran Ruhparwar*<br>NASSTARAN RUHPARWAR |
| 7 | | Deputy Attorney General<br>*Attorneys for Defendant M. Valdez* |
| 8 | SF2024402768<br>44562641.docx | |

3

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | *Kefvon J. Camp (BC7449) v. R. Rodriguez, et al.* | No. | **1:24-cv-04771-RMI** |

I hereby certify that on <u>March 25, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 25, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Kefvon Jerome Camp, BC7449**
**California State Prison - Corcoran**
**P.O. Box 3476**
**Corcoran, CA  93212**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 25, 2025</u>, at San Francisco, California.

| H. Su | */s/ H. Su* |
|---|---|
| Declarant | Signature |

SF2024402768
44562665.docx