UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEFVON JEROME CAMP,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>M. VALDEZ,<br><br>　　　　　　　Defendant. | Case No. 24-cv-04771-RMI<br><br>**ORDER GRANTING EXTENSION**<br><br>Re: Dkt. Nos. 17, 20 |

For good cause shown, it is hereby **ORDERED** that Defendant's request for an extension (dkt. 20) to file a dispositive motion is **GRANTED**, and the motion shall be filed by **June 2, 2025**.

Plaintiff has also filed a motion (dkt. 17) to appoint counsel. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis*, as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately and the issues are not complex. The motion to appoint counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: April 16, 2025

ROBERT M. ILLMAN
United States Magistrate Judge