# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT

 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                       EUREKA DIVISION

 4                          --o0o--

 5   _____
                                )
 6   KEFVON JEROME CAMP,        ) VOLUME 1 OF 1
                                )
 7       Plaintiff,             ) Pages 1 - 77
                                )
 8       vs.                    ) Case No. 1:24-CV-04771-RMI
                                )
 9   R. RODRIGUEZ, et al.,      )
                                )
10       Defendants.            )
     _____)
11                              ) Deposition Via Videoconference
     And Related Actions.       )
12   _____)
                                )
13                              )
                                )
14

15          DEPOSITION VIA VIDEOCONFERENCE OF

16                    KEFVON JEROME CAMP

17

18

                       Thursday, May 8, 2025
19

20


21                        Reported By:

22            Naomi S. Alvarez, CSR #13007

23

24

25
```



1  and the screening.  You have to get that down packed.
2      Q.   Did Mr. Osuna tell you to read specific cases
3  or did he just generally say --
4      A.   He told me to find cases similar to mine.  He
5  never gave me an exact one.  He just would say you have
6  to do the work yourself.  Go in there and find a case
7  that is similar to yours and study it.
8      Q.   What did Mr. Osuna say about the deposition?
9      A.   Well, the deposition, he wanted to go over it
10 with me.  And I'm not going to lie.  I kept being lazy
11 about it.  I woke up this morning not even realizing
12 today was the 8th.  That is why I didn't really
13 prepare.  He wanted to go over it with me so I could
14 come in here and have something proper to present.  I
15 kind of slacked off on it.
16     Q.   You're good.  We just want to know and get an
17 understanding of your version of the events and ask you
18 some questions.  There's really no preparation that you
19 should be doing or really needing to be doing.
20          Did you bring any documents to your deposition
21 today?
22     A.   I have documents that I would like to present
23 as Exhibits A, B, C and D, but I don't have them with
24 me.  I didn't know it was this court date.
25     Q.   No worries.



