1   ROB BONTA
    Attorney General of California
2   WILLIAM C. KWONG
    Supervising Deputy Attorney General
3   NASSTARAN RUHPARWAR, State Bar No. 263293
    M. MAKIKO O'BRYAN, State Bar No. 356803
4   Deputy Attorneys General
      455 Golden Gate Avenue, Suite 11000
5     San Francisco, CA  94102-7004
      Telephone:  (415) 510-4435
6     Fax:  (415) 703-5843
      E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
7   *Attorneys for Defendant*
    *M. Valdez*

8                   IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            EUREKA DIVISION

11

12

13   **KEFVON JEROME CAMP,**                    1:24-cv-04771-RMI

14                              Plaintiff,       **MEMORANDUM OF POINTS AND
                                                 AUTHORITIES IN SUPPORT OF
15         v.                                    DEFENDANT'S MOTION FOR
                                                 SUMMARY JUDGMENT**
16
     **R. RODRIGUEZ, et al.,**                   Judge:      The Honorable Robert M. Illman
17                                               Trial Date: Not set
                              Defendants.        Action Filed: August 6, 2024
18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**Page**

3    Introduction ............................................................................................................... 1

4    Statement of the Case ............................................................................................... 1

        I.       RVR Hearing in February 2024 .......................................................... 1
5
        II.      Plaintiff's Grievance ........................................................................... 3
6
     Issues Presented ........................................................................................................ 5
7
     Legal Standard ........................................................................................................... 6

8    Argument ..................................................................................................................... 7

        I.       Plaintiff's Due Process-Claim Fails as a Matter of Law Because His Claim
9                 is *Heck*-Barred .................................................................................... 7

10      II.      Plaintiff's Due Process Claim Fails as a Matter of Law Because He
                  Received The Requisite Due Process................................................... 9
11
                 A.      The RVR Hearing Complied With *Wolff* Requirements.......................... 9
12
                 B.      Pursuant to *Hill*, Defendant's Decision to Find Plaintiff Guilty Of
                         Violating Prison Rules Was Supported By Evidence. ............................ 10
13
                 C.      The Office of Appeals Granted Plaintiff's Grievance Solely
14                        Because Deficiencies in Salinas Valley's Initial Review of
                          Plaintiff's Claim, Not Because Defendant Violated CDCR's
                          Policies and Procedures................................................................. 11
15
        III.     Defendant is Entitled to Qualified Immunity........................................ 12
16
     Conclusion ................................................................................................................ 13

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

CASES

*Addisu v. Fred Meyer, Inc.*
    198 F.3d 1130 (9th Cir. 2000) ........................................................................ 6

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242 (1986) ........................................................................................ 6

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011) ...................................................................................... 12

*Ballentine v. Tucker*
    28 F.4th 54 (9th Cir. 2022) ........................................................................... 13

*Berg v. Kincheloe*
    794 F.2d 457 (9th Cir. 1986) .......................................................................... 6

*Cato v. Rushen*
    824 F.2d 703 (9th Cir.1987) .................................................................... 10, 11

*Celotex Corp. v. Catrett*
    477 U.S. 317 (1986) ........................................................................................ 6

*Edwards v. Balisok*
    520 U.S. 641 (1997) ..................................................................................... 7, 8

*Hansen v. United States*
    7 F.3d 137 (9th Cir. 1993) .............................................................................. 6

*Hebrard v. Nofziger*
    90 F.4th 1000 (9th Cir. 2024) ......................................................................... 8

*Heck v. Humphrey*
    512 U.S. 477 (1994) ................................................................................ 1, 7, 8

*Lal v. California*
    746 F.3d 1112 (9th Cir. 2014) ...................................................................... 12

*Longoria v. Pinal Cnty.*
    873 F.3d 699 (9th Cir. 2017) ........................................................................ 12

*Pearson v. Callahan*
    555 U.S. 223 (2009) ...................................................................................... 12

*Ponte v. Real*
    471 U.S. 491 (1985) ........................................................................................ 9

ii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Scott v. Harris*
    550 U.S. 372 (2007) ................................................................................... 6

*Smith v. Agdeppa*
    81 F.4th 994 (9th Cir. 2023) .................................................................. 12

*Spencer v. Pew*
    117 F.4th 1130 (9th Cir. 2024) ............................................................. 12

