

1  ROB BONTA
   Attorney General of California
2  WILLIAM C. KWONG
   Supervising Deputy Attorney General
3  NASSTARAN RUHPARWAR, State Bar No. 263293
   M. MAKIKO O'BRYAN, State Bar No. 356803
4  Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-4435
6    Fax:  (415) 703-5843
     E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
7  *Attorneys for Defendant*
   *M. Valdez*
8

9                 IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                          EUREKA DIVISION

12

13  | | |
    |---|---|
    | **KEFVON JEROME CAMP,** | 1:24-cv-04771-RMI |
    | Plaintiff, | **DEFENDANT'S *RAND* NOTICE** |
    | v. | Judge:      The Honorable Robert M. Illman |
    | **R. RODRIGUEZ, et al.,** | Trial Date:  Not set |
    | Defendants. | Action Filed: August 6, 2024 |

20  **PLAINTIFF KEFVON JEROME CAMP, IN PRO SE:**

21  You are advised to read the following warning:

22                     ***RAND* WARNING**

23  Defendant has made a motion for summary judgment by which he seeks to have your case

24  dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil

25  Procedure will, if granted, end your case.

26  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

27  Generally, summary judgment must be granted when there is no genuine issue of material fact—

28  that is, if there is no real dispute about any fact that would affect the result of your case, the party

                                    1

1  who asked for summary judgment is entitled to judgment as a matter of law, which will end your
2  case.  When a party you are suing makes a motion for summary judgment that is properly
3  supported by declarations (or other sworn testimony), you cannot simply rely on what your
4  complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to
5  interrogatories, or authenticated documents, as provided in Rule [56(c)],[1] that contradict the facts
6  shown in the Defendant's declarations and documents and show that there is a genuine issue of
7  material fact for trial.  If you do not submit your own evidence in opposition, summary judgment,
8  if appropriate, may be entered against you.  If summary judgment is granted, your case will be
9  dismissed and there will be no trial.  In addition, please refer to the section titled "Notice –
10 Warning (Summary Judgment)" in ECF No. 9, at 7:1-17.

## **NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE REQUIREMENTS**

Aside from the *Rand* warning, you are advised to review the applicable local rules concerning opposing summary judgment.  In particular, Local Rule 7-3(a) instructs you to assert any evidentiary and procedural objections to Defendant's motion in your opposition brief or memorandum, not to exceed twenty-five pages.  Once Defendant files the reply, no additional memoranda, papers, or letters may be filed without prior court approval.  L.R. 7-3(d)(1).  Where Defendant submits new evidence in his reply, you may file and serve an Objection to Reply Evidence within ten days from the date Defendant served the reply by mail.  *See id*. (extending the seven-day deadline by three days in certain circumstances).  Your Objection may not exceed five pages of text, nor include further argument on the summary-judgment motion.  *Id*.

When opposing summary judgment, Local Rule 7-5(a) requires that factual contentions be supported by an affidavit or declaration and by appropriate references to the record.  Extracts from depositions, interrogatory answers, requests for admissions, and other evidentiary matters must be appropriately authenticated by an affidavit or declaration.  An affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Federal Rule of Civil Procedure 56(e), and must avoid conclusions and argument.  L.R. 7-5(b).  Any statement

---

[1] The substance of Rule 56(e) from the 1998 version, when *Rand* was decided, has been reorganized and renumbered with the current version of Rule 56(c).

1  made upon information or belief must specify the basis for that information or belief. *Id*. Local
2  Rule 7-5(b) warns that an affidavit or declaration not in compliance with this rule may be stricken
3  in whole or in part.

4  Dated: July 30, 2025                           Respectfully submitted,

   ROB BONTA
   Attorney General of California
   WILLIAM C. KWONG
   Supervising Deputy Attorney General
   M. MAKIKO O'BRYAN
   Deputy Attorney General


   */s/ Nasstaran Ruhparwar*
   NASSTARAN RUHPARWAR
   Deputy Attorney General
   *Attorneys for Defendant M. Valdez*

   SF2024402768