1  Rob Bonta
   Attorney General of California
2  William C. Kwong
   Supervising Deputy Attorney General
3  Nasstaran Ruhparwar, State Bar No. 263293
   M. Makiko O'Bryan, State Bar No. 356803
4  Deputy Attorneys General
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-4435
6   Fax:  (415) 703-5843
    E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
7  *Attorneys for Defendant*
   *M. Valdez*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **KEFVON JEROME CAMP,** | 1:24-cv-04771-RMI |
| Plaintiff, | **DECLARATION OF M. VALDEZ IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **R. RODRIGUEZ, et al.,** | Judge: The Honorable Robert M. Illman<br>Trial Date: Not set<br>Action Filed: August 6, 2024 |
| Defendants. | |

I, M. Valdez, declare:

1. I am a Correctional Lieutenant at Salinas Valley State Prison and Defendant in this case. I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.

2. I submit this declaration in support of Defendant's motion for summary judgment.

3. I started my career as a Correctional Officer with the California Department of Corrections and Rehabilitation (CDCR) in 1996 and have worked at Salinas Valley State Prison (Salinas Valley) since. In 2013, I promoted to Correctional Sergeant. In 2023, I promoted to Correctional Lieutenant.

1

Def.'s Decl. ISO Def.'s MSJ  (1:24-cv-04771-RMI)

1  4. Since July 2023, I have been working as a Correctional Lieutenant. Among other duties and responsibilities in that position, I serve as a Senior Hearing Officer and lead hearings on Rules Violation Reports (RVR).

5. As a Senior Hearing Officer, I adjudicate hearings for RVRs by inmates at Salinas Valley and ensured that all due process protocols were adhered to.

6. In the last two years, I served as a Senior Hearing Officer at approximately 100 RVR hearings.

7. During such hearings, it is my routine and practice to introduce myself, explain that I am conducting an RVR hearing, explain the charge, date, and time of the event at issue, and inform the incarcerated individual why they received an RVR. I then ask them how they plead. If they plead guilty, I ask if they want to make a statement. If they plead not guilty, I likewise ask if they want to make a statement, which gives them an opportunity dispute the RVR or offer evidence.

8. I was the Senior Hearing Officer for Plaintiff's RVR assigned to adjudicate Plaintiff's RVR log no. 7399674. Attached as **Exhibit A** is a true and correct copy of the RVR, issued by Sergeant Rodriguez De La Paz.

9. The RVR was served on Plaintiff on January 31, 2024.

10. The hearing took place on February 24, 2024. Attached as **Exhibit B** is a true and correct copy of the disciplinary hearing results.

11. Plaintiff was present for the hearing. He did not seem intoxicated.

12. There was no need to assign Plaintiff a Staff Assistant for the hearing pursuant to Cal. Cal. Code Regs., Title 15, section 3315(d)(2)(A). Plaintiff did not request staff assistance during the hearing either.

13. Plaintiff pled guilty at the beginning of the RVR hearing.

14. I reviewed the Z Program Sergeant's Body Worn Camera (BWC) footage from January 27, 2024. However, the footage did not display Camp on video. Instead, it depicted the small enclosed yards on the opposite side of the building. Therefore, I did not take the video footage into account for my below finding.

2

Def.'s Decl. ISO Def.'s MSJ (1:24-cv-04771-RMI)

15. Plaintiff did not ask for any witnesses to be called. If he had done so, in compliance with the policies and regulations, I would have noted it in my disciplinary hearing results.

16. Plaintiff did not provide evidence to discredit Sergeant Rodriguez De La Paz's narrative in the RVR.

17. He did not dispute the BWC footage during his hearing either.

18. I found Plaintiff guilty of possessing violating Cal. Code Regs., Title 15, section 3005(a), "Delaying a Peace Officer in the Performance of Duties," based on a preponderance of the evidence. I considered the following evidence:

    a. Plaintiff's guilty plea; and

    b. Sergeant Rodriguez De La Paz's narrative in the RVR.

I declare under penalty of perjury that I have read this document, and its contents are true and correct to the best of my knowledge.

