1  ROB BONTA
   Attorney General of California
2  WILLIAM C. KWONG
   Supervising Deputy Attorney General
3  NASSTARAN RUHPARWAR, State Bar No. 263293
   M. MAKIKO O'BRYAN, State Bar No. 356803
4  Deputy Attorneys General
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA 94102-7004
    Telephone: (415) 510-4435
6   Fax: (415) 703-5843
    E-mail: Nasstaran.Ruhparwar@doj.ca.gov
7  *Attorneys for Defendant*
   *M. Valdez*

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    EUREKA DIVISION

12

13  **KEFVON JEROME CAMP,**                  1:24-cv-04771-RMI

14                          Plaintiff,       **DECLARATION OF C. RAMOS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
15         **v.**

16  **R. RODRIGUEZ, et al.,**                Judge:      The Honorable Robert M. Illman
                                             Trial Date:  Not set
17                          Defendants.      Action Filed: August 6, 2024

18

19

20     I, C. Ramos, declare:

21     1.     I am employed by the California Department of Corrections and Rehabilitation Office

22  of Grievances and work as the grievance coordinator at Salinas Valley State Prison (Salinas

23  Valley). I have held this position for approximately 3 years and therefore became familiar with

24  the offender grievance and appeal process for the Department.

25     2.     I am competent to testify to the matters set forth in this declaration and, if called upon

26  by this Court, would do so. I submit this declaration in support of Defendant's motion for

27  summary judgment.

28

1

1      3.     Salinas Valley keeps an electronic record of each offender's grievance. When a grievance is received by the Salinas Valley, it is assigned a log number and entered into a computer system. The following information is kept in the computer system and available in the Grievance/Appeal History Report; the offender's CDCR number, the offender's name, the grievance log number, the grievance issue, the date the grievance was received, the date the grievance is closed, and the final disposition of the grievance.

4.     I am familiar with the sections of Title 15 of the California Code of Regulations (CCR) that governed during the timeframe relevant to Plaintiff Kefvon Jerome Camp's grievance/appeal.

5.     I am familiar with the record keeping system at Salinas Valley and have access to Plaintiff's records.

6.     Lieutenant Valdez's counsel informed me that Plaintiff alleges a Due Process claim against Lieutenant Valdez pertaining to a hearing on Plaintiff's Rules Violation Report (RVR) log no. 7399674 that occurred on February 24, 2024.

7.     The underlying incident leading to the RVR occurred on January 27, 2024, on Salinas Valley's yard.  Sgt. Rodriguez De La Paz wrote Plaintiff up for delaying a peace officer in violation of C.C.R. Title 15 section 3005(a) because he refused to return to his cell from the yard.

8.     At the request of the Attorney General's Office, I located and reviewed all documents pertaining to Plaintiff's grievances log nos. 000000534790 and 000000579644.

9.     On March 18, 2024, Plaintiff submitted grievance log no. 000000534790.  Attached as **Exhibit A** are true and correct copies of all documents pertaining to Plaintiff's grievance log no. 000000534790.

10.     In said grievance, Plaintiff alleged that Lieutenant Valdez incorrectly found him guilty of delaying a peace officer because footage of a staff member's body worn camera showed that he did not refuse to exit the yard.

11.     On March 30, 2024, my office denied Plaintiff's grievance.

12.     Plaintiff then appealed my office's denial to the Office of Appeals (OOA).  On June 13, 2024, the OOA granted Plaintiff's grievance.  However, the OOA did not grant the grievance

2

Ramos Decl. ISO Def.'s MSJ  (1:24-cv-04771-RMI)

1    because Lieutenant Valdez violated California Department of Corrections and Rehabilitation's

2    policies and procedures. Instead, the OOA granted Plaintiff's grievance based on deficiencies

3    identified within the initial review of the claim.

4        13.   As a result, the OOA ordered my office to open a new offender grievance tracking log

5    number to address the aforementioned deficiencies. Specifically, to address whether body-worn

6    camera footage proved that the reporting employee falsified RVR log no. 7399674.

7        14.   My office then opened new grievance tracking number, log no. 000000579644.

8    Attached as **Exhibit B** are true and correct copies of all documents pertaining to Plaintiff's

9    grievance log no. 000000579644.

10        15.   On or around August 9, 2024, a new review was completed per OOA instructions. A

11    new supervisor, Lieutenant Thich conducted the review and determined to deny the claim. With

12    respect to the OOA's instructions to address if the body-worn camera footage proved that the

13    reporting employee falsified RVR log no. 7399674 and changes the outcome of the hearing

14    official's finding that appellate was guilty, Associate Warden Pennisi reviewed and approved the

15    findings below:

16        Audio Video Surveillance System (AVSS) of Body Worn Camera (BWC) Z
    Program Sgt ASU 280371 on 01/27/2024 between the period 11:58 hour and

17        12:01 hour was conducted. The BWC footage does not display Camp on
    video. Upon review, reporting employee noted the time of rule violation was

18        at 1140 hour. The incorrect time frames were requested for Camp's RVR#
    7399674 - Delaying a Peace Officer in the Performance of Duties. No other

19        footage of 01/27/2024 is available for review. Senior Hearing Officer (SHO)

20        did note during hearing the AVSS being available, but AVSS was not
    impactful and audio/video evidence was not relied upon to determine the

21        finding in this case. SHO also annotated in the Evidence section, "3. Review
    of Sergeant De Le Paz' Body Worn Camera (BWC) footage on 01/27/2024.

22        BWC footage did not show Camp refusing to exit the yard module and return
    to his cell." Sergeant Rodriguez De La Paz was interviewed regarding Camp's

23        RVR# 7399674. Sergeant Rodriguez De La Paz confirmed that Camp was

24        given a direct order to return to his cell from the yard module. Camp refused
    to comply with his orders to come to the food port and placed in handcuffs.

25        Camp remained in the yard module for approximately 2 hours taking Z9 yard
    hostage. Sergeant Rodriguez De La Paz confirmed the time of violation was

26        approximately 1140 hours and not between 11:58 - 1201 hour.

27        **(Exhibit B)**.

28    //

3

16.    On August 9, 2024, a copy of the decision to deny the claim was mailed to Plaintiff.

17.    There is no record that Plaintiff appealed my office's foregoing denial to the OOA.

18.    The OOA did not instruct my office to further revise the foregoing denial.

I declare under penalty of perjury that I have read this document, and its contents are true and correct to the best of my knowledge.

Executed on this 16th day of June 2025, in Soledad, California.

C. RAMOS

SF2024402768
44664875

4

Exhibit A

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**SVSP** Page 1 of 2

| | OGT Log No: 534790 | Date Received: MAR 1 8 2024 |
|---|---|---|
| **STAFF USE ONLY** | Decision Due Date: | Office of Grievance |
| | Categories: | Received |

Claimant Name: Kelvon Camp _____ CDCR #: BC7449

Institution/Parole Region: S.V.S.P. _____ Current Housing/Parole Unit: Z-114

**STAFF USE ONLY**

~~Use this form to file a complaint with the Department.~~

In order for the Department to understand your complaint, please answer all of the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

On February 24, 2024 While in R.H.U, I went to my 115 hearing with L.T. Valdez, in the Z-Unit group room. Now I pleaded guilty as soon as I entered the room, Not even Knowing what the 115 was for. Right after myself inmate Edwards # AB7930 went to his 115 hearing for the same write up. Mr. Edwards Actually hearing what the 115 was for, gave Valid evidence that the 115 WAS A Falsified write up. Not only did he prove our Innocence but he requested Vedio footage showing that all the C.O.s have their body Cam's on a lap and its the other side of the building. The Video footage clearly shows (Cage 15) which is for inmates housed on E-wing through H-wing Only! My Bed Assingment Shows that I only been in B-wing (cell 114) Meaning I wasn't be in Cage's 1 through 10 and Not 15! L.T. Valdez found everybody 5 people in all outside of myself "Not Guilty" He then stated to me Sence you pleaded guilty I'm going to leave it as is. Even though the Video footage Shows that it is Not Me. Now that is Clear Negligence on behalf that L.T. Valdez Knows that they lied in my write up. Yet he did not reverse the Verdict. Based on the video footage, After inmate Edward's # AB7930 115 hearing for the same thing and was found "Not Guilty" L.T. Valdez came outside and stated to me "I should have let inmate Edward's* AB7930 go first".

*ADA Accessible*

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

I'm Requesting that the 115 along with the points etc ... be Removed
from my C-File and that L.T. Valdez go threw 6 weeks of trainning and
14% doc of his paycheck for Neglagence as he Failed to follow CDCR
polices with overwhelming evidence proving his Heglagence on L.T Valdez
behalf. See Attachment's, Camp and Edwards # AB 7930 115's
thank You

**Claimant Signature:** _7t. Cp_                    **Date Signed:** _3/14/24_

*ADA Accessible*

**Comments:**

The SHO notes the weight of Sergeant R. Rodriguez De La Paz' RVR 7399674, documenting Camp's refusal to return to his assigned cell from yard causing a delay in yard release and Camp's plea of guilty, outweigh the presumption of innocence.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Camp guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

SVSP

MAR 1 8 2024

Office of Grievance
Received

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was not relied upon to determine the finding in this case.

**Comments:**

1. Review of RVR 7399674, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated. Inmate Camp said, "I am not going in". I gave inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs.

2. Camp's plea of guilty at the time of the hearing.

3. Review of Sergeant Rodriguez De Le Paz' Body Worn Camera (BWC) footage on 1/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privileges | | | | | | | | |
| Phone Privileges | 61  Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 61  Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | . | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Sanction mitigation based on Camp's Mental Health Level of Care.

SVSP
MAR 1 8 2024
Office of Grievance
Received

**Comments:**

The SHO notes the weight of Edwards' statement, Bed Assignments and Sergeant R. Rodriguez De La Paz' Body Worn Camera footage, outweigh Sergeant Rodriguez De La Paz' RVR 7399671, documenting Edwards' refusal to return to his assigned cell from yard causing a delay in yard release.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Edwards No Guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

SVSP

**Comments:**

MAR 1 8 2024

Office of Grievance

Received

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

**Comments:**

1. Review of RVR 7399671, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated. During yard recall Inmate Edwards (AB7930 Z9-105) was refusing to back to his cell from yard. Inmate Edwards said, "I am not going in".

2. Edwards' statement during the hearing. Edwards stated, I didn't hold the cage. The video shows cage 15, I'm not even on that side of the building.

3. Review of Sergeant R. Rodriguez De La Paz' 1/27/2024, Body Worn Camera (BWC) footage. The BWC footage show Sergeant Rodriguez De La Paz speaking to inmates in Yard Modules 11 through 20, who were refusing to exit the yard and return to their assigned cells.

4. Review of Edwards' Bed Assignments in SOMS showed he has been housed in cells Z9-105 (A-Wing) and Z9-112 (B-Wing). Therefore, Edwards would attend yard, in Yard Modules 1 through 10, which are used to provide yard to inmates housed in A-Wing through D-Wing. Yard Module 15, is located on the opposite side of the building and is used to provide yard for inmates housed in E-Wing through H-Wing.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

SVSP

MAR 18 2024

Office of Grievance Received

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CAMP, KEFVON JEROME

**CDC#:** BC7449

**Current Location:** COR-Facility 04A

**Date:** 03/30/2024

**Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:** 000000534790

---

**Claim #: 001**

**Received at Institution/Parole Region:**     Salinas Valley State Prison
**Submitted to Facility/Parole District:**     SVSP-STRH
**Housing Area/Parole Unit:**
**Category:**   Offender Discipline                         **Sub-Category:**   Serious Rules Violation Report

### I. CLAIM

Mr. Camp, Kefvon J. is disputing Rules Violation Report (RVR) Log #7399674.

### II. RULES AND REFERENCES

**A. CONTROLLING AUTHORITY**

Departmental Operations Manuel (DOM) 33030.3.1 Employee Conduct
California Codes and Regulations (CCR) Title 15 Section 3391 Employee Conduct
CCR Title 15 Section 3315 Serious Rules Violation

**B. DOCUMENTS CONSIDERED**

Grievance log #534790

### III. REASONING AND DECISION

A review of the RVR Log #7399674 indicates Mr. Camp was charged with California Code of Regulations (CCR) Title 15 Section 3005(a) Conduct, specifically act of "Delaying a Peace Officer in the Performance of Duties".

All regulatory time limits were met regarding the issuance and adjudication of the RVR. The grievant was afforded the opportunity to submit documentary evidence in defense or mitigation of the charges. The grievant failed to provide the Senior Hearing Officer (SHO) substantiated evidence to refute the Reporting Employee's (RE) report. SHO articulated the evidence relied upon, SHO established preponderance of evidence sufficient to support a guilty finding. The Chief Disciplinary Officer (CDO) approved the RVR on March 08, 2024. Staff issued Mr. Camp's final copies on March 10, 2024, which is within the five (5) days per policy. There is no additional or relevant information that would alter the guilty finding of the RVR; therefore, conducting the RVR process again is unwarranted. As such, the sanction imposed by the SHO was appropriate and not a violation of policy or procedure.

Upon conducting a thorough grievance inquiry, it has been determined staff is doing their job in a professional manner and follows policies and procedures. The grievant was afforded a fair hearing by an unbiased SHO. The grievant had the opportunity to present his defense and request witnesses and/or evidence during the hearing. The SHO documented a preponderance of evidence to determine a finding of guilt and assessed a disposition consistent with the offense. There is no evidence which would suggest staff violated any policy or procedures.

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to disapprove the claim. There is no evidence to support Mr. Camp's allegations of staff misconduct, and as such, this grievance requires no further action.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Aguilera [AGHE001] | Reviewing Authority | 03/29/2024 |

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)                                                                                                           Page 1 of 2

| STAFF USE ONLY | **OGT Log No:** _____ 000000534790 _____ | **Date Received:** _____ |
| | **Decision Due Date:** _____ | |
| | **Categories:** _____ | |

**Claimant Name:** _____ CAMP, KEFVON JEROME _____    **CDCR #:** _____ BC7449 _____

**Institution/Parole Region:** _____ **Current Housing/Parole Unit:** _____

**STAFF USE ONLY**

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _____ 000000534790 _____    **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ _____

_____

_____

_____

_____

_____

_____

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**

The Office of Appeals will consider all of the supporting documentation you previously submitted to the
Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____    **Date Signed:** _____

_ADA Accessible_

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

Case 1:24-cv-04771-RMI   Document 24-5   Filed 07/30/25   Page 15 of 43
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**CONTINUATION PAGE**

Page 2 of 2

**OGT Log No:** _____000000534790_____     **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*ADA Accessible*

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)                                                                                    Page 1 of 2

OOA RECEIVED
**STAFF USE ONLY**
APR 17 2024

| OGT Log No: | 000000534790 | Date Received: |
| Decision Due Date: | | |
| Categories: | | |

**Claimant Name:**     CAMP, KEFVON JEROME          **CDCR #:**     BC7449

**Institution/Parole Region:** _____     **Current Housing/Parole Unit:** _____

OOA Review
Imminent Risk: Y / N
Comment:                                                    **STAFF USE ONLY**
OOG Notification: Y N
Comment:
Initials: ___  Date: 4/18/24

*Use this form to appeal a decision or a remedy by the Office of Grievances.*

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _____000000534790_____     **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* If You Veiw the footage from my 115, It Will show another Inmate on the Other side of the building in a Cage that I was Never in. Also if you read my 602 the Other inmate I mention along with 4 Other Inmates he found Not Guilty do to the Vedio. the Evidence out weights my addmission & Clearly shows its not even Possible for me to even be in that Cage. Now I want You to see the Staff Misconduct and how there falsifing evidence and then writing people up for it. This is a Federal offence and something needs to be done about this. That's Sgt. R. Rodriguez De La Paz that

---

This form shall be submitted by mail to:
Office of Appeals
Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 95811

---

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the
Office of Grievances when reviewing your appeal, but will **not** consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____     **Date Signed:** 4/10/24

*ADA Accessible*

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**OGT Log No:** ___000000534790___       **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* wrote the IIS along with the Enlisted footage
L.T. M. Valdez who seen this vedio, Yet still found me guilty. The Staff Misconduct
amongst these ranking officers is displayed, even of a Cpt ~~toud~~ Cpt. Constantino
You should review my 602 I did on her where she was the hearing
officer on. Grievence log # 514691 . where they went as far as
placing an Inmate in my cell to Attack Me, while on Single, cell status for
protection Reason, its all in that 602, the evidence is very desturbing and
Overwhelming So I would Appreciate if You reached out and have some one
talk to me about these issues before they try to have me Killed! Because there
placing in my C-File that I've been on two S.N.Y. Yards, when I've Never be S.N.Y.
See me Bed Assingment Sheet and You'll see what I'm talking about. And if You Know
prison You'll see how there trying to get me Killed.

*ADA Accessible*

CORCORAN STATE PRISON

NAME Kefvon Camp

CDCR NUMBER BC7449

HOUSING 4A1L-43

PO BOX 3436

CORCORAN, CA 93212

**STATE PRISON
GENERATED MAIL**

RECEIVED
APR 17 2024
OOA

CORCORAN
STATE PRISON



US POSTAGE PITNEY BOWES

ZIP 93212
02 4W
0000390423 APR 12 2024

$ 000.64°

Office of Appeals
Department of Corrections & Rehabilitation
P.o. Box 942883
Sacramento CA 95811

4.11.24   V. RANGEL - 97995

INDIGENT



**CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation**

# OFFICE OF APPEALS DECISION

**Offender Name:**  CAMP, KEFVON JEROME

**CDC#:**  BC7449

**Current Location:**  COR-Facility 04A

**Date:**  06/13/2024

**Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:**  000000534790

---

**Claim #  001**

**Received at Institution/Parole Region:**    Salinas Valley State Prison

**Submitted to Facility/Parole District:**    SVSP-RHU-CCCMS

**Housing Area/Parole Unit:**

**Category:**   Offender Discipline                                           **Sub-Category:** Serious Rules Violation Report

### I. ISSUE ON APPEAL

It is appellant's position that body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3005(a), 3315(j), 3320(l), 3483(g)(1), 3485(g)(2)(A); Department Operations Manual, sections 52080.3.3, 54100.20.1, 54100.20.3; Penal Code, section 2932; Director, Division of Institutions, August 20, 2018, Memorandum: Compliance with PC 2932 in Documenting Evidence Relied Upon and Considered During Disciplinary Hearings; Director, Division of Adult Institutions, January 4, 2023, Memorandum: Reiteration of Policy Regarding Inmate Submitted Grievances Disputing the Outcome of Rules Violation Reports and Deliver of Rules Violation Reports

#### B. DOCUMENTS CONSIDERED

Grievance and Appeal Log No. 531790; Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties)

### III. REASONING AND DECISION

Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) Disciplinary Hearing Results document that appellant attended the hearing on February 24, 2024, did not request witnesses, plead guilty, and declined to make a statement as to defense. Pursuant to Title 15, section 3320(l), the official conducting the disciplinary hearing shall base any finding of guilt upon determination that a preponderance of evidence submitted at the hearing substantiates the charge. To meet the standard of preponderance, the evidence need only support that the violation most likely occurred, as opposed to evidence that must eliminate any reasonable doubt to prove guilt in a court of law. It is reasonable to conclude that video footage clearly depicting an event provides evidence beyond a reasonable doubt. The hearing official documented that the report and appellant's plea of guilty outweighed the presumption of innocence but noted in the Evidence section, "BWC footage did not show Camp refusing to exit the yard module and return to his cell." Director, Division of Adult Institutions, January 4, 2023, Memorandum: Reiteration of Policy Regarding Inmate Submitted Grievances Disputing the Outcome of Rules Violation Reports and Deliver of Rules Violation Reports reiterates the expectation that Office of Grievances' response to Rules Violation Report claims documents that the fact gatherer considered the sufficiency of the evidence and whether the finding was supported by a preponderance of evidence. Office of Grievances' response does not indicate that the fact gatherer reviewed body-worn camera footage to ensure the sufficiency of evidence to support the finding or interviewed the reporting employee or hearing official to assist in addressing appellant's claim. Based on the preponderance of evidence available at time of review, Office of Grievances' decision is not proper. For these reasons, the claim is granted.

**IV. REMEDY**

Office of Grievances shall open a new offender grievance tracking log number, gather and preserve all relevant evidence, to include video evidence, conduct necessary interviews, and answer this claim on the merits. Specifically, address whether body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Reviewing Authority | 06/13/2024 |

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REQUEST TO IMPLEMENT REMEDIES**

CDCR 602-3 (Rev. 01/22)                                                                                              Page 1 of 1

| **STAFF USE ONLY** | **OGT Log No:** _____ 000000534790 _____ **Date Received:** _____ |
|---|---|
| | **Remedy Confirmed:** _____ **Remedy Unconfirmed:** _____ |
| | **Screen Out:** _____ **Status Letter:** _____ **Resolved:** _____ |

**Claimant Name:** CAMP, KEFVON JEROME _____ **CDCR #:** _____ BC7449 _____

**Institution/Parole Region:** _____ **Current Housing/Parole Unit:** _____

---

_Use this form to ask for a remedy that was granted but is overdue._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**Grievance or Appeal Log No:** _____ 000000534790 _____

**Claim No:** _____

**Date of Decision:** _____

**Description of Remedy:** _____

_____

---

| **This form shall be submitted by mail to:** |
|---|
| Remedies Compliance Coordinator |
| Department of Corrections and Rehabilitation |
| P.O. Box 942883 |
| Sacramento, CA 95811 |

**IMPORTANT:**

The Remedies Compliance Program is only intended to resolve delays in the implementation of a remedy previously granted by the Office of Grievances or the Office of Appeals; it is not intended for new issues, to seek additional remedies, or to dispute the remedy provided.

When reviewing this request, the Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances but will not consider any new documentation. Therefore, it is recommended you not attach any documentation to this form.

**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____          **Date Signed:** _____

_ADA Accessible_

# Exhibit B

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
**SVSP**

Page 1 of 2

| **STAFF USE ONLY** | **OGT Log No:** 579644    **Date Received:** JUN 1 3 2024 Office of Grievance |
|---|---|
| | **Decision Due Date:** _____ Received |
| | **Categories:** _____ |

**Claimant Name:** CAMP      **CDCR #:** BC7449

**Institution/Parole Region:** 8 COR      **Current Housing/Parole Unit:** _____

**STAFF USE ONLY**

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- _What is the nature of your complaint?_
- _When and where did the complaint occur?_
- _Who was involved?_
- _Which specific people can support your complaint?_
- _Did you try to informally resolve the complaint?_
- _What rule or policy are you relying on to make your complaint?_
- _What specific action would resolve your complaint?_

_NOTE: Attach documents that help support your complaint (identify the documents if you do not have them)._

OOA grant # 534790

_ADA Accessible_

STATE OF CALIFORNIA
**GRIEVANCE**
**CDCR 602-1 (Rev. 01/22)**

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

**Claimant Signature:** _____    **Date Signed:** _____

*ADA Accessible*



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

579644

SVSP

JUN 1 3 2024
Office of Grievance
Received

# OFFICE OF APPEALS DECISION

**Offender Name:** CAMP, KEFVON JEROME
**CDC#:** BC7449
**Current Location:** COR-Facility 04A

**Date:** 06/13/2024

**Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:** 000000534790

## Claim # 001

**Received at Institution/Parole Region:** Salinas Valley State Prison
**Submitted to Facility/Parole District:** SVSP-RHU-CCCMS
**Housing Area/Parole Unit:**
**Category:** Offender Discipline

**Sub-Category:** Serious Rules Violation Report

### I. ISSUE ON APPEAL

It is appellant's position that body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3005(a), 3315(j), 3320(l), 3483(g)(1), 3485(g)(2)(A); Department Operations Manual, sections 52080.3.3, 54100.20.1, 54100.20.3; Penal Code, section 2932; Director, Division of Institutions, August 20, 2018, Memorandum: Compliance with PC 2932 in Documenting Evidence Relied Upon and Considered During Disciplinary Hearings; Director, Division of Adult Institutions, January 4, 2023, Memorandum: Reiteration of Policy Regarding Inmate Submitted Grievances Disputing the Outcome of Rules Violation Reports and Deliver of Rules Violation Reports

#### B. DOCUMENTS CONSIDERED

Grievance and Appeal Log No. 531790; Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties)

### III. REASONING AND DECISION

Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) Disciplinary Hearing Results document that appellant attended the hearing on February 24, 2024, did not request witnesses, plead guilty, and declined to make a statement as to defense. Pursuant to Title 15, section 3320(l), the official conducting the disciplinary hearing shall base any finding of guilt upon determination that a preponderance of evidence submitted at the hearing substantiates the charge. To meet the standard of preponderance, the evidence need only support that the violation most likely occurred, as opposed to evidence that must eliminate any reasonable doubt to prove guilt in a court of law. It is reasonable to conclude that video footage clearly depicting an event provides evidence beyond a reasonable doubt. The hearing official documented that the report and appellant's plea of guilty outweighed the presumption of innocence but noted in the Evidence section, "BWC footage did not show Camp refusing to exit the yard module and return to his cell." Director, Division of Adult Institutions, January 4, 2023, Memorandum: Reiteration of Policy Regarding Inmate Submitted Grievances Disputing the Outcome of Rules Violation Reports and Deliver of Rules Violation Reports reiterates the expectation that Office of Grievances' response to Rules Violation Report claims documents that the fact gatherer considered the sufficiency of the evidence and whether the finding was supported by a preponderance of evidence. Office of Grievances' response does not indicate that the fact gatherer reviewed body-worn camera footage to ensure the sufficiency of evidence to support the finding or interviewed the reporting employee or hearing official to assist in addressing appellant's claim. Based on the preponderance of evidence available at time of review, Office of Grievances' decision is not proper. For these reasons, the claim is granted.

**IV. REMEDY**

Office of Grievances shall open a new offender grievance tracking log number, gather and preserve all relevant evidence, to include video evidence, conduct necessary interviews, and answer this claim on the merits. Specifically, address whether body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Reviewing Authority | 06/13/2024 |

5796<del>44</del>

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

SVSP

DEPARTMENT OF CORRECTIONS AND REHABILITATION
JUN 1 3 2024

Office of Grievance Page 5 of 2

OOA RECEIVED
**STAFF USE ONLY**
APR 17 2024

| | |
|---|---|
| **OGT Log No:** | 000000534790 |
| **Decision Due Date:** | |
| **Categories:** | |

**Date Received:** Received

**Claimant Name:** CAMP, KEFVON JEROME    **CDCR #:** BC7449

**Institution/Parole Region:** _____    **Current Housing/Parole Unit:** _____

OOA Review
Imminent Risk: Y / N
Comment:
OOG Notification: Y N
Comment:
Initials: CFD   Date: 4/18/24

**STAFF USE ONLY**

*Use this form to appeal a decision or a remedy by the Office of Grievances.*

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000534790    **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* If You Veiw the footage from my 115, It will show another Inmate on the Other side of the building in a Cage that I was Never in. Also if You read my 602 the Other inmate I mention along with 4 other Inmates he found Not Guilty do to the Vedio. the Evidence out weights my addmission it Clearly shows its not even Possible for me to even be in that Cage. Now I want You to see the Staff MisConduct and how these falsifying evidence and then writing people up for it. This is a Federal Offence and something needs to be done about this. Thats Sgt. R. Rodriguez De La Paz that

┌─────────────────────────────────────────┐
│ **This form shall be submitted by mail to:** │
│ Office of Appeals │
│ Department of Corrections and Rehabilitation │
│ P.O. Box 942883 │
│ Sacramento, CA 95811 │
└─────────────────────────────────────────┘

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will **not** consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** H. Cp    **Date Signed:** 4/10/24

*ADA Accessible*

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

OGT Log No: ___000000534790___    Claim No: _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* wrote the IIS along with the Falisied footage L.T. M. Valdez who seen this vedio, Yet still found me guilty. The Staff Misconduct amongst these ranking officers is displayed, even of a Cpt Cpt. Constantino You should review my 602 I did on her where she was the hearing officer on. Grievence. log # 514691 . Where they went as far as placing an Inmate in my cell to Attack me while on Single cell status for protection Reason, its all in that 602, the evidence is very desturbing and overwhelming So I would Appreciate if You reached out and have someone talk to me about these issues before they try to have me killed! Because there placing in my C-File that I've been on two S.N.Y. Yards, when I've Never be S.N.Y. See me Bed Assingment Sheet and You'll see what I'm talking about. And if You know prison You'll see how there trying to get me killed.

*ADA Accessible*

SVSP
JUN 1 3 2024
Office of Grievance
Received

5/3/4444

CORCORAN STATE PRISON

NAME Kelvon Camp

CDCR NUMBER BC7449

HOUSING 4A1L-43

PO BOX 3436

CORCORAN, CA 93212

CORCORAN
STATE PRISON



US POSTAGE
ZIP 93212 $ 000.64⁰
02.4W
0000390423 APR 12 2024



STATE PRISON
GENERATED MAIL

office of Appeals
Department of Corrections & Rehabilitation
P.o. BOX 942883
Sacramento CA 95811

4.11.24    V. RANGeL    97995

INDIGENT



SVSP

JUN 1 3 2024

Office of Grievance

Received

CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** CAMP, KEFVON JEROME

**CDC#:** BC7449

**Current Location:** COR-Facility 04A

**Date:** 03/30/2024

**Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:** 000000534790

---

## Claim #: 001

**Received at Institution/Parole Region:**  Salinas Valley State Prison

**Submitted to Facility/Parole District:**  SVSP-STRH

**Housing Area/Parole Unit:**

**Category:**  Offender Discipline               **Sub-Category:**   Serious Rules Violation Report

### I. CLAIM

Mr. Camp, Kefvon J. is disputing Rules Violation Report (RVR) Log #7399674.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Departmental Operations Manuel (DOM) 33030.3.1 Employee Conduct
California Codes and Regulations (CCR) Title 15 Section 3391 Employee Conduct
CCR Title 15 Section 3315 Serious Rules Violation

#### B. DOCUMENTS CONSIDERED

Grievance log #534790

### III. REASONING AND DECISION

A review of the RVR Log #7399674 indicates Mr. Camp was charged with California Code of Regulations (CCR) Title 15 Section 3005(a) Conduct, specifically act of "Delaying a Peace Officer in the Performance of Duties".

All regulatory time limits were met regarding the issuance and adjudication of the RVR. The grievant was afforded the opportunity to submit documentary evidence in defense or mitigation of the charges. The grievant failed to provide the Senior Hearing Officer (SHO) substantiated evidence to refute the Reporting Employee's (RE) report. SHO articulated the evidence relied upon, SHO established preponderance of evidence sufficient to support a guilty finding. The Chief Disciplinary Officer (CDO) approved the RVR on March 08, 2024. Staff issued Mr. Camp's final copies on March 10, 2024, which is within the five (5) days per policy. There is no additional or relevant information that would alter the guilty finding of the RVR; therefore, conducting the RVR process again is unwarranted. As such, the sanction imposed by the SHO was appropriate and not a violation of policy or procedure.

Upon conducting a thorough grievance inquiry, it has been determined staff is doing their job in a professional manner and follows policies and procedures. The grievant was afforded a fair hearing by an unbiased SHO. The grievant had the opportunity to present his defense and request witnesses and/or evidence during the hearing. The SHO documented a preponderance of evidence to determine a finding of guilt and assessed a disposition consistent with the offense. There is no evidence which would suggest staff violated any policy or procedures.

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to disapprove the claim. There is no evidence to support Mr. Camp's allegations of staff misconduct, and as such, this grievance requires no further action.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Aguilera [AGHE001] | Reviewing Authority | 03/29/2024 |

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

57904¼

DEPARTMENT OF CORRECTIONS AND REHABILITATION

JUN 1 3 2024    **SVSP**

Office of Grievance    Page **1** of 2

| **STAFF USE ONLY** | OGT Log No: 534940 | Date Received: MAR 1 8 2024 |
| | Decision Due Date: | Office of Grievance |
| | Categories: | Received |

**Claimant Name:** Kefvon Camp                    **CDCR #:** BC7449

**Institution/Parole Region:** S.V.S.P.          **Current Housing/Parole Unit:** Z-114

**STAFF USE ONLY**

~~Use this form to file a complaint with the Department.~~

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

*NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

On February 24, 2024 While in R.H.U. I went to my 115 hearing with L.T. Valdez, in the Z-Unit group room. Now I pleaded guilty as soon as I entered the room, Not even Knowing what the 115 was for. Right after myself inmate Edwards # AB7930 went to his 115 hearing for the same write up. Mr. Edwards Actually hearing what the 115 was for, gave valid evidence that the 115 was a falseified write up. Not only did he prove our Innocence but he requested vedio footage. showing that all the C.O.'s have their body Cam's on a loop and its the other side of the building. The video footage clearly shows (Case 15) witch is for inmates housed on Ewing through H-wing only! My Bed Assignment shows that I only been in B-wing (cell 114) Meaning I wond be in Cages 1 through 10 and Not 15! L.T. Valdez found everybody 5 people "in all outside of myself "Not Guilty" He then stated to me Sence you pleaded guilty I'm going to leave it as is. Even though the video footage, shows that it is Not Me. Now that is Clear Negligence, on behalf that L.T. Valdez Knows that they lied in my write up. Yet he did not reverse the verdict. Based on the video footage. After inmate Edwards # AB7930 115 hearing for the same thing and was found "Not Guilty" L.T. Valdez came outside and stated to me "I should have let inmate Edwards # AB7930 go first".

ADA Accessible

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

I'm Requesting that the 115 along with the points etc ... be Removed from my C-File and that Lt. Valdez go thru 6 weeks of training and 14% doc of his paycheck for Neglingence as he Failed to follow CDCR policies with overwhelming evidence proving his Neglingence on Lt Valdez behalf. See Attachment's, Camp and Edwards # AB7930 115's

thank you

Claimant Signature: _Th. Copp_

Date Signed: _3/14/24_

*ADA Accessible*

**Comments:**

The SHO notes the weight of Sergeant R. Rodriguez De La Paz' RVR 7399674, documenting Camp's refusal to return to his assigned cell from yard causing a delay in yard release and Camp's plea of guilty, outweigh the presumption of innocence.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Camp guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: [Yes]

AVSS Impact: The audio/video evidence was not relied upon to determine the finding in this case.

**Comments:**

1. Review of RVR 7399674, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated. Inmate Camp said, "I am not going in". I gave inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs.

2. Camp's plea of guilty at the time of the hearing.

3. Review of Sergeant Rodriguez De Le Paz' Body Worn Camera (BWC) footage on 1/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privileges | | | | | | | | |
| Phone Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☑ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

Sanction mitigation based on Camp's Mental Health Level of Care.

**Comments:**

The SHO notes the weight of Edwards' statement, Bed Assignments and Sergeant R. Rodriguez De La Paz' Body Worn Camera footage, outweigh Sergeant Rodriguez De La Paz' RVR 7399671, documenting Edwards' refusal to return to his assigned cell from yard causing a delay in yard release.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Edwards No Guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

**Comments:**

1. Review of RVR 7399671, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated, During yard recall Inmate Edwards (AB7930 Z9-105) was refusing to back to his cell from yard. Inmate Edwards said, "I am not going in".

2. Edwards' statement during the hearing. Edwards stated, I didn't hold the cage. The video shows cage 15, I'm not even on that side of the building.

3. Review of Sergeant R. Rodriguez De La Paz' 1/27/2024, Body Worn Camera (BWC) footage. The BWC footage show Sergeant Rodriguez De La Paz speaking to inmates in Yard Modules 11 through 20, who were refusing to exit the yard and return to their assigned cells.

4. Review of Edwards' Bed Assignments in SOMS showed he has been housed in cells Z9-105 (A-Wing) and Z9-112 (B-Wing). Therefore, Edwards would attend yard, in Yard Modules 1 through 10, which are used to provide yard to inmates housed in A-Wing through D-Wing. Yard Module 15, is located on the opposite side of the building and is used to provide yard for inmates housed in E-Wing through H-Wing.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH-LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

# OFFICE OF GRIEVANCES DECISION

**Offender Name:**  CAMP, KEFVON JEROME                    **Date:**  08/09/2024
**CDC#:** BC7449
**Current Location:** COR-Facility 04A                    **Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:**  000000579644

**Claim #: 001**

**Received at Institution/Parole Region:**     Salinas Valley State Prison
**Submitted to Facility/Parole District:**     Salinas Valley State Prison
**Housing Area/Parole Unit:**
**Category:** Offender Services            **Sub-Category:** Other Services - NOS
**I. CLAIM**

It is appellant's position that body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

## II. RULES AND REFERENCES

### A. CONTROLLING AUTHORITY

California Code of regulations (CCR), Title 15, Section 3315
California Code of regulations (CCR), Title 15, Section 3320

### B. DOCUMENTS CONSIDERED

Grievance Log# 579644
Rules Violation Report# 7399674

## III. REASONING AND DECISION

An inquiry of Strategic Offender Management System (SOMS) review of Camp's disciplinary history was conducted. Based on information obtained through review of disciplinary hearings results for RVR Log # 7399674, it was determined the RVR was served within fifteen (15) days of discovery. Camp did not meet the criteria for a Staff Assistant and Investigative Employee. Camp received all information 24 hours prior to his hearing. The Hearing Held on 02/24/2024 by Senior Hearing Officer (SHO). The hearing was held within 30 days of service. Inmate Camp received "Inmate Copy Served Disciplinary Hearing Results" on 03/10/2024.
Audio Video Surveillance System (AVSS) of Body Worn Camera (BWC) Z Program Sgt ASU 280371 on 01/27/2024 between the period 11:58 hour and 12:01 hour was conducted. The BWC footage does not display Camp on video. Upon review, reporting employee noted the time of rule violation was at 1140 hour. The incorrect time frames were requested for Camp's RVR# 7399674 - Delaying a Peace Officer in the Performance of Duties. No other footage of 01/27/2024 is available for review. Senior Hearing Officer (SHO) did note during hearing the AVSS being available, but AVSS was not impactful and audio/video evidence was not relied upon to determine the finding in this case. SHO also annotated in the Evidence section, "3. Review of Sergeant De Le Paz' Body Worn Camera (BWC) footage on 01/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell." Sergeant Rodriguez De La Paz was interviewed regarding Camp's RVR# 7399674. Sergeant Rodriguez De La Paz confirmed that Camp was given a direct order to return to his cell from the yard module. Camp refused to comply with his orders to come to the food port and placed in handcuffs. Camp remained in the yard module for approximately 2 hours taking Z9 yard hostage. Sergeant Rodriguez De La Paz confirmed the time of violation was approximately 1140 hours and not between 11:58 - 1201 hour.

Senior Hearing Officer Lt. M. Valdez was interviewed regarding Camp's RVR# 7399674. SHO said the AVSS was not relied upon to determine the finding in this case. SHO used the reporting employee report where in it stated. Inmate Camp said, "I am not going in". I gave inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs. Camp pleaded guilty at the time of the hearing. Based upon the reporting employee report and Camp's guilty plea, the preponderance of the evidence reviews and considered weight in favor a guilty finding. Camp attempted to change his plea of guilty to not guilty after the hearing was already completed upon learning the AVSS did not show Camp on video footage. Camp was afforded the opportunity to view the video footage and accepted on 01/31/24 at approximately 1020 hours. Camp signed the RVR - Evidence Review CDC-128-B acknowledgement.

The AVSS footage was not relied upon to make the determination of guilt. Reporting employee narrative of the report and Camp's admission of guilt was sufficient to prove a preponderance of evidence to determine guilt. Camp neglected to provide a defense by not calling witnesses or provide evidence to discredit the reporting employee and dispute the AVSS footage during his hearing. The claim is disapproved and no violation of CDCR policy was discovered.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| L. Pennisi [PELE006] | Reviewing Authority | 08/08/2024 |

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)                                                                                                                  Page 1 of 2

| | |
|---|---|
| **STAFF USE ONLY** | **OGT Log No:** _____ 000000579644 _____  **Date Received:** _____ <br><br> **Decision Due Date:** _____ <br><br> **Categories:** _____ |

**Claimant Name:** _____ CAMP, KEFVON JEROME _____    **CDCR #:** _____ BC7449 _____

**Institution/Parole Region:** _____**Current Housing/Parole Unit:**_____

---

<p style="text-align:center; color:red;">**STAFF USE ONLY**</p>

---

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** _____ 000000579644 _____        **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ _____

_____

_____

_____

_____

_____

_____

| |
|---|
| **This form shall be submitted by mail to:** <br> Office of Appeals <br> Department of Corrections and Rehabilitation <br> P.O. Box 942883 <br> Sacramento, CA 95811 |

<p style="text-align:center;">**IMPORTANT:**</p>

The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____        **Date Signed:** _____

_ADA Accessible_

STATE OF CALIFORNIA

**APPEAL OF GRIEVANCE**

**CONTINUATION PAGE**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

CDCR 602-2 (Rev. 01/22)

Page 2 of 2

**OGT Log No:** _____ 000000579644 _____     **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*ADA Accessible*