1
2
3
4
5
6
7

8        IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| **KEFVON JEROME CAMP,** | Case No. 1:24-cv-04771-RMI |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **R. RODRIGUEZ, et al.,** | |
| Defendants. | |

   Defendant Valdez (Defendant) moved for summary judgment. In his motion, Defendant asks the Court to dismiss Plaintiff section 1983 claim for Due Process violations because the undisputed material facts establish that:

   (1) Plaintiff's Due Process claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) because granting it would invalidate Plaintiff's conviction for violating Cal. Code Regs., Title 15, section 3315(d)(2)(A);

   (2) Plaintiff does not have a Due Process violation claim because the RVR hearing complied with all Due Process requirements set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985); and

   (3) Defendant is entitled to qualified immunity.

After reviewing the parties' submissions, the Court **GRANTS** Defendant's motion for summary judgment.

**BACKGROUND**

The undisputed facts establish the following:

Plaintiff's Due Process claim arises out of a hearing on a Rules Violation Report (RVR) that took place while he as housed at Salinas Valley State Prison (Salinas Valley).

On January 27, 2024, Plaintiff received an RVR from Sergeant Rodriguez De La Paz for delaying a peace offer in performance of his duties pertaining to an incident that occurred on Salinas Valley's yard. On January 31, 2024, Plaintiff was served with the RVR. The RVR hearing took place on February 24, 2024. Defendant was the Senior Hearing Officer at the RVR hearing.

Plaintiff was present for the hearing. There was no need to assign Plaintiff a Staff Assistant for the hearing pursuant to Cal. Cal. Code Regs., Title 15, section 3315(d)(2)(A). Plaintiff did not request staff assistance during the hearing either.

Defendant explained to Plaintiff that he received an RVR for disobeying an order. Plaintiff pled guilty at the beginning of the RVR hearing.

Defendant reviewed the Z Program Sergeant's Body Worn Camera (BWC) footage from January 27, 2024. Plaintiff saw the footage on January 31, 2024 and also at the RVR hearing. However, the footage did not display Plaintiff on video. It did not display the small enclosed yards where the incident underlying Plaintiff's RVR either. Instead, it depicted the enclosed yards on the opposite side of the building. Plaintiff conceded the foregoing during his deposition. Accordingly, Defendant did not take the BW footage that was available to him into account for finding Plaintiff guilty, and there was no other footage available. Furthermore, Plaintiff did not ask for any witnesses to be called. In addition, Plaintiff did not provide evidence to discredit Sergeant Rodriguez De La Paz's narrative in the RVR. He did not dispute the footage of the Z Program Sergeant's above referenced BWC either.

Defendant then found Plaintiff guilty of possessing violating Cal. Code Regs., Title 15, section 3005(a), "Delaying a Peace Officer in the Performance of Duties," based on a

1  preponderance of the evidence.  Defendant considered Plaintiff's guilty plea and Sergeant
2  Rodriguez de La Paz's narrative in the RVR for his finding.
3      As a result, Defendant issued a loss of 61 days of good-time credits.  The credit loss was
4  not overturned.
5      Plaintiff timely submitted a grievance, log no. 000000534790, alleging that Defendant
6  incorrectly found him guilty of delaying a peace officer because the Program Sergeant's BWC
7  footage that was reviewed at the hearing did not display Plaintiff refusing to exit the yard.
8  Salinas Valley's Office of Grievance (OOG) denied Plaintiff's grievance.  Plaintiff then appealed
9  the OOG's denial to the Office of Appeals (OOA).  The OOA granted Plaintiff's grievance.
10 However, it did not grant the grievance because Lieutenant Valdez violated California
11 Department of Corrections and Rehabilitation's (CDCR) policies and procedures, let alone
12 because it found that Defendant violated Plaintiff's Due Process rights.  Instead, the OOA granted
13 Plaintiff's grievance based on deficiencies identified within Salinas Valley's initial review of the
14 claim.  As a result, the OOA ordered Salinas Valley's OOG to open a new offender grievance
15 tracking log number to address the deficiencies occurred in the initial review.  Specifically, the
16 OOA instructed Salinas Valley to address if the body-worn camera footage proved that Sergeant
17 Rodriguez De La Paz falsified RVR log no. 7399674 and if Salinas Valley's corresponding
18 conclusion changes the outcome of the hearing official's finding that appellate was guilty.
19     Salinas Valley's OOG then opened new grievance tracking number, log no. 000000579644.
20 A new inquiry was completed per OOA instructions.  Salinas Valley's staff interviewed
21 Defendant.  A new supervisor, Lieutenant Thich, conducted the review and determined denied the
22 claim.
23     In compliance with the OOA's above instructions, Associate Warden Pennisi reviewed and
24 approved the following findings:

> Audio Video Surveillance System (AVSS) of Body Worn Camera (BWC) Z Program Sgt ASU 280371 on 01/27/2024 between the period 11:58 hour and 12:01 hour was conducted. The BWC footage does not display Camp on video. Upon review, reporting employee noted the time of rule violation was at 1140 hour. The incorrect time frames were requested for Camp's RVR# 7399674 - Delaying a Peace Officer in the Performance of Duties. No other footage of

01/27/2024 is available for review. Senior Hearing Officer (SHO) did note during hearing the AVSS being available, but AVSS was not impactful and audio/video evidence was not relied upon to determine the finding in this case. SHO also annotated in the Evidence section, "3. Review of Sergeant De Le Paz' Body Worn Camera (BWC) footage on 01/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell." Sergeant Rodriguez De La Paz was interviewed regarding Camp's RVR# 7399674. Sergeant Rodriguez De La Paz confirmed that Camp was given a direct order to return to his cell from the yard module. Camp refused to comply with his orders to come to the food port and placed in handcuffs. Camp remained in the yard module for approximately 2 hours taking Z9 yard hostage. Sergeant Rodriguez De La Paz confirmed the time of violation was approximately 1140 hours and not between 11:58 - 1201 hour.

## LEGAL STANDARD

Summary judgment is appropriate if, reviewing the evidence in the light most favorable to the party opposing the motion, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). To prevent the entry of summary judgment, Plaintiff must present competent evidence showing that there are genuine issues of material fact whether Defendant violated his rights. *Id*. In doing so, Plaintiff cannot rest solely on conclusory allegations (*id.*), but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A fact is material only if it affects the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the non moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

Additionally, not every factual dispute will defeat a motion for summary judgment. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380, (2007); *see also Celotex Corp. v. Caltrett*, 477 U.S. 317, 322, (1986) (summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130,

1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable ... does not present a genuine issue of material fact" but rather there "must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion."); *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the non-moving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").

## ANALYSIS

### I. PLAINTIFF'S CLAIM IS BARRED UNDER *HECK*

"A state prisoner cannot use a § 1983 action to challenge the 'fact or duration of his confinement,' because such an action lies at the 'core of habeas corpus.'" *Simpson v. Thomas*, 528 F.3d 685, 693 (9th Cir. 2008) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). *See also Hebrard v. Nofziger*, 90 F.4th 1000, 1010 (9th Cir. 2024) ("So long as the claim 'indirectly [seeks] a judicial determination that necessarily implies the unlawfulness of the [duration of the] State's custody,' *Heck* and *Edwards* require his § 1983 cause of action to be dismissed—'only habeas corpus (or similar state) remedies' can be used to obtain such a ruling.").

Thus, where a section 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must first establish that the underlying sentence or conviction has already been invalidated on appeal, by a habeas petition, or terminated in his favor via some other similar proceeding. *Heck v. Humphrey*, 512 U.S. 487-88 (1994). This "favorable termination" rule applies to prison disciplinary proceedings, if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging validity of procedures used to deprive prisoner of good-time credits is not cognizable under § 1983).

Here, Plaintiff lost 61 days of good-time credits as a result of Defendant finding Plaintiff guilty of the RVR charge of delaying a peace officer. Therefore and pursuant to Cal. Code Regs., Title 15, section 3043(a) and Cal. Pen. Code section 3041(a)(2), if judgment was entered in favor

of Plaintiff, such judgment would necessarily impact the duration of his confinement. Therefore, Plaintiff's Due Process claim is barred under *Heck*.

## II. PLAINTIFF WAS AFFORDED THE REQUISITE DUE PROCESS DURING THE RVR HEARING

### A. The RVR Hearing And Results Complied With *Wolff* and *Hill*

Even if plaintiff could overcome the *Heck* and *Edwards* bar, there is no dispute that Plaintiff was afforded the requisite due process procedures for his disciplinary hearing.

Pursuant to *Wolff,* the five Due Process requirements for RVR hearings are: (1) written notice of the charges; (2) at least 24 hours before a hearing is held; (3) a written statement of the evidence and reasons supporting the disciplinary finding; (4) the inmate's right to call witnesses and present documentary evidence, provided this is not "unduly hazardous" to prison safety and goals; and (5) an assistant if the inmate is otherwise unable to collect and present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 564-570 (1974). Where a decision involves the revocation of a prisoner's good time credits, due process also demands that the adverse decision be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Here, the undisputed facts establish that Plaintiff received written notice of the RVR almost one month before the RVR hearing. There was no need to assign Plaintiff a Staff Assistant for the hearing and Plaintiff did not request staff assistance during the hearing either. Defendant summarized in writing what evidence he relied on in finding Plaintiff of guilty of delaying a peace officer and the reasons for taking disciplinary against Plaintiff. Lastly, Plaintiff was given the opportunity to call witnesses and present documentary evidence in his defense.

Moreover, Defendant's finding that Plaintiff was guilty of delaying a peace officer was supported by the narrative in Sergeant De La Paz Rodriguez's RVR as well as Plaintiff's guilty plea.

Based on the foregoing, all the Due Process-requirements pursuant to *Wolff* and *Hill* have been met.

//
//

      **B.**     **Plaintiff's Reliance On The Fact That The OOA Granted His Grievance, Log No. 000000534790, As Evidence For His Due Process-Claim Is Misplaced.**

The OOA did not grant Plaintiff's grievance because it found that Defendant violated CDCR's policies and procedures, let alone because it found that Defendant violated Plaintiff's Due Process rights. Rather, the OOA granted Plaintiff's grievance because it found deficiencies in Salinas Valley's initial review of Plaintiff's claim. As a result, the OOA ordered Salinas Valley's OOG to open a new offender grievance tracking log number to address the deficiencies occurred in the initial review. Specifically, the OOA instructed Salinas Valley to address if the body-worn camera footage proved that Sergeant Rodriguez De La Paz falsified RVR log no. 7399674 and explain in the OOG's decision if Salinas Valley's corresponding conclusion changes the outcome of the hearing official's finding that appellate was guilty.

Salinas Valley's OOG then opened new grievance tracking number, log no. 000000579644, and performed a new review of Plaintiff's grievance. A new supervisor, Lieutenant Thich, conducted the review and interviewed Defendant and issued a decision in compliance with the OOA's instructions.

Based on the foregoing, Plaintiff reliance on the fact that the OOA granted his grievance as evidence for his Due Process claim is misplaced.

As a result of the above, Plaintiff Due Process claim against Defendant fails.

**III.**    **DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity shields Defendant from liability. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Qualified immunity exists to shield an officer from liability for 'mere mistakes in judgment, whether the mistake is one of fact or one of law.'" *Longoria v. Pinal Cnty.*, 873 F.3d 699, 704 (9th Cir. 2017) (quoting *Butz v. Economou*, 438 U.S. 478, 507 (1978)).

In determining whether an officer is entitled to qualified immunity, courts consider whether (1) there has been a violation of a constitutional right and (2) that right was clearly established at

the time of the officer's alleged misconduct. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014) (citing *Pearson*). Plaintiff bears the burden to show that both prongs are fulfilled. *Spencer v. Pew*, 117 F.4th 1130, 1137 (9th Cir. 2024); *see also Smith v. Agdeppa*, 81 F.4th 994, 1004 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 264 (2024) fn. 4 ("But the burden is not on the officers to prove they fit perfectly within the facts of a case granting qualified immunity; the burden is on the plaintiff to show a violation of a clearly established right in the specific circumstances at issue.")

A government official's conduct violates clearly established law when, at the time of the challenged conduct, "[t]he contours of [a] right [are] sufficiently clear" that every "reasonable official would [have understood] that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (alteration in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). No case directly on point is necessary; only existing precedent must have placed the statutory or constitutional question beyond debate. *Id.* (citations omitted). For this inquiry, only binding precedent is relevant. *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (citing *Boyd v. Benton Cnty.*, 374 F.3d 773, 781 (9th Cir. 2004)).

Here, Defendant is entitled to qualified immunity under the first prong because no constitutional violation occurred. As to the second prong, there is no clearly establish law that a Senior Hearing Officer violates an incarcerated person's Due Process rights if he fails to inquire about the availability of additional footage under the instant circumstances. Thus, reasonable prison staff would not have been aware that Defendant's conduct constituted a constitutional violation. Defendant is therefore entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, the undisputed facts establish that Plaintiff does not have a Due Process-claim against Defendant. Therefore, motion for summary judgment is **GRANTED** and Plaintiff Due Process-claim as to Defendants Nation and Scruggs is **DISMISSED WITH PREJUDICE**.

//

//

//

**IT IS SO ORDERED.**

Dated: _____          _____
                                         The Honorable Robert M. Illman