I had did a E-File to the court's on June 12.25 and that E-File was never sent to the courts from my understanding. So I'm now mailing out my Deposition myself to the courts. This is my only copy so if possible please send me a copy back to keep on my file. Thank you & God Bless.

K. ___      Date: 7/25/25

I also request that the court addresses this matter to Corcoran about not sending out E-Files to the court on a proper time base.

RECEIVED
AUG 13 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

```
 1    Reference No.: 12729511

 2

 3    Case:  CAMP vs RODRIGUEZ, ET AL.

 4        DECLARATION UNDER PENALTY OF PERJURY

 5        I declare under penalty of perjury that
 6    I have read the entire transcript of my Depo-
      sition taken in the captioned matter or the
 7    same has been read to me, and the same is
      true and accurate, save and except for
 8    changes and/or corrections, if any, as indi-
      cated by me on the DEPOSITION ERRATA SHEET
 9    hereof, with the understanding that I offer
      these changes as if still under oath.

10

11        _____

12            Kefvon J. Camp

13

14            NOTARIZATION OF CHANGES

15                (If Required)

16

17    Subscribed and sworn to on the  30  day of

18

19    ____May_____, 20 26 before me,

20

21    (Notary Sign) _____

22

23    (Print Name) KEFVON J. CAMP      Notary Public,

24

25    in and for the State of  CA _____
```



1   Reference No.: 12729511
    Case:  CAMP vs RODRIGUEZ, ET AL.
2

3   Page No. 11  Line No. 22  Change to: Inmate Johnez

4   _____

5   Reason for change: _____

6   Page No. 16  Line No. 14  Change to: Z-Unit not C

7   _____

8   Reason for change: _____

9   Page No. 18  Line No. 1  Change to: I Viewed the

10  Vedio prior to the 115 hearing not during.

11  Reason for change: _____

12  Page No. 21  Line No. 22  Change to: Z-Unit group

13  room,

14  Reason for change: _____

15  Page No. 24  Line No. 21  Change to: Z-Unit

16  _____

17  Reason for change: _____

18  Page No. 34  Line No. 13  Change to: 602 Log# 579644

19  or 634740

20  Reason for change: _____

21  Page No. 35  Line No. 15  Change to: Cell 109

22  _____

23  Reason for change: _____

24  SIGNATURE: _____  DATE: 5/25/25
    Kefvon J. Camp
25



1   Reference No.: 12729511
    Case:  CAMP vs RODRIGUEZ, ET AL.
2

3   Page No. 47  Line No. 3  Change to: I was on the

4   left side of Z-unit not the right.

5   Reason for change: _____

6   Page No. 69  Line No. 16  Change to: That C.D.C.R

7   employees placed in my file not me.

8   Reason for change: _____

9   Page No. 71  Line No. 9  Change to: was place there

10  to stab me

11  Reason for change: _____

12  Page No. 15  Line No. 22 Change to: Exhibit D (1)

13  and Exhibit D(2) and Exhibit D(3)

14  Reason for change: _____

15  Page No._____ Line No._____ Change to: _____

16  _____

17  Reason for change: _____

18  Page No._____ Line No._____ Change to: _____

19  _____

20  Reason for change: _____

21  Page No._____ Line No._____ Change to: _____

22  _____

23  Reason for change: _____

24  SIGNATURE: _M. Cp_____  DATE: 5/30/25
    Kefvon J. Camp
25



KEFVONJ. CAMP VOL. 1
CAMP VS RODRIGUEZ, ET AL.
Reference NO: 12729511                                    May 30, 2025

Enter into Evidence Exhibit A (1) and A (2)  C.D.C.R.
Rule Violation Report 7399674. Exhibit A (3) nd A (4) is inmate
Edwards # AB7930 Rule violation Report 7399671 showing that
L.T. Valdez dismiss the same R.V.R. for inmate Edwards after
reviewing the vedio footage.

   Entering into Evidence B (1), (2) and (3)  My 602 all 3 levels
Exhibit B (4) being the 3rd level which O.O.A. Granted.

   Entering into Evidence Exhibit C  O.O.G. Overturning the original
602 that was granted and Denied my 602 a day after I entered
my Lawsuit!

   Entering into Evidence  Exhibit D (1), (2)  a 602 that I never
submitted which Ms. Maureen MaKiKo O'Bryan referd to
during our disposition when she asked did I remember
them issueing a new log #? Which I didn't. This is another
document that C.D.C.R. employees falisified! As you can
see that is not my writting.

   Entering into Evidence Exhibit D (3) the only 602 of mine
that was told that I would be getting a new log #. A 602
that has nothing to do with this case.

   Entering Into Evidence Exhibit E (1) nd (2)  Requesting all vedio
footage regarding Rule violation Report log # 7399674


        Do to the overwhelming facts of evidence that C.D.C.R.
employees continue to falsifie documents. I wanted on Record
that I'm offering to settle out for $30,000 U.S. dollars. That
will be my ONly offer!


                                   LCP    5/30/25

ESQUIRE

**Comments:**

The SHO notes the weight of Sergeant R. Rodriguez De La Paz' RVR 7399674, documenting Camp's refusal to return to his assigned cell from yard causing a delay in yard release and Camp's plea of guilty, outweigh the presumption of innocence.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Camp guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was not relied upon to determine the finding in this case.

**Comments:**

1. Review of RVR 7399674, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated. Inmate Camp said, "I am not going in". I gave Inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs.

2. Camp's plea of guilty at the time of the hearing.

3. Review of Sergeant Rodriguez De Le Paz' Body Worn Camera (BWC) footage on 1/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☑ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |

Exhibit - A (1)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privileges | | | | | | | | |
| Phone Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | 61 Days | Yes | ☐ | ☐ | ☑ | ☐ | 02/24/2024 | 04/25/2024 |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | . | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:  with reprimand

☑ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

| Sanction mitigation based on Camp's Mental Health Level of Care. |
|---|

Exhibit - A (2)

**Comments:**

The SHO notes the weight of Edwards' statement, Bed Assignments and Sergeant R. Rodriguez De La Paz' Body Worn Camera footage, outweigh Sergeant Rodriguez De La Paz' RVR 7399621, documenting Edwards' refusal to return to his assigned cell from yard causing a delay in yard release.

Therefore, the preponderance of the evidence reviewed and considered weigh in favor of finding Edwards No Guilty of Delaying a Peace Officer in the Performance of Duties a violation of CCR Title 15, 3005 Conduct (a) Inmates and parolees shall obey all laws, regulations, and local procedures, and refrain from behavior which might lead to violence or disorder, or otherwise endangers facility, outside community or another person.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: Yes

AVSS Impact: The audio/video evidence was relied upon to determine the finding in this case. The decision may have been based at least in part to other evidence that was presented.

**Comments:**

1. Review of RVR 7399671, dated 1/27/2024, authored by Sergeant R. Rodriguez De La Paz, where in it stated. During yard recall Inmate Edwards (AB7930 Z9-105) was refusing to back to his cell from yard. Inmate Edwards said, "I am not going in".

2. Edwards' statement during the hearing. Edwards stated, I didn't hold the cage. The video shows cage 15, I'm not even on that side of the building.

3. Review of Sergeant R. Rodriguez De La Paz' 1/27/2024, Body Worn Camera (BWC) footage. The BWC footage show Sergeant Rodriguez De La Paz speaking to inmates in Yard Modules 11 through 20, who were refusing to exit the yard and return to their assigned cells.

4. Review of Edwards' Bed Assignments in SOMS showed he has been housed in cells Z9-105 (A-Wing) and Z9-112 (B-Wing). Therefore, Edwards would attend yard, in Yard Modules 1 through 10, which are used to provide yard to inmates housed in A-Wing through D-Wing. Yard Module 15, is located on the opposite side of the building and is used to provide yard for inmates housed in E-Wing through H-Wing.

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |

Exhibit A (3)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH-LOC | MH-AOL | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions                    ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)



CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

## OFFICE OF APPEALS DECISION

3rd Level

**Offender Name:** CAMP, KEFVON JEROME
**CDC#:** BC7449
**Current Location:** COR-Facility 04A

**Date:** 06/13/2024

**Current Area/Bed:** 04AA1LC1 - 043001L

Log #: 000000534790

**Claim #  001**
**Received at Institution/Parole Region:**    Salinas Valley State Prison
**Submitted to Facility/Parole District:**    SVSP-RHU-CCCMS
**Housing Area/Parole Unit:**
**Category:**  Offender Discipline                                        **Sub-Category:** Serious Rules Violation Report

### I. ISSUE ON APPEAL

It is appellant's position that body-worn camera footage proves that the reporting employee falsified Rules Violation Report,Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3005(a), 3315(j), 3320(l), 3483(g)(1), 3485(g)(2)(A); Department Operations Manual, sections 52080.3.3, 54100.20.1, 54100.20.3; Penal Code, section 2932; Director, Division of Institutions, August 20, 2018, Memorandum: Compliance with PC 2932 in Documenting Evidence Relied Upon and Considered During Disciplinary Hearings; Director, Division of Adult Institutions, January 4, 2023, Memorandum: Reiteration of Policy Regarding Inmate Submitted Grievances Disputing the Outcome of Rules Violation Reports and Deliver of Rules Violation Reports

#### B. DOCUMENTS CONSIDERED

Grievance and Appeal Log No. 531790; Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties)

### III. REASONING AND DECISION

Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) Disciplinary Hearing Results document that appellant attended the hearing on February 24, 2024, did not request witnesses, plead guilty, and declined to make a statement as to defense. Pursuant to Title 15, section 3320(l), the official conducting the disciplinary hearing shall base any finding of guilt upon determination that a preponderance of evidence submitted at the hearing substantiates the charge. To meet the standard of preponderance, the evidence need only support that the violation most likely occurred, as opposed to evidence that must eliminate any reasonable doubt to prove guilt in a court of law. It is reasonable to conclude that video footage clearly depicting an event provides evidence beyond a reasonable doubt. The hearing official documented that the report and appellant's plea of guilty outweighed the presumption of innocence but noted in the Evidence section, "BWC footage did not show Camp refusing to exit the yard module and return to his cell." Director, Division of Adult Institutions, January 4, 2023, Memorandum: Reiteration of Policy Regarding Inmate Submitted Grievances Disputing the Outcome of Rules Violation Reports and Deliver of Rules Violation Reports reiterates the expectation that Office of Grievances' response to Rules Violation Report claims documents that the fact gatherer considered the sufficiency of the evidence and whether the finding was supported by a preponderance of evidence. Office of Grievances' response does not indicate that the fact gatherer reviewed body-worn camera footage to ensure the sufficiency of evidence to support the finding or interviewed the reporting employee or hearing official to assist in addressing appellant's claim. Based on the preponderance of evidence available at time of review, Office of Grievances' decision is not proper. For these reasons, the claim is granted.

Exhibit B(1)

**IV. REMEDY**

Office of Grievances shall open a new offender grievance tracking log number, gather and preserve all relevant evidence, to include video evidence, conduct necessary interviews, and answer this claim on the merits. Specifically, address whether body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Reviewing Authority | 06/13/2024 |

STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

579644

2nd Level

**SVSP**
DEPARTMENT OF CORRECTIONS AND REHABILITATION
JUN 1 3 2024
Office of Grievance Page 1 of 2

Received

OOA RECEIVED
STAFF USE ONLY
APR 17 2024

| | |
|---|---|
| OGT Log No: | 000000534790 |
| Decision Due Date: | |
| Categories: | |

Date Received:

**Claimant Name:** CAMP, KEFVON JEROME     **CDCR #:** BC7449

**Institution/Parole Region:** _____     **Current Housing/Parole Unit:** _____

OOA Review

Imminent Risk: Y / **N**
Granted: _____
OOG Jurisdiction: Y / **N**
Granted: _____

**STAFF USE ONLY**

_____ Date: 4/18/24

*Use this form to appeal a decision or a remedy by the Office of Grievances.*

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000534790     **Claim No:** _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* If You Veiw the footage from my 115, It will show another Inmate on the Other Side of the building in a Cage that I was Never in. Also if You read my 602 the Other Inmate I mention along with 4 other Inmates he found Not Guilty do to the Vedio, the Evidence out weights my addmission It Clearly shows its not even Possible for me to even be in that Cage. Now I want You to see the Staff Misconduc and how there falsifing evidence and then writing people up for it. This is a Federal offence and something needs to be done about this. Thats Sgt. R. Rodriguez De La Paz that

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the
Office of Grievances when reviewing your appeal, but will **not** consider any new documentation.
Therefore, it is recommended you not attach any documentation to this form.
**Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _____     **Date Signed:** 4/10/24

*ADA Accessible*

Exhibit B (2)

STATE OF CALIFORNIA

APPEAL OF GRIEVANCE

CDCR 602-2 (Rev. 01/22)

CONTINUATION PAGE

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

OGT Log No: _____000000534790_____     Claim No: _____

Explain the reason for your appeal. Be as specific as you can.

*I am dissatisfied with the response I was given because* wrote the IIS along with the Falisied footage L.T. M. Valdez Who seen this video, Yet still found me guilty. The Staff Misconduct among'st these ranking officers is displayed. Even of a Cpt ~~to~~ ~~and~~ CPL. Constantino. You should review my 602. I did on her Where she was the hearing Officer on. Grievance. log # 514691 . Where they went as far as placing an Inmate in my Cell to Attack me while on Single. cell status for protection Reason, it's all in that 602. the evidence is very desturbing and overwhelming. so I would Apreciate if You reached out and have someone talk to me about these issue's because they try to have me Killed! Because there placing in my C-File that I've been on two S.N.Y. Yards, when I've Never be S.N.Y. See me Bed Assingment Sheet and You'll see what I'm talking about. And if You know prison You'll See how there trying to get me Killed.

*ADA Accessible*

SVSP

JUN 1 3 2024

Office of Grievance

Received

CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

579044

# OFFICE OF GRIEVANCES DECISION

1ˢᵗ Level

| | |
|---|---|
| **Offender Name:** CAMP, KEFVON JEROME | **Date:** 03/30/2024 |
| **CDC#:** BC7449 | |
| **Current Location:** COR-Facility 04A | **Current Area/Bed:** 04AA1LC1 - 043001L |

**Log #:** 000000534790

## Claim #: 001

**Received at Institution/Parole Region:** Salinas Valley State Prison
**Submitted to Facility/Parole District:** SVSP-STRH
**Housing Area/Parole Unit:**
**Category:** Offender Discipline                    **Sub-Category:** Serious Rules Violation Report

### I. CLAIM

Mr. Camp, Kefvon J. is disputing Rules Violation Report (RVR) Log #7399674.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Departmental Operations Manuel (DOM) 33030.3.1 Employee Conduct
California Codes and Regulations (CCR) Title 15 Section 3391 Employee Conduct
CCR Title 15 Section 3315 Serious Rules Violation

#### B. DOCUMENTS CONSIDERED

Grievance log #534790

### III. REASONING AND DECISION

A review of the RVR Log #7399674 indicates Mr. Camp was charged with California Code of Regulations (CCR) Title 15 Section 3005(a) Conduct, specifically act of "Delaying a Peace Officer in the Performance of Duties".

All regulatory time limits were met regarding the issuance and adjudication of the RVR. The grievant was afforded the opportunity to submit documentary evidence in defense or mitigation of the charges. The grievant failed to provide the Senior Hearing Officer (SHO) substantiated evidence to refute the Reporting Employee's (RE) report. SHO articulated the evidence relied upon, SHO established preponderance of evidence sufficient to support a guilty finding. The Chief Disciplinary Officer (CDO) approved the RVR on March 08, 2024. Staff issued Mr. Camp's final copies on March 10, 2024, which is within the five (5) days per policy. There is no additional or relevant information that would alter the guilty finding of the RVR; therefore, conducting the RVR process again is unwarranted. As such, the sanction imposed by the SHO was appropriate and not a violation of policy or procedure.

Upon conducting a thorough grievance inquiry, it has been determined staff is doing their job in a professional manner and follows policies and procedures. The grievant was afforded a fair hearing by an unbiased SHO. The grievant had the opportunity to present his defense and request witnesses and/or evidence during the hearing. The SHO documented a preponderance of evidence to determine a finding of guilt and assessed a disposition consistent with the offense. There is no evidence which would suggest staff violated any policy or procedures.

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to disapprove the claim. There is no evidence to support Mr. Camp's allegations of staff misconduct, and as such, this grievance requires no further action.


Exhibit B (3)

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Aguilera [AGHE001] | Reviewing Authority | 03/29/2024 |



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

4A1L-043

## OFFICE OF GRIEVANCES DECISION

**Offender Name:** CAMP, KEFVON JEROME
**CDC#:** BC7449
**Current Location:** COR-Facility 04A

**Date:** 08/09/2024

**Current Area/Bed:** 04AA1LC1 - 043001L

**Log #:** 000000579644

### Claim #: 001

**Received at Institution/Parole Region:**    Salinas Valley State Prison
**Submitted to Facility/Parole District:**    Salinas Valley State Prison
**Housing Area/Parole Unit:**
**Category:** Offender Services          **Sub-Category:** Other Services - NOS
**I. CLAIM**

It is appellant's position that body-worn camera footage proves that the reporting employee falsified Rules Violation Report Log No. 7399674 (Delaying a peace officer in the performance of duties) and outweighs the report and appellant's plea but the hearing official found appellant guilty.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

California Code of regulations (CCR), Title 15, Section 3315
California Code of regulations (CCR), Title 15, Section 3320

#### B. DOCUMENTS CONSIDERED

Grievance Log# 579644
Rules Violation Report# 7399674

### III. REASONING AND DECISION

An inquiry of Strategic Offender Management System (SOMS) review of Camp's disciplinary history was conducted. Based on information obtained through review of disciplinary hearings results for RVR Log # 7399674, it was determined the RVR was served within fifteen (15) days of discovery. Camp did not meet the criteria for a Staff Assistant and Investigative Employee. Camp received all information 24 hours prior to his hearing. The Hearing Held on 02/24/2024 by Senior Hearing Officer (SHO). The hearing was held within 30 days of service. Inmate Camp received "Inmate Copy Served Disciplinary Hearing Results" on 03/10/2024.
Audio Video Surveillance System (AVSS) of Body Worn Camera (BWC) Z Program Sgt ASU 280371 on 01/27/2024 between the period 11:58 hour and 12:01 hour was conducted. The BWC footage does not display Camp on video. Upon review, reporting employee noted the time of rule violation was at 1140 hour. The incorrect time frames were requested for Camp's RVR# 7399674 - Delaying a Peace Officer in the Performance of Duties. No other footage of 01/27/2024 is available for review. Senior Hearing Officer (SHO) did note during hearing the AVSS being available, but AVSS was not impactful and audio/video evidence was not relied upon to determine the finding in this case. SHO also annotated in the Evidence section, "3. Review of Sergeant De Le Paz' Body Worn Camera (BWC) footage on 01/27/2024. BWC footage did not show Camp refusing to exit the yard module and return to his cell."
Sergeant Rodriguez De La Paz was interviewed regarding Camp's RVR# 7399674. Sergeant Rodriguez De La Paz confirmed that Camp was given a direct order to return to his cell from the yard module. Camp refused to comply with his orders to come to the food port and placed in handcuffs. Camp remained in the yard module for approximately 2 hours taking Z9 yard hostage. Sergeant Rodriguez De La Paz confirmed the time of violation was approximately 1140 hours and not between 11:58 - 1201 hour.


Exhibit C

Senior Hearing Officer Lt. M. Valdez was interviewed regarding Camp's RVR# 7399674. SHO said the AVSS was not relied upon to determine the finding in this case. SHO used the reporting employee report where in it stated. Inmate Camp said, "I am not going in". I gave inmate Camp a direct order to go back to his cell. Inmate Camp did not comply he refused to come to the food port and be placed in handcuffs. Camp pleaded guilty at the time of the hearing. Based upon the reporting employee report and Camp's guilty plea, the preponderance of the evidence reviews and considered weight in favor a guilty finding. Camp attempted to change his plea of guilty to not guilty after the hearing was already completed upon learning the AVSS did not show Camp on video footage. Camp was afforded the opportunity to view the video footage and accepted on 01/31/24 at approximately 1020 hours. Camp signed the RVR - Evidence Review CDC-128-B acknowledgement.

The AVSS footage was not relied upon to make the determination of guilt. Reporting employee narrative of the report and Camp's admission of guilt was sufficient to prove a preponderance of evidence to determine guilt. Camp neglected to provide a defense by not calling witnesses or provide evidence to discredit the reporting employee and dispute the AVSS footage during his hearing. The claim is disapproved and no violation of CDCR policy was discovered.

**IV. Comments**

**Decision: Denied**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to DENY this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

| Staff Signature | Title | Date/Time |
|---|---|---|
| L. Pennisi [PELE006] | Reviewing Authority | 08/08/2024 |



CALIFORNIA DEPARTMENT *of*
**Corrections and Rehabilitation**

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CAMP, KEFVON J.                    **CDC#:** BC7449

**Date:** 06/18/2024

**Current Location:** COR-Facility 04A            **Current Area/Bed:** 04AA1LC1043001L

**From:** Office of Grievances at Salinas Valley State Prison

**Re:** Log # 000000579644
*534790*

The California Department of Corrections and Rehabilitation Office of Grievances at Salinas Valley State Prison received your grievance on 06/13/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 08/13/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

Exhibit 
D (1)

STATE OF CALIFORNIA    Case 1:24-cv-04771-RMI    Document 25    Filed 08/13/25    Page 19 of 26    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**GRIEVANCE**
CDCR 602-1 (Rev. 01/22)

SVSP

Page 1 of 2

| **STAFF USE ONLY** | OGT Log No: 579644    Date Received: JUN 13 2024 Office of Grievance |
|---|---|
| | Decision Due Date: _____ |
| | Categories: _____    Received |

Claimant Name: _CAMP_    CDCR #: _BC7449_

Institution/Parole Region: _SCOR_    Current Housing/Parole Unit: _____

**STAFF USE ONLY**

---

_Use this form to file a complaint with the Department._

**In order for the Department to understand your complaint, please answer all of the following questions:**

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *What specific action would resolve your complaint?*

> *NOTE: Attach documents that help support your complaint (identify the documents if you do not have them).*

OOA grant #534790

Exhibit- D(2) 

*ADA Accessible*

STATE OF CALIFORNIA

**GRIEVANCE**

CDCR 602-1 (Rev. 01/22)

CONTINUA PAGE

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 2 of 2

---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---
---

**Claimant Signature:** _____    **Date Signed:** _____

*ADA Accessible*



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

Property out

## CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** CAMP, KEFVON J.          1st Level          **CDC#:** BC7449

**Date:** 08/01/2024

**Current Location:** COR-Facility 04A                    **Current Area/Bed:** 04AA1LC1043001L

**From:** Office of Grievances at California State Prison, Corcoran

**Re: Log # 000000602305**

The California Department of Corrections and Rehabilitation Office of Grievances at California State Prison, Corcoran received your grievance on 08/01/2024. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 10/01/2024.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

The only GO2 issued with a new log# was this one, further proving the trail of Falisfied documents!!

Exhibit D(3)



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# OFFICE OF APPEALS DECISION

**Offender Name:** CAMP, KEFVON JEROME          **Date:** 07/10/2024
**CDC#:** BC7449
**Current Location:** COR-Facility 04A          **Current Area/Bed:** 04AA1LC1 - 043001L

Log #:  000000555844

## Claim #  001

**Received at Institution/Parole Region:**   California State Prison, Corcoran
**Submitted to Facility/Parole District:**   California State Prison, Corcoran
**Housing Area/Parole Unit:**
**Category:** Offender Resources          **Sub-Category:** Property

### I. ISSUE ON APPEAL

You are appealing the grievance decision to reassign your claim to Salinas Valley State Prison.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, section 3483(g)(5)(A)

#### B. DOCUMENTS CONSIDERED

Grievance and Appeal Log No. 555844

### III. REASONING AND DECISION

You claim on January 14, 12024, while housed at Salinas Valley State Prison you were placed in the Restricted Housing Unit and your property was packed and inventoried, and when you received your property items were missing. The majority of the facts are primarily located at Salinas Valley State Prison; therefore, your claim was correctly reassigned. Additionally, your claim is being addressed in log no. 556938. However, you submitted two grievance forms, and they were combined into log no. 555844, but the claims on the second grievance form (pages 7 and 8) were not entered into the Offender Grievance Tracking system or addressed. Thus, this claim is granted.

### IV. REMEDY

The Office of Grievances at the California State Prison, Corcoran shall open a new grievance, address your claim on the second grievance form regarding an incident at the California State Prison, Corcoran on April 27, 2024, and upload all supporting documentation related to your claim to the Offender Grievance Tracking system.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| A. Delgado [DEAL047] | Reviewing Authority | 07/09/2024 |

CORCORAN STATE PRISON

NAME _Keton Camp_

CDCR NUMBER _BC7449_

HOUSING _4A2L43_

PO BOX _3476_

CORCORAN, CA 93212

**STATE PRISON**
**GENERATED MAIL**

Legal Mail

U.S. MARSHALS SERVICE

INSPECTED BY

JUL 31 2025



CORCORAN
STATE PRISON

FIRST-CLASS

US POSTAGE and PITNEY BOWES

ZIP 93212
02 7W
000804 1095 JUL 28 2025

$ 001.32°

Office Of The Clerk, U.S. District C.H
Northern District Of California
3140 Boeing Avenue
McKinleyville, CA 95519

Please docket this
in 1:24-cv-04771

RECEIVED

AUG 1 3 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

100056

7/27/25

INDIGENT

OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
3140 BOEING AVENUE
MCKINLEYVILLE, CALIFORNIA 95519

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE

RECEIVED

AUG 1 8 2025

F. CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States Courthouse
450 Golden Gate Ave
San Francisco CA 94102

PITNEY BOWES
$2.44 0
US POSTAGE FIRST-CLASS
2000178040
ZIP 95519
AUG 08 2025

