Rob Bonta
Attorney General of California
William C. Kwong
Supervising Deputy Attorney General
Nasstaran Ruhparwar, State Bar No. 263293
M. Makiko O'Bryan, State Bar No. 356803
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-4435
  Fax:  (415) 703-5843
  E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
*Attorneys for Defendant M. Valdez*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **KEFVON JEROME CAMP,**<br><br>                            Plaintiff,<br><br>    v.<br><br>**R. RODRIGUEZ, et al.,**<br><br>                            Defendants. | 1:24-cv-04771-RMI<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL IN ECF NO. 26**<br><br>Judge:     The Honorable Robert M. Illman<br>Trial Date:  Not set<br>Action Filed: August 6, 2024 |

## INTRODUCTION

On April 16, 2025, the Court denied Plaintiff's motion to appoint him counsel. (ECF No. 21.) On August 14, Plaintiff moved to reconsider its order and asked the Court to appoint him an attorney, arguing that his *pro se* and incarceration status rendered him unable to properly investigate and articulate his claims. (ECF No. 26.) However, those arguments do not establish the required exceptional circumstances that would warrant the appointment of counsel. Rather, they are common to incarcerated *pro se* plaintiffs, and those plaintiffs have been able to successfully litigate their claims. Moreover, the history in this case shows that Plaintiff is able to articulate his claims *pro se* as well.

1

1  Accordingly, Plaintiff failed to demonstrate exceptional circumstances exist that would
2  require appointment of counsel. Therefore, his motion should be denied.

### ARGUMENT

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff's due-process claim is not complex. Furthermore, although the Court has found that Plaintiff's complaint states a cognizable claim, at this juncture–especially before the Court rules on Defendant's summary-judgment motion—neither Defendant nor the Court can determine the likelihood of success on the merits of Plaintiff's claims.

Plaintiff argues that he lacks the ability to investigate facts and to obtain evidence. However, that is an issue that is common to other *pro se* plaintiffs. Furthermore, Plaintiff had ample opportunity to serve discovery requests on Defendant to investigate and obtain evidence, but failed to do so. Hence, his feigned inability to investigate facts and to obtain evidence does not establish the required exceptional circumstances to warrant the appointment of counsel.

As to the allegation that Plaintiff is "barred from accessing certain records essential to his case" (*see* ECF No. 26, at 2:22-34), Plaintiff fails to specify what those records are. Moreover, other incarcerated individuals proceeding *pro se* have been able to successfully litigate their cases, including opposing summary-judgment motions, and the history in this case shows that Plaintiff is able to articulate his claims *pro se* as well.

In addition, defense counsel is unaware of a filing deadline Plaintiff missed. In fact, the only filing that was due by Plaintiff was his opposition to Defendant's summary-judgment motion, and Plaintiff even filed it nine days before it was due. (*See* ECF No. 27.) Likewise, Plaintiff's alleged incarceration in the SHU/RHU did not impact Plaintiff's ability to timely file his opposition. If Plaintiff's housing circumstances ever impact his ability to timely file pleadings, he can always seek an extension.

With respect to Plaintiff's alleged issues with the e-filing process at CSP-Corcoran (COR), neither Defendant (who works at Salinas Valley State Prison) nor defense counsel have any influence on how e-filing is handled at COR.[1]

Last but not least, defense counsel disputes that they improperly directed Plaintiff to e-file documents and it is unclear at what point during Plaintiff's deposition they allegedly did that.

## CONCLUSION

Based on the foregoing, Plaintiff failed to demonstrate exceptional circumstances exist that would require appointment of counsel.  Therefore, his motion should be denied.

Dated:  August 27, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
M. MAKIKO O'BRYAN
Deputy Attorney General


*/s/ Nasstaran Ruhparwar*
NASSTARAN RUHPARWAR
Deputy Attorney General
*Attorneys for Defendant M. Valdez*

SF2024402768
44777786.docx

---

[1] Per the Court's order in ECF No. 29, COR's Warden will respond to Plaintiff's corresponding allegations in ECF No. 28 by September 15, 2025.

# CERTIFICATE OF SERVICE

Case Name: **_Kefvon J. Camp (BC7449) v. R. Rodriguez, et al._**  No. **1:24-cv-04771-RMI**

I hereby certify that on <u>August 27, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL IN ECF NO. 26**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>August 27, 2025</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Kefvon Jerome Camp, BC7449**
**California State Prison - Corcoran**
**P.O. Box 3476**
**Corcoran, CA  93212**
_In Pro Per_

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 27, 2025</u>, at San Francisco, California.

| H. Su | _/s/ H. Su_ |
|:---:|:---:|
| Declarant | Signature |

SF2024402768
44777824.docx