```
 1            Could you tell me what you plan to bring as
 2   Exhibit A?
 3       A.   Exhibit A would be the original 115 that I was
 4   issued from Sergeant Rodriguez.  On that 115 it's me
 5   and six other individuals.  I was the only one out of
 6   the six to be found guilty.  Everyone else was found
 7   not guilty.  I would like to present that as Exhibit A.
 8            Exhibit B would be the 602 that I wrote that
 9   was granted.  It was denied at the first level.  When
10   it was sent to Sacramento, they granted it.  They said
11   yes, I should have never got that 115 for the simple
12   fact that the video said it wasn't me in there and
13   everybody else was found not guilty.
14            Exhibit C would be the paper I got from the
15   OIA, which overturned it saying, oh, no, you should
16   have been found guilty after I entered in this lawsuit.
17   At first, they granted it saying yes, you should have
18   never got that 115.  After I entered this lawsuit, the
19   very next day, I got one saying, oh, no, we are going
20   to leave it the same.  You should have been found
21   guilty.  I want to enter all that in.
22            Exhibit D would be the video, if we could get
23   the video footage showing that it's not me on the video
24   that was refusing to go back in from yard.
25       Q.   I understand.  Thank you for describing those.
```



1  We will serve a document request on you just to get
2  those exhibits after the deposition.
3       A.   Okay.
4       Q.   I am going to share my screen again.
5            I am showing you your first amended complaint
6  which is ECF number eight.  I will refer to this
7  complaint as your complaint today.
8            Does that work?
9       A.   Yes.
10      Q.   Great.
11           At which facility were you housed on
12 January 27, 2024?
13      A.   I was at California State Prison Salinas
14 Valley in C Unit, cell -- I forgot my cell number.  109
15 or 108.
16      Q.   Did you receive a rules violation report on
17 January 27, 2024?
18      A.   Yes.
19      Q.   And did you receive a copy of the rules
20 violation report?
21      A.   Yes.
22      Q.   When did you receive that?
23      A.   I don't know the exact day I received it.  I
24 know they did bring me a copy within a week.  Probably
25 on March 4th.



1 | REPORTER'S CERTIFICATION

2

3 |     I, Naomi S. Alvarez, a Certified Shorthand

4 | Reporter in and for the State of California, holding

5 | Certificate No. 13007, do hereby certify:

6

7 |     That the foregoing witness was by me duly

8 | sworn; that the deposition was then taken before me at

9 | the time and place herein set forth; that the testimony

10 | and proceedings were reported stenographically by me

11 | and later transcribed into typewritten form under my

12 | direction; that the foregoing is a true record of the

13 | testimony and proceedings taken at that time.

14 |     I further certify that I am neither counsel

15 | for, nor in any way related to any party to said

16 | action, nor in any way interested in the result or

17 | outcome thereof.

18 |     IN WITNESS WHEREOF, I have subscribed my name

19 | on May 14, 2025.

20

21

22 | _____

23 |     Naomi S. Alvarez, CSR #13007

24

25



# EXHIBIT B

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
NASSTARAN RUHPARWAR, State Bar No. 263293
M. MAKIKO O'BRYAN, State Bar No. 356803
Deputy Attorneys General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4435
 Fax:  (415) 703-5843
 E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
*Attorneys for Defendant M. Valdez*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **KEFVON JEROME CAMP,**<br><br>                                  Plaintiff,<br><br>     v.<br><br>**R. RODRIGUEZ, et al.,**<br><br>                                  Defendants. | 1:24-cv-04771-RMI<br><br>**DEFENDANT M. VALDEZ' REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KEFVON JEROME CAMP, SET ONE** |

**PROPOUNDING PARTY:**   M. Valdez, Defendant

**RESPONDING PARTY:**      Kefvon Jerome Camp, Plaintiff

**SET NO.:**                              One

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant M. Valdez requests that Plaintiff Kefvon Jerome Camp answer the following requests.

**DEFINITIONS**

1. "Plaintiff," "you," and "your" mean Kefvon Jerome Camp, California Department of Corrections and Rehabilitation inmate number BC7449.

1

Def. M. Valdez' Request for Prod. Docs. Set One   (1:24-cv-04771-RMI)

2.  The use of the singular tense includes the plural, and vice versa.

3.  "Any" and "each" both mean "all."

4.  The terms "concerning," "pertaining," "regarding," or "relating to" shall be construed in the broadest possible sense and shall mean without limitation comprising, constituting, in connection with, reflecting, respecting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, or evaluating.

5.  "Document" or "documents" encompasses all documents, things, property, and/or electronic materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure. The terms "document" or "documents" include, but are not limited to, notes, "kites," rough drafts, memoranda, letters, research materials, correspondence, logs, diaries, journals, forms, diagrams, drawings, computer files, records, data, print-outs, reports, statistical computations, studies, graphs, pictures, photographs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied, or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, recorded matter, or tangible things on which words, phrases, symbols, or information are recorded.

**INSTRUCTIONS**

1.  In answering these requests for production, you must provide all available documents or things in your possession, custody, or control, regardless of the physical location of the documents or things.

2.  These requests for production are continuing in nature. If you discover additional responsive documents at any time, you are required to supplement your responses to these requests for production under Federal Rule of Civil Procedure 26(e).

3.  If you object to producing any document on the ground of privilege, immunity, work product, or otherwise, please provide a written statement in which you identify the specific ground on which your objection is based and the document objected to by providing its date, author, recipient, a general description of the document's subject matter, and the reason why the document is protected.

2

Def. M. Valdez' Request for Prod. Docs. Set One   (1:24-cv-04771-RMI)

1  **REQUEST FOR PRODUCTION NO. 1:**

2  All documents relating to "Exhibit A" you referenced during your deposition. Attached as
3  Exhibit 1 is the corresponding excerpt from the transcript of your deposition, taken on May 8,
4  2025.

5  **REQUEST FOR PRODUCTION NO. 2:**

6  All documents relating to "Exhibit B" you referenced during your deposition. Attached as
7  Exhibit 1 is the corresponding excerpt from the transcript of your deposition, taken on May 8,
8  2025.

9  **REQUEST FOR PRODUCTION NO. 3:**

10  All documents relating to "Exhibit C" you referenced during your deposition. Attached as
11  Exhibit 1 is the corresponding excerpt from the transcript of your deposition, taken on May 8,
12  2025.

14  Dated: May 19, 2025                    Respectfully submitted,

15                                         ROB BONTA
                                           Attorney General of California
16                                         WILLIAM C. KWONG
                                           Supervising Deputy Attorney General
17                                         M. MAKIKO O'BRYAN
                                           Deputy Attorney General

19                                         */s/ Nasstaran Ruhparwar*
                                           NASSTARAN RUHPARWAR
20                                         Deputy Attorney General
                                           *Attorneys for Defendant M. Valdez*

22  SF2024402768
    44619701.docx

3

Def. M. Valdez' Request for Prod. Docs. Set One   (1:24-cv-04771-RMI)

# EXHIBIT 1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                        EUREKA DIVISION

 4                           --o0o--
   _____
 5                              )
   KEFVON JEROME CAMP,          ) VOLUME 1 OF 1
 6                              )
        Plaintiff,              ) Pages 1 - 77
 7                              )
        vs.                     ) Case No. 1:24-CV-04771-RMI
 8                              )
   R. RODRIGUEZ, et al.,        )
 9                              )
        Defendants.             )
10 _____)
                                ) Deposition Via Videoconference
11 And Related Actions.         )
   _____)
12                              )
                                )
13                              )
                                )
14

15            DEPOSITION VIA VIDEOCONFERENCE OF

16                     KEFVON JEROME CAMP

17

18
                      Thursday, May 8, 2025
19

20

21                       Reported By:

22           Naomi S. Alvarez, CSR #13007

23

24

25
```



1  and the screening.  You have to get that down packed.
2      Q.   Did Mr. Osuna tell you to read specific cases
3  or did he just generally say --
4      A.   He told me to find cases similar to mine.  He
5  never gave me an exact one.  He just would say you have
6  to do the work yourself.  Go in there and find a case
7  that is similar to yours and study it.
8      Q.   What did Mr. Osuna say about the deposition?
9      A.   Well, the deposition, he wanted to go over it
10 with me.  And I'm not going to lie.  I kept being lazy
11 about it.  I woke up this morning not even realizing
12 today was the 8th.  That is why I didn't really
13 prepare.  He wanted to go over it with me so I could
14 come in here and have something proper to present.  I
15 kind of slacked off on it.
16     Q.   You're good.  We just want to know and get an
17 understanding of your version of the events and ask you
18 some questions.  There's really no preparation that you
19 should be doing or really needing to be doing.
20          Did you bring any documents to your deposition
21 today?
22     A.   I have documents that I would like to present
23 as Exhibits A, B, C and D, but I don't have them with
24 me.  I didn't know it was this court date.
25     Q.   No worries.



1           Could you tell me what you plan to bring as
2    Exhibit A?
3       A.   Exhibit A would be the original 115 that I was
4    issued from Sergeant Rodriguez.  On that 115 it's me
5    and six other individuals.  I was the only one out of
6    the six to be found guilty.  Everyone else was found
7    not guilty.  I would like to present that as Exhibit A.
8           Exhibit B would be the 602 that I wrote that
9    was granted.  It was denied at the first level.  When
10   it was sent to Sacramento, they granted it.  They said
11   yes, I should have never got that 115 for the simple
12   fact that the video said it wasn't me in there and
13   everybody else was found not guilty.
14          Exhibit C would be the paper I got from the
15   OIA, which overturned it saying, oh, no, you should
16   have been found guilty after I entered in this lawsuit.
17   At first, they granted it saying yes, you should have
18   never got that 115.  After I entered this lawsuit, the
19   very next day, I got one saying, oh, no, we are going
20   to leave it the same.  You should have been found
21   guilty.  I want to enter all that in.
22          Exhibit D would be the video, if we could get
23   the video footage showing that it's not me on the video
24   that was refusing to go back in from yard.
25       Q.   I understand.  Thank you for describing those.



## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *Kefvon J. Camp (BC7449) v. R. Rodriguez, et al.*
No.:        1:24-cv-04771-RMI

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On May 19, 2025, I served the attached:

**DEFENDANT M. VALDEZ' REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF KEFVON JEROME CAMP, SET ONE (with Exhibit 1)**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Kefvon Jerome Camp, BC7449**
**California State Prison - Corcoran**
**P.O. Box 3476**
**Corcoran, CA 93212**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 19, 2025, at San Francisco, California.

| H. Su | *[signature]* |
|---|---|
| Declarant | Signature |

SF2024402768
44630711.docx