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*
    472 U.S. 445 (1985) ................................................................. 1, 10, 11, 13

*Triton Energy Corp. v. Square D Co.*
    68 F.3d 1216 (9th Cir. 1995) .................................................................... 6

*Wolff v. McDonnell*
    418 U.S. 539 (1974) ...................................................................... 1, 9, 10, 13

**STATUTES**

California Penal Code
    § 3041(a)(2) ............................................................................................... 8

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Fourteenth Amendment ........................................................................ 5, 7

**OTHER AUTHORITIES**

California Code of Regulations, Title 15
    § 3005(a) ................................................................................................ 3, 8
    § 3043(a) .................................................................................................... 8
    § 3315(d)(2)(A) .................................................................................... 2, 10

iii

**INTRODUCTION**

This is a section 1983 case.  Plaintiff Kefvon Jerome Camp (Plaintiff), an inmate incarcerated at a CDCR institution, alleges that Senior Hearing Officer Lieutenant Valdez (Defendant) violated his Due Process rights during a hearing pertaining to a Rules Violation Report (RVR) after which Defendant found Plaintiff guilty of delaying a peace officer in performance of his duties.

First, the undisputed facts establish that Plaintiff's Due Process claim is barred under *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), because entering judgment in Plaintiff's favor would necessarily invalidate the duration of Plaintiff's confinement.  Second, Plaintiff's claim fails because the undisputed facts show that the Due Process requirements under *Wolff v. McDonnell*, 418 U.S. 539 (1974) are met.  In addition, in compliance with *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985), Defendant's decision to find Plaintiff guilty was supported by evidence because Plaintiff pled guilty.  Additionally, the description of the incident in the RVR supported Defendant's finding.  As to the footage of the body warn camera, Plaintiff admitted that the footage did not display him.  No other footage was available to Defendant.

Moreover, there is no clearly establish law that a Senior Hearing Officer violates an incarcerated person's Due Process rights if he fails to inquire about the availability of additional footage under the instant circumstances. Therefore, Defendant is entitled to qualified immunity.

Consequently, the undisputed facts establish that Plaintiff's Due Process claim fails and summary judgment should be entered in favor of Defendant.

**STATEMENT OF THE CASE**

**I.      RVR HEARING IN FEBRUARY 2024**

In January and February 2024, Plaintiff was incarcerated at Salinas Valley State Prison (Salinas Valley).  (Declaration of Nasstaran Ruhparwar, concurrently filed herewith (Ruhparwar Decl.), at ¶ 2, Ex. A, at 16:11-14; 35:12-15).

On January 27, 2024, Plaintiff received an RVR from Sergeant Rodriguez De La Paz for delaying a peace offer in performance of his duties pertaining to an incident that occurred on

1

Salinas Valley's yard.  (*Id.*, at 16:16-18, 17:6-12; Declaration of Defendant Valdez, concurrently

filed herewith (Valdez Decl.), at ¶ 8, Ex. A.)  In the RVR, Sergeant De La Paz Rodriguez wrote

> "During yard recall Inmate Camp (BC7449 Z9-114) was refusing to back
> to his cell from yard. Inmate Camp said, 'I am not going in.  I gave inmate
> Camp a direct order to go back to his cell. Inmate Camp did not comply he
> refused to come to the food port and be placed in handcuffs. I informed
> Inmate Camp that he would be receiving a Rules Violation Report (RVR)
> 115 for the violation of 3005(a)-[01]-Delaying a peace officer in the
> performance of their duty's [sic]. Z9 yard was stopped for approximately 2
> hours due to him taking the Z9 yard hostage."

(Valdez Decl., at ¶ 8, Ex. A.)

On January 31, 2024, Plaintiff was served with the RVR.  (Valdez Decl., at ¶¶ 9-10, Ex. B,

p. 1; Ruhparwar Decl., at ¶ 2, Ex. A, at 16:19-17:5; 51:10-17.)  The RVR hearing took place on

February 24, 2024.  (*Id.*, at ¶ 10, Ex. B.)  Plaintiff was present for the hearing.  (*Id.*, at ¶ 11.)

There was no need to assign Plaintiff a Staff Assistant for the hearing pursuant to Cal. Cal. Code

Regs., Title 15, section 3315(d)(2)(A). (*Id.*, at ¶ 12.)  Plaintiff did not request staff assistance

during the hearing either.  (*Id.*)  Moreover, Plaintiff was competent to understand the charges and

prepare a defense.  (*Id.*, ¶ 10, Ex. B, at 1.)

Defendant explained to Plaintiff that he received an RVR for disobeying an order.

(Ruhparwar Decl., ¶ 2, Ex. A, at 24:24-25; Valdez Decl., at ¶ 7.)   There was no need to assign

Plaintiff a Staff Assistant for the hearing pursuant to Cal. Code Regs., Title 15, section

3315(d)(2)(A).  (*Id.*, at ¶ 12.)  Plaintiff did not request staff assistance during the hearing either.

(*Id.*)

Plaintiff pled guilty at the beginning of the RVR hearing.  (*Id.*, at ¶ 13.)  Defendant

reviewed the Program Sergeant's Body Worn Camera (BWC) footage from January 27, 2024.

(Valdez Decl., at ¶ 14.)  Plaintiff reviewed the footage on January 31, 2024, and at the RVR

hearing, too.  (Ruhparwar Decl., ¶ 2, Ex. A, at 17:20-18:1, 18:24-21:8.)  However, the footage did

not display Plaintiff on video.  (Valdez Decl., at ¶ 13.)  It did not display the small enclosed yards

where the incident underlying Plaintiff's RVR either.  (*Id.*)  Instead, it depicted the enclosed yards

on the opposite side of the building.  (*Id.*)  Plaintiff conceded the foregoing during his deposition.

2

Mem. P. & A. ISO Def.'s Mot. Summ. J. (1:24-cv-04771-RMI)

1  (Ruhparwar Decl., at ¶ 2, Ex. A, at 17:20-18:1, 18:24-21:8; 44:24-45:4.)  Accordingly, Defendant

2  did not take the video footage that was available to him into account for finding Plaintiff guilty.

3  (Valdez Decl., at ¶ 10, Ex. B, p. 5, ¶ 14.)  And there was no other footage available. (Declaration

4  of C. Ramos, concurrently filed herewith (Ramos Decl.), at ¶ 14, Ex. B, p. 17.)

5      Furthermore, Plaintiff did not ask for any witnesses to be called.  (*Id.,* at ¶ 15.)  If he had

6  done so, in compliance with the policies and regulations, Defendant would have noted it in his

7  disciplinary hearing results, but the hearing results to not indicate that Plaintiff requested a

8  witness to be called.  (*Id.,* at ¶¶ 10, 15, Ex. B.)  In addition, Plaintiff did not provide evidence to

9  discredit Sergeant Rodriguez De La Paz's narrative in the RVR.  (*Id.,* at ¶ 16.)  He did not dispute

10  the footage of the Program Sergeant's above referenced BWC either.  (*Id.*)

11      Defendant then found Plaintiff guilty of possessing violating Cal. Code Regs., Title 15,

12  section 3005(a), "Delaying a Peace Officer in the Performance of Duties," based on a

13  preponderance of the evidence.  (*Id.,* at ¶ 18.)  As a result, Defendant issued a loss of 61 days of

14  good time credits.  (*Id.,* at ¶ 10, Ex. B, p. 5; Declaration of H. Aguilera, concurrently filed

15  herewith (Aguilera Decl.), at ¶ 5; Ruhparwar Decl., at ¶ 2, Ex. A, at 32:13-19; 33:10-11.)  The

16  credit loss was not overturned.  (Aguilera Decl., at ¶ 6;  Ruhparwar Decl., at ¶ 2, Ex. A, at 34:9-

17  10.)

18      Defendant considered Plaintiff's guilty plea and Sergeant Rodriguez de La Paz's narrative

19  in the RVR for his finding.  (Valdez Decl., at ¶ 10, Ex. B, p. 5, ¶ 18.)  As mentioned above,

20  Defendant did not take the BWC footage that was available to him into account for his finding

21  because did not display the small enclosed yards where the incident underlying Plaintiff's RVR

22  happened.  (Valdez Decl., at ¶ 14.)  Rather, as Plaintiff conceded, the footage showed the

23  enclosed yards on the opposite side of the building.  (*Id.*; Ruhparwar Decl., at ¶ 2, Ex. A, at

24  17:20-18:1, 18:24-21:8; 44:24-45:4.)

25  **II.   PLAINTIFF'S GRIEVANCE**

26      On March 18, 2024, Plaintiff submitted grievance log no. 000000534790.  (Ramos Decl., at

27  ¶ 9, Ex. A.)  In said grievance, Plaintiff alleged that Lieutenant Valdez incorrectly found him

28  guilty of delaying a peace officer because the Program Sergeant's BWC footage that was

3

Mem. P. & A. ISO Def.'s Mot. Summ. J. (1:24-cv-04771-RMI)

available and reviewed at the hearing did not display Plaintiff refusing to exit the yard. (*Id.*, at ¶ 10.)

On March 30, 2024, Salinas Valley's Office of Grievance (OOG) denied Plaintiff's grievance. (Ramos Decl., at ¶ 11.) Plaintiff then appealed Salinas Valley's OOG's denial to the Office of Appeals (OOA). (Ramos Decl., at ¶ 12.) On June 13, 2024, the OOA granted Plaintiff's grievance. (Ramos Decl., at ¶ 13.) However, it did not grant the grievance because Lieutenant Valdez violated California Department of Corrections and Rehabilitation's policies and procedures. (Ramos Decl., at ¶ 13.) Instead, the OOA granted Plaintiff's grievance based on deficiencies identified within Salinas Valley's initial review of the claim. (*Id.*) As a result, the OOA ordered Salinas Valley's OOG to open a new offender grievance tracking log number to address the deficiencies occurred in the initial review. (Ramos Decl., at ¶ 13.) Specifically, the OOA instructed Salinas Valley to address if the body-worn camera footage proved that Sergeant Rodriguez De La Paz falsified RVR log no. 7399674 and explain in the OOG's decision if Salinas Valley's corresponding conclusion changes the outcome of the hearing official's finding that appellate was guilty. (*Id.*, at ¶¶ 13, 15.)

Salinas Valley's OOG then opened new grievance tracking number, log no. 000000579644. (*Id.*, at ¶¶ 14-15, Ex. B.)

On or around August 9, 2024, a new review was completed per OOA instructions. (*Id.*, at ¶ 15.) A new supervisor, Lieutenant Thich, conducted the review and interviewed Defendant. (*Id.*, at ¶ 14, Ex. B, p. 18, ¶ 15.)

In compliance with the OOA's above instructions, Associate Warden Pennisi reviewed and approved the following findings:

> Audio Video Surveillance System (AVSS) of Body Worn Camera (BWC) Z Program Sgt ASU 280371 on 01/27/2024 between the period 11:58 hour and 12:01 hour was conducted. The BWC footage does not display Camp on video. Upon review, reporting employee noted the time of rule violation was at 1140 hour. The incorrect time frames were requested for Camp's RVR# 7399674 - Delaying a Peace Officer in the Performance of Duties. No other footage of 01/27/2024 is available for review. Senior Hearing Officer (SHO) did note during hearing the AVSS being available, but AVSS was not impactful and audio/video evidence was not relied upon to determine the finding in this case. SHO also

4

Mem. P. & A. ISO Def.'s Mot. Summ. J. (1:24-cv-04771-RMI)

1
2
3
4
5
6

annotated in the Evidence section, "3. Review of Sergeant De Le Paz' Body Worn Camera (BWC) footage on 01/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell." Sergeant Rodriguez De La Paz was interviewed regarding Camp's RVR# 7399674. Sergeant Rodriguez De La Paz confirmed that Camp was given a direct order to return to his cell from the yard module. Camp refused to comply with his orders to come to the food port and placed in handcuffs. Camp remained in the yard module for approximately 2 hours taking Z9 yard hostage. Sergeant Rodriguez De La Paz confirmed the time of violation was approximately 1140 hours and not between 11:58-1201 hour.

7

(*Id.,* at ¶¶ 14-15, Ex. B, p. 17.)

8

## ISSUES PRESENTED

9
10
11
12
13
14

1.    If a section 1983 claim by an inmate seeks a judicial determination necessarily implying that the duration of the state's confinement is unlawful, the claim must be dismissed under the doctrine known as the *Heck*-bar.  Here, Plaintiff lost 61 days of good-time credit because he was found guilty of conspiring to possess a cell phone at his RVR hearing, affecting the duration of his confinement.  Is Defendant entitled to dismissal of Plaintiff's claim under the *Heck*-bar?

15
16
17
18
19
20
21
22

2.    In prison disciplinary proceedings, the Fourteenth Amendment's Due Process clause requires prison officials to provide inmates: (1) written notice of the charges; (2) at least 24 hours before a hearing is held; (3) a written statement of the evidence and reasons supporting the disciplinary finding; (4) the inmate's right to call witnesses and present documentary evidence, provided this is not "unduly hazardous" to prison safety and goals; and (5) an assistant if the inmate is otherwise unable to collect and present evidence.  Here, Plaintiff was afforded a full disciplinary hearing conducted by Defendant and did not request that a witness be called.  Is Defendant entitled to summary judgement on Plaintiff's Due Process claim?

23
24
25
26
27

3.    Government officials are entitled to qualified immunity if their actions did not violate a constitutional right, or if it would have been clear to a reasonable officer or official that the alleged conduct was unlawful.  Here, Defendant did not violate Plaintiff's constitutional rights, and it would not have been clear to reasonable officials in Defendant's position that their alleged actions were unlawful.  Is Defendant entitled to qualified immunity?

28

5

Mem. P. & A. ISO Def.'s Mot. Summ. J. (1:24-cv-04771-RMI)

**LEGAL STANDARD**

Summary judgment is appropriate if, reviewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). To prevent the entry of summary judgment, Plaintiff must present competent evidence showing that there are genuine issues of material fact whether Defendant violated his rights. *Id*. In doing so, Plaintiff cannot rest solely on conclusory allegations (*id.*), but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A fact is material only if it affects the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the non moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

Additionally, not every factual dispute will defeat a motion for summary judgment. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380, (2007); *see also Celotex Corp. v. Caltrett*, 477 U.S. 317, 322, (1986) (summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable ... does not present a genuine issue of material fact" but rather there "must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion."); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the non-moving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").

//

//

6

**ARGUMENT**

I.    **PLAINTIFF'S DUE PROCESS-CLAIM FAILS AS A MATTER OF LAW BECAUSE HIS CLAIM IS *HECK*-BARRED**

The Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 487 (1994) established a doctrine commonly referred to as the *Heck*-bar. *Heck* was a section 1983-case involving a Fourteenth Amendment Due Process-claim. The jury in *Heck* found plaintiff guilty of voluntary manslaughter. Subsequently, plaintiff sued various defendants, including the prosecutors, alleging that defendants had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to plaintiff's arrest and "knowingly destroyed" evidence "which was exculpatory in nature and could have proved [petitioner's] innocence." *Id.,* at 479.

The Supreme Court held that to prevent a dismissal of his cause of action, a plaintiff, whose section 1983 claim arose from "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid," needed to prove that he had first overturned his conviction or sentence in another proceeding. *Id.* at 486–87. The requirement that a criminal defendant first obtain a favorable termination of his conviction before filing a malicious prosecution claim ensured that he could not collaterally "challeng[e] the validity of [an] outstanding criminal judgment[ ]" via a "civil tort action[ ]." *Id.* at 486.

The Supreme Court later extended the application of *Heck* to the prison context in *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997). The prisoner in *Edwards* filed a section 1983 cause of action claiming that his prison disciplinary conviction violated his Fourteenth Amendment due process rights because he was "denied the opportunity to put on a defense" or "to present [ ] extant exculpatory evidence." *Id.*, at 643, 646–47. He was found guilty of violating four prison rules and was sentenced losing 30 days of earned time that would have shortened his sentence. The prisoner in *Edwards* alleged a claim for violation of Due Process rights and requested "compensatory and punitive damages for use of the unconstitutional procedures." *Id.* Notably, plaintiff had attempted to avoid challenging the duration of his confinement in the case by amending his complaint so as not to request restoration of the lost credits. However, despite the plaintiff's express attempt to avoid challenging the duration of his

7

confinement in his complaint, the *Edwards* Court held that *Heck* barred his due process challenge to his disciplinary conviction. *Id.*, at 646. Namely, because "[t]he principal procedural defect complained of by [the prisoner] would," if proven, demonstrate the unconstitutionality of the procedures used at his disciplinary hearing, it would "necessarily imply the invalidity of the deprivation of his [earned]-time credits." *Id.*, at 646, 117 S.Ct. 1584. Thus, after *Edwards*, *Heck* applies to a prisoner's due process challenge to his disciplinary conviction that claims the "conviction was wrongful," even if he "does not seek damages directly attributable to [his] ... confinement." *Id.* (quoting *Heck*, 512 U.S. at 486 n.6). *See also Hebrard v. Nofziger*, 90 F.4th 1000, 1010 (9th Cir. 2024) ("So long as the claim 'indirectly [seeks] a judicial determination that necessarily implies the unlawfulness of the [duration of the] State's custody,' *Heck* and *Edwards* require his § 1983 cause of action to be dismissed—'only habeas corpus (or similar state) remedies' can be used to obtain such a ruling.")

Plaintiff's claim is materially similar to the claim in *Edwards*, which was found to be barred by *Heck*. Plaintiff's RVR hearing resulted in a finding that Plaintiff was guilty of delaying a peace officer in the performance of duties in violation of Cal. Code Regs., Title 15, section 3005(a). (Valdez Decl., at ¶¶ 8, 18, Ex. A.) That resulted in a loss of good-time credits of 61 days. (*Id.,* at ¶ 10; Aguilera Decl., at ¶ 5; Ruhparwar Decl., at ¶ 2, Ex. A, at 32:13-19; 33:10-11.) The loss of good-time credits has not been invalidated. (Aguilera Decl., at ¶ 6; Ruhparwar Decl., at ¶ 2, Ex. A, at 34:9-10.)

Under Cal. Code Regs., Title 15, section 3043(a), the loss of 61 days of credit extends the period of confinement for a parole-eligible inmate by advancing the initial parole hearing date pursuant to Cal. Pen. Code section 3041(a)(2). Accordingly, losing 61 days good-time credit directly impacted the length of Plaintiff's sentence.

Consequently, because Plaintiff seeks a judicial determination that would necessarily impact the duration of his confinement, the *Heck*-bar applies and Plaintiff's claim should be dismissed.

//

//

**II.    PLAINTIFF'S DUE PROCESS CLAIM FAILS AS A MATTER OF LAW BECAUSE HE RECEIVED THE REQUISITE DUE PROCESS**

**A.    The RVR Hearing Complied With *Wolff* Requirements**

Defendant is entitled to summary judgment if the undisputed facts establish that the Due Process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974) have been met.

Pursuant to *Wolff,* the five Due Process requirements for RVR hearings are: (1) written notice of the charges; (2) at least 24 hours before a hearing is held; (3) a written statement of the evidence and reasons supporting the disciplinary finding; (4) the inmate's right to call witnesses and present documentary evidence, provided this is not "unduly hazardous" to prison safety and goals; and (5) an assistant if the inmate is otherwise unable to collect and present evidence. *Id*, at 564-570.

As to the fourth requirement, *Wolff* recognized only a qualified right to call witnesses, concluding that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id,* at 566.  A prison disciplinary hearing officer's decision that an inmate's request to call witnesses may properly be denied as irrelevant, unnecessary, unduly prolonging the hearing, or jeopardizing of prison safety, is entitled to deference from the Court:

> We should not be too ready to exercise oversight and put aside the judgment of prison administrators. It may be that an individual threatened with serious sanctions would normally be entitled to present witnesses and relevant documentary evidence; but here we must balance the inmate's interest in avoiding loss of good time against the needs of the prison, and some amount of flexibility and accommodation is required. ***Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may*** create a risk of reprisal or ***undermine authority*** […].

*Id.* (emphasis added)*; see also Ponte v. Real,* 471 U.S. 491, 497–98 (1985).

Here, the undisputed facts establish that the above requirements were fulfilled:

(1)  Plaintiff received written notice of the RVR charging him with delaying a peace officer in the performance of duties (Valdez Decl.*,* at ¶¶ 9-10, Ex. B, p. 1; Ruhparwar Decl., at ¶ 2, Ex.

1    A, at 16:19-17:5; 51:10-17);

2        (2)  Plaintiff received the notice on January 31, 2024 – almost one month before the

3    hearing, which bar far exceed the required notice period of at least 24 hours between the time the

4    prisoner receives written notice and the time of the hearing (Valdez Decl., at ¶¶ 9-10, Ex. B, p.

5    1.);

6        (3)  Defendant summarized in writing what evidence he relied on in finding Plaintiff of

7    guilty of delaying a peace officer and the reasons for taking disciplinary against Plaintiff  (*id*., ¶

8    10, Ex. B, pp. 4-5.);

9        (4)  Plaintiff was given the opportunity to call witnesses and present documentary evidence

10   in his defense (*Id.,* at ¶ 15); and

11       (5)  There was no need to assign Plaintiff a Staff Assistant for the hearing pursuant to Cal.

12   Cal. Code Regs., Title 15, section 3315(d)(2)(A). (*Id.,* at ¶ 12.)  Plaintiff did not request staff

13   assistance during the hearing either.  (*Id.*)  Moreover, Plaintiff was competent to understand the

14   charges and prepare a defense.  (*Id.,* ¶ 10, Ex. B, at 1.).

15       Based on the foregoing, the undisputed facts establish that the five minimum *Wolff*

16   requirements have been satisfied.

17       **B.    Pursuant to *Hill*, Defendant's Decision to Find Plaintiff Guilty Of Violating**
         **Prison Rules Was Supported By Evidence.**
18

19       In addition, the Supreme Court held that when good time credits are revoked, Due Process

20   requires that the decision of the factfinder be supported by some evidence in the record.  *See*

21   *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985).

22       But as the Ninth Circuit has note, the *"Hill* standard is minimally stringent."  *Cato v.*

23   *Rushen,* 824 F.2d 703, 705 (9th Cir.1987) (noting that, although it characterized the evidence

24   in *Hill* as "meager," the Supreme Court went on to find that the record was "not so devoid of

25   evidence that the findings of the disciplinary board were without support or otherwise arbitrary").

26       Here, Defendant's finding that Plaintiff was guilty of delaying a peace officer was

27   supported by evidence in the record.  In the Disciplinary Hearing Results, Defendant wrote that

28   the following evidence supported his findings:

                                        10

1.    The narrative in Sergeant Rodriguez De La Paz Rodriguez's RVR; and

2.    Plaintiff's guilty plea.

(Valdez Decl., ¶ 10. Ex. B, p. 5; ¶ 18.)

The BWC footage that was available to Defendant did not display Plaintiff on video. (*Id*., at ¶ 13.) It did not display the small enclosed yards where the incident underlying Plaintiff's RVR either. (*Id.*) Instead, it depicted the enclosed yards on the opposite side of the building. (*Id.*) There was no other footage available. (Ramos Decl., at ¶¶ 14-15, Ex. B, p. 17.)

Plaintiff had an opportunity to view the footage prior to the hearing and admitted that the footage did not show him or the enclosed yards where the incident underlying Plaintiff's RVR. (Ruhparwar Decl., at ¶ 2, Ex. A, at 17:20-18:1, 18:24-21:8; 44:24-45:4.) Instead, it depicted the enclosed yards on the opposite side of the building. (*Id.*, at 20:12-21:21; Valdez Decl., at ¶ 14.) Therefore, Defendant did not take the video footage into account for finding Plaintiff guilty. (Valdez Decl., at ¶ 10, Ex. B, p. 5, ¶ 14.)

Because Defendant's finding that Plaintiff was guilty of delaying a peace was supported by evidence, the standard under *Hill* is met and the findings are not "without support or otherwise arbitrary." *Cato, supra,* at 705. .

**C.    The Office of Appeals Granted Plaintiff's Grievance Solely Because Deficiencies in Salinas Valley's Initial Review of Plaintiff's Claim, Not Because Defendant Violated CDCR's Policies and Procedures**

On June 13, 2024, the OOA granted Plaintiff's grievance. (Ramos Decl*.,* at ¶ 13.)

It appears that Plaintiff believes that the OOA's decision establishes that Defendant violated his Due Process rights. Plaintiff, however, misunderstands the reason behind OOA 's decision. The OOA did not grant Plaintiff's grievance because Defendant violated California Department of Corrections and Rehabilitation's policies and procedures (Ramos Decl*.,* at ¶ 13), let alone Plaintiff's Due Process rights. Instead, the OOA granted Plaintiff's grievance based on deficiencies identified within Salinas Valley's initial review of the claim. (*Id.*) As a result, the OOA ordered Salinas Valley's OOG to open a new offender grievance tracking log number to address whether body-worn camera footage proved that the reporting employee falsified the RVR. (Ramos Decl*.,* at ¶ 13.) Salinas Valley's OOG then opened new grievance tracking

11

Mem. P. & A. ISO Def.'s Mot. Summ. J. (1:24-cv-04771-RMI)

1    number, log no. 000000579644, completed a new inquiry per the OOA's instructions, and issued

2    a new denial that specifically addressed if the body-worn camera footage proved that the

3    reporting employee falsified RVR log no. 7399674. (*Id.*, at ¶¶ 14, 15, Ex. B.)

4        Therefore, Plaintiff's argument that the OOA's decision proves that Defendant violated his

5    Due Process rights is wrong.

6    **III.    DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY**

7        Qualified immunity shields Defendant from liability. "The doctrine of qualified immunity

8    protects government officials from liability for civil damages insofar as their conduct does not

9    violate clearly established statutory or constitutional rights of which a reasonable person would

10    have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Qualified immunity exists to

11    shield an officer from liability for 'mere mistakes in judgment, whether the mistake is one of fact

12    or one of law.'" *Longoria v. Pinal Cnty.*, 873 F.3d 699, 704 (9th Cir. 2017) (quoting *Butz v.*

13    *Economou*, 438 U.S. 478, 507 (1978)).

14        In determining whether an officer is entitled to qualified immunity, courts consider whether

15    (1) there has been a violation of a constitutional right and (2) that right was clearly established at

16    the time of the officer's alleged misconduct. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir.

17    2014) (citing *Pearson*). Plaintiff bears the burden to show that both prongs are fulfilled. *Spencer*

18    *v. Pew*, 117 F.4th 1130, 1137 (9th Cir. 2024); *see also Smith v. Agdeppa*, 81 F.4th 994, 1004 (9th

19    Cir. 2023), *cert. denied*, 145 S. Ct. 264 (2024) fn. 4 ("But the burden is not on the officers to

20    prove they fit perfectly within the facts of a case granting qualified immunity; the burden is on the

21    plaintiff to show a violation of a clearly established right in the specific circumstances at issue.")

22        A government official's conduct violates clearly established law when, at the time of the

23    challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable

24    official would [have understood] that what he is doing violates that right." *Ashcroft v. al-Kidd*,

25    563 U.S. 731, 741 (2011) (alteration in original) (quoting *Anderson v. Creighton*, 483 U.S. 635,

26    640 (1987)). No case directly on point is necessary; only existing precedent must have placed the

27    statutory or constitutional question beyond debate. *Id.* (citations omitted). For this inquiry, only

28

1    binding precedent is relevant. *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (citing *Boyd*

2    *v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004)).

3           Under the first prong of the analysis, Defendant is entitled to qualified immunity because

4    no constitutional violation occurred.

5           As to the second prong, to Defendant's knowledge, there is no clearly establish law that a

6    Senior Hearing Officer violates an incarcerated person's Due Process rights if he fails to inquire

7    about the availability of additional footage under the instant circumstances.  Thus, reasonable

8    prison staff would not have been aware that Defendant's conduct constituted a constitutional

9    violation.  Defendant is therefore entitled to qualified immunity.

10                                    **CONCLUSION**

11          Based on the above, the undisputed facts establish that Plaintiff's Due Process claim is

12   *Heck*-barred.  In addition, Plaintiff's RVR hearing led by Defendant met the Due Process

13   requirements set forth in *Wolff* and *Hill.*

14          Therefore, summary judgment should be issued in Defendant's favor.

15   Dated:  July 30, 2025                        Respectfully submitted,

16                                                ROB BONTA
                                                  Attorney General of California
17                                                WILLIAM C. KWONG
                                                  Supervising Deputy Attorney General
18                                                M. MAKIKO O'BRYAN
                                                  Deputy Attorney General
19

20

21                                                */s/ Nasstaran Ruhparwar*
                                                  NASSTARAN RUHPARWAR
22                                                Deputy Attorney General
                                                  *Attorneys for Defendant*
23                                                *M. Valdez*

     SF2024402768
24

25

26

27

28

                                          13