Executed on this _2_ th day of July 2025, in Soledad, California.

M. VALDEZ

SF2024402768
44680983

3

Def.'s Decl. ISO Def.'s MSJ (1:24-cv-04771-RMI)

# Exhibit A

**CALIFORNIA DEPARTMENT of Corrections and Rehabilitation**

# RULES VIOLATION REPORT

| CDC NUMBER<br>BC7449 | INMATE'S NAME<br>CAMP, KEFVON J. | MEPD<br>02/27/2063 | FACILITY<br>SVSP-STRH | HOUSING LOCATION<br>SVSP-Z - Z 009 1 - 114001L |
|---|---|---|---|---|
| VIOLATION DATE<br>01/27/2024 | VIOLATION TIME<br>11:40:00 | VIOLATION LOCATION<br>SVSP-STRH - YARD | | WITH STG NEXUS<br>No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On January 27, 2024, at approximately 1140 hours, while conducting my duties as Z9 Seargeant. During yard recall Inmate Camp (BC7449 Z9-114) was refusing to back to his cell from yard. Inmate Camp said, "I am not going in". I gave inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs. I informed Inmate Camp that he would be receiving a Rules Violation Report (RVR) 115 for the violation of 3005(a)-[01]-Delaying a peace officer in the performance of their duty's. Z9 yard was stopped for approximately 2 hours due to him taking the Z9 yard hostage.

PERNR ▮▮▮▮▮▮
BWC#280371

| REPORTING EMPLOYEE<br>R. Rodriguez De La Paz | TITLE<br>SGT | ASSIGNMENT<br>Z9 | RDO<br>M/T | DATE:<br>01/27/2024 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007399674   VIOLATED RULE NUMBER:  3005(a)

SPECIFIC ACT:  Delaying a Peace Officer in the Performance of Duties

CLASSIFICATION

LEVEL:  Serious                                                              OFFENSE DIVISION:  Division D

REFERRED TO:  Senior Hearing Officer                      FELONY PROSECUTION LIKELY:  No

Classifying Official - Did the inmate's physical disability contribute to the alleged behavior detailed in the RVR?: No

| REVIEWING SUPERVISOR<br>T. Deslaurier Rixman | TITLE<br>Sgt | DATE<br>01/30/2024 |
|---|---|---|

| CLASSIFIED BY | TITLE | DATE |
|---|---|---|
| E. Beam | Captain (A) | 01/30/2024 |

CDCR SOMS ISST120 - RULES VIOLATION REPORT

| CLASSIFIED BY | TITLE | DATE |
|---|---|---|
| E. Beam | Captain (A) | 01/30/2024 |

# Exhibit B



# DISCIPLINARY HEARING RESULTS

| | | |
|---|---|---|
| Institution Name: Salinas Valley State Prison | Facility: SVSP-STRH | Log Number: 000000007399674 |
| Inmate Name: CAMP, KEFVON J. | CDC #: BC7449 | Bed Number: SVSP-Z - Z 009 1 - 114001L |
| Reading Level: 09.0 | MH LOC: CCCMS | DDP Status: NCF |

## DUE PROCESS

Rule Violation #: 3005(a)      Specific Act: Delaying a Peace Officer in the Performance of Duties

Level: Serious     Offense Division: Division D

Offense Occurrence: 1st Occurrence

Violation Date: 01/27/2024     Violation Time: 11:40:00

Hearing Date: 02/24/2024     Hearing Time: 11:54:00

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

### Actions Taken

| Date | Time | Type/Reason | Staff | Elapsed Days |
|---|---|---|---|---|
| 01/27/2024 | 15:16:38 | RVR Ready for Review by Supv. | R. Rodriguez De La Paz | 0 |
| 01/30/2024 | 17:26:54 | RVR Approved by Supervisor | T. Deslaurier Rixman | 3 |
| 01/30/2024 | 18:51:50 | RVR Classified | E. Beam | 3 |
| 01/31/2024 | 10:20:00 | Inmate Copy Served<br>Initial Rules Violation Report | J. Hargett | 4 |
| 02/02/2024 | 11:30:00 | Inmate Copy Served<br>Other | J. Hargett | 6 |

All Time Constraints Met?: Yes     SHO/HO DDP Certified?: N/A

**Due Process Additional Information:**

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

EXHIBIT 3

## DISABILITY

☐ Hearing  ☐ Vision  ☐ Mobility  ☐ Learning  ☐ Developmental/Cognitive  ☐ Other  ☑ None

Requires Accommodation? No

### DDP Specific Information

128-C2 Reviewed? Yes

Current DDP Status Date: 01/23/2008

Did the Reporting Employee document the use of Adaptation Support(s)? N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
|  |  |  |  |

| Victimization | Contribute | How | |
|---|---|---|---|
|  |  |  |  |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate documentation:

Clinical Staff determined Mental Health Symptoms contributed to behavior:

Clinical Staff determined Developmental Disability contributed to behavior:

Clinical Staff provided information when assessing the penalties:

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: No

Reason for assignment of Investigative Employee:

**Investigative Employee Additional Information:**

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
| | | | | | ☐ Information which, if known to inmates, would endanger the safety of person(s). <br> ☐ Information which, if known to inmates, would jeopardize the security of the institution. <br> ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. <br> ☐ Information provided and classified confidential by another governmental agency. <br> ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central file. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable | |
|---|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. <br> ☐ Other confidential sources have independently provided the same information. <br> ☐ The information provided by the confidential source is self-incriminating. <br> ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. | |

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ The confidential source is the victim.<br>☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee          ☐ Staff Assistant          ☐ Investigative Employee
☐ Other                       ☐ Inmate                   ☑ None

| Non-Inmate Witness(es) | | | |
|---|---|---|---|
| **Name** | **Rank** | **Type** | **Granted?** |
| | | | |

**Questions Asked**

| Inmate Witness(es) | | | |
|---|---|---|---|
| **CDC#** | **Name** | **Bed** | **Granted?** |
| | | | |

**Questions Asked**

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: Guilty

◉ Subject declined to make a statement
○ Subject made a statement

**Comments:**

## FINDINGS

Subject was found: Guilty as Charged based on a preponderance of evidence.
Lesser Included Charge:
Level:                                          Offense Division:
Offense Occurrence:

**Comments:**

The SHO notes the weight of Sergeant R. Rodriguez De La Paz' RVR 7399674, documenting Camp's refusal to return to his assigned cell from yard causing a delay in yard release and Camp's plea of guilty, outweigh the presumption of innocence.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Camp guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was not relied upon to determine the finding in this case.

**Comments:**

1. Review of RVR 7399674, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated. Inmate Camp said, "I am not going in". I gave inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs.

2. Camp's plea of guilty at the time of the hearing.

3. Review of Sergeant Rodriguez De Le Paz' Body Worn Camera (BWC) footage on 1/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Canteen Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Phone Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Sanction mitigation based on Camp's Mental Health Level of Care.

**Comments:**

Referred to Classification Committee  N/A

For ☐ RHU Term Assessment  ☐ Program Review  ☐ Un-Assignment  ☐ Substance Abuse Treatment

**Disposition Additional Information:**

## ENEMY CONCERNS

⦿ Not Applicable
◯ Subject states he/she does not have Enemy or Safety Concerns.
◯ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
◯ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?: No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments |
|---|---|---|
|  |  |  |

**Additional Information:**

## CREDIT RESTORATION

☑ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.
☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.
☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

| M. Valdez ✓ | TITLE: Lieutenant | DATE: 02/26/2024 |
|---|---|---|

## FINDINGS (BY CDO)

Subject was found: Guilty as Charged based on a preponderance of evidence.

Lesser Included Charge:

Level:                                              Offense Division:

Offense Occurrence:                                 CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Phone Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions      ☐ Reinstate Suspended Sanctions

**Comments:**

**Chief Disciplinary Officer**

**Comments:**

H. Aguilera ✓

TITLE: AW(A)
DATE: 03/08/2024

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS