ROB BONTA  
Attorney General of California  
WILLIAM C. KWONG  
Supervising Deputy Attorney General  
NASSTARAN RUHPARWAR, State Bar No. 263293  
M. MAKIKO O'BRYAN, State Bar No. 356803  
Deputy Attorneys General  
  455 Golden Gate Avenue, Suite 11000  
  San Francisco, CA 94102-7004  
  Telephone: (415) 510-4435  
  Fax: (415) 703-5843  
  E-mail: Nasstaran.Ruhparwar@doj.ca.gov  
*Attorneys for Defendant M. Valdez*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **KEFVON JEROME CAMP,**<br><br>                      Plaintiff,<br><br>v.<br><br>**R. RODRIGUEZ, et al.,**<br><br>                      Defendants. | 1:24-cv-04771-RMI<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:    The Honorable Robert M. Illman<br>Trial Date:  Not set<br>Action Filed: August 6, 2024 |

**TABLE OF CONTENTS**

**Page**

Introduction .................................................................................................................................... 1

Preliminary Comment ..................................................................................................................... 2

Argument ........................................................................................................................................ 2

    I.     Plaintiff's Due Process Claim is *Heck*-Barred ....................................................... 2

    II.    Plaintiff's RVR Hearing Complied With The Requirements Pursuant to *Wolff v. McDonnell* And *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill* ....................................................................................................... 3

    III.   Plaintiff's Arguments About His Alleged Attempts To E-File Documents Are a Red Herring ............................................................................................... 4

    IV.   Defendant is Entitled to Qualified Immunity ........................................................ 4

Conclusion ...................................................................................................................................... 5

i

Def.'s Reply ISO Mot. Summ. J. (1:24-cv-04771-RMI)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Heck v. Humphrey*
    512 U.S. 477 (1994) ................................................................................................ 1, 2

*Bounds v. Smith*
    430 U.S. 817 (1977) ................................................................................................ 1, 4

*Muhammad v. Close*
    540 U.S. 749 (2004) ................................................................................................ 1, 3

*Pearson v. Callahan*
    555 U.S. 223 (2009) ....................................................................................................4

*Scott v. Harris*
    550 U.S. 372 (2007) ....................................................................................................3

*Silva v. Di Vittorio*
    658 F.3d 1090 (9th Cir. 2011) ................................................................................ 1, 4

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*
    472 U.S. 445 (1985) ............................................................................................ 1, 3, 4

*Wolff v. McDonnell*
    418 U.S. 539 (1974) ............................................................................................ 1, 3, 4

**STATUTES**

California Code of Regulations, Title 15
    § 3005(a) ......................................................................................................................2
    § 3043(a) ......................................................................................................................2

California Penal Code
    § 3041(a)(2) .................................................................................................................2

ii

Def.'s Reply ISO Mot. Summ. J. (1:24-cv-04771-RMI)

**INTRODUCTION**

Plaintiff alleges that Defendant violated his Due Process rights during the hearing on Plaintiff's Rules Violation Report (RVR). Defendant was the Senior Hearing Officer assigned to adjudicate Plaintiff's RVR. He moved for summary judgment because the undisputed facts establish that Plaintiff's Due Process claim fails.

First, Plaintiff's claim is barred under *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Second, the undisputed facts establish that the Due Process requirements under *Wolff v. McDonnell*, 418 U.S. 539 (1974) are met. Moreover, Defendant's decision to find Plaintiff guilty of delaying a peace offer in performance of his duties was supported by evidence in compliance with *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985).

Last but not least, Defendant is entitled to qualified immunity because there is no clearly establish law that a Senior Hearing Officer violates an incarcerated person's Due Process rights if the Hearing Officer fails to inquire about the availability of additional video footage after he had already determined that the available footage did not depict Plaintiff and there was no indication that there was any other footage available. In fact, Plaintiff admitted during his deposition that the video footage he saw prior to the RVR hearing did not depict him. His allegation that there should be other footage available is unfounded and not supported by the record.

Plaintiff fails to dispute the above facts. Moreover, Plaintiff's arguments to support his claim against Defendant are unconvincing. First, Plaintiff's reliance on *Muhammad v. Close*, 540 U.S. 749 (2004) to argue that his claim is not *Heck*-barred fails because *Muhammad* is distinguishable because it does not concern a claim arising out of an RVR hearing. Second, Plaintiff's argument that the Office of Appeals (OOA) granted his grievance after they reviewed the BWC footage is factually wrong. The OOA never stated that they reviewed the footage of the body worn camera. Likewise, Plaintiff's argument that Defendant is not entitled to qualified immunity fails because the cases he relied on, *i.e., Bounds v. Smith*, 430 U.S. 817 (1977) and *Silva v. Di Vittorio*, 658 F.3d 1090, 1097 (9th Cir. 2011), do not even deal with qualified immunity.

Based on the foregoing, summary judgment should be entered in favor of Defendant.

1

Def.'s Reply ISO Mot. Summ. J. (1:24-cv-04771-RMI)

**PRELIMINARY COMMENT**

Under the heading "Issues Presented" in ECF No. 24-1 at 9:12, defense counsel inadvertently and incorrectly typed that Defendant found Plaintiff guilty of "conspiring to possess a cell phone" in ECF No. 24-1 at 9:12.  However, the remaining portions or the memorandum make clear that Defendant found Plaintiff guilty of delaying a peace officer in the performance of duties in violation of Cal. Code Regs., Title 15, section 3005(a).  (*See* ECF No. 24-1, at 5:5, 5:27, 6:6, 7:11-12, 3:27-28, 8:26, 12:14-15, 13:26-27, 14:6-8, 14:26, 15:14-15.)  Therefore, unless the Court instructs Defendant otherwise, Defendant will not file a notice of errata.

**ARGUMENT**

**I.    PLAINTIFF'S DUE PROCESS CLAIM IS *HECK*-BARRED**

The Supreme Court held that to prevent a dismissal of his cause of action, a plaintiff, whose section 1983 claim arose from "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid," needed to prove that he had first overturned his conviction or sentence in another proceeding.  *Heck v. Humphrey,* 512 U.S. 477, at 486–87.  The requirement that a criminal defendant first obtain a favorable termination of his conviction before filing a malicious prosecution claim ensured that he could not collaterally "challeng[e] the validity of [an] outstanding criminal judgment[ ]" via a "civil tort action[ ]." *Id.* at 486.

Here, Defendant's ruling on Plaintiff's RVR resulted in a loss of good-time credits of 61 days.  (ECF no. 24-3 (Defendant's declaration), at ¶ 10; ECF no. 24-4 (declaration of H. Aguilera (Aguilera Decl.), at ¶ 5; ECF no. 24-6 (declaration of Nasstaran Ruhparwar (Ruhparwar Decl.), at ¶ 2, Ex. A, at 32:13-19; 33:10-11.)  Under Cal. Code Regs., Title 15, section 3043(a), and Cal. Pen. Code section 3041(a)(2), the loss of 61 days of credit extends the period of confinement for a parole-eligible inmate by advancing the initial parole hearing date. Consequently, losing 61 days good-time credit directly impacted the length of Plaintiff's sentence.  As a result, finding that Defendant violated Plaintiff's Due Process rights during the RVR hearing would necessarily impact the duration of his confinement.

Moreover, the loss of good-time credits has not been invalidated.  (Aguilera Decl., at ¶ 6; Ruhparwar Decl., at ¶ 2, Ex. A, at 34:9-10.)

2

Def.'s Reply ISO Mot. Summ. J. (1:24-cv-04771-RMI)

1  None of Plaintiff's arguments refute the foregoing. *Muhammad v. Close*, 540 U.S. 749 (2004) relied on by Plaintiff is distinguishable. *Muhammad* dealt with plaintiff's retaliation claim against a prison officer after the prison officer charged him with threatening behavior following an incident in the dining area. (*Id.,* 752-753.) Here, Defendant did not charge Plaintiff with delaying a peace officer in the performance of duties. Defendant was merely the Senior Hearing Officer pertaining to Plaintiff's RVR. Therefore, Plaintiff's reliance on *Muhammad* is misplaced.

Based on the foregoing, the *Heck*-bar applies and Plaintiff's claim should be dismissed.

## II. PLAINTIFF'S RVR HEARING COMPLIED WITH THE REQUIREMENTS PURSUANT TO *WOLFF V. MCDONNELL* AND *SUPERINTENDENT, MASSACHUSETTS CORR. INST., WALPOLE V. HILL*

Defendant's summary judgment motion sets forth that the RVR hearing complied with the Due Process requirements established in *Wolff v. McDonnell*, 418 U.S. 539 (1974). (ECF no. 24-1, at 13:4-14:16.)

To rebut it, Plaintiff alleges that he was summoned to the RVR hearing without any prior written notice. However, Plaintiff's allegation is blatantly contradicted by the record, which shows that Plaintiff received written notice of the RVR on January 31, 2024 – almost one month before the hearing—and Plaintiff even admitted it during his deposition. (Valdez Decl.*,* at ¶¶ 9-10, Ex. B, p. 1; Ruhparwar Decl., at ¶ 2, Ex. A, at 16:19-17:5; 51:10-17.) Moreover, Plaintiff claims that "meaningful barriers prevented his meaningful defense" (ECF no. 27, at 14-15), but the record clearly shows that he was given the opportunity to call witnesses and present documentary evidence in his defense (*see* Valdez Decl., at ¶ 15).

Accordingly, Plaintiff's attempt to create a triable issue of fact fails. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.) Therefore, summary judgment should be entered in Defendant's favor.

Likewise, Defendant finding Plaintiff guilty of delaying a peace officer was supported by some evidence in the record, as required under *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985). (ECF No. 24-1, at 14:26-15:13.) Plaintiff's argument that

3

1  the Office of Appeals (OOA) granted his grievance after they reviewed the BWC footage is
2  factually wrong.  The OOA never stated that they reviewed the footage of the body worn camera.
3  Instead, the record shows that the OOA solely granted Plaintiff's grievance based on deficiencies
4  identified within Salinas Valley's initial review of the claim, not because Defendant violated
5  California Department of Corrections and Rehabilitation's policies and procedures.  (ECF no. 24-
6  3 (declaration of C. Ramos), at ¶ 13.)  Moreover, the record shows that the footage that was
7  available did not show even did not show him or the enclosed yards where the incident
8  underlying Plaintiff's RVR, which Plaintiff even admitted in his deposition.  (Ruhparwar Decl., at
9  ¶ 2, Ex. A, at 17:20-18:1, 18:24-21:8; 44:24-45:4.)  Instead, it depicted the enclosed yards on the
10 opposite side of the building.  (*Id.*, at 20:12-21:21; Valdez Decl., at ¶ 14.)

11      Accordingly, Plaintiff's RVR hearing complied with the requirements under *Wolff* and *Hill*.
12 Therefore, Plaintiff's Due Process claim fails.

### III.    PLAINTIFF'S ARGUMENTS ABOUT HIS ALLEGED ATTEMPTS TO E-FILE DOCUMENTS ARE A RED HERRING

15      Defendant's summary judgment motion did not argue that Plaintiff missed a filing deadline
16 or any deadlines in this case.  Therefore, Plaintiff's arguments pertaining to his alleged attempts
17 to e-file documents at his current institution are irrelevant.

### IV.    DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

19      "The doctrine of qualified immunity protects government officials from liability for civil
20 damages insofar as their conduct does not violate clearly established statutory or constitutional
21 rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231
22 (2009).  Here, to Defendant's knowledge, there is no clearly establish law that a Senior Hearing
23 Officer violates an incarcerated person's Due Process rights if he fails to inquire about the
24 availability of additional footage under the instant circumstances.  Thus, reasonable prison staff
25 would not have been aware that Defendant's conduct constituted a constitutional violation.

26      Plaintiff fails to provide any arguments to the contrary.  His reliance on *Bounds v. Smith*,
27 430 U.S. 817 (1977), *abrogated by Lewis v. Casey*, 518 U.S. 343 (1996) and *Silva v. Di Vittorio*,
28

4

Def.'s Reply ISO Mot. Summ. J. (1:24-cv-04771-RMI)

658 F.3d 1090, 1097 (9th Cir. 2011)  is misplaced because they do not deal with qualified immunity.  Therefore, Defendant is entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, the undisputed facts establish that Plaintiff's Due Process claim fails.  Therefore, summary judgment should be granted in favor of Defendant.

Dated:  September 8, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
M. MAKIKO O'BRYAN
Deputy Attorney General


*/s/ Nasstaran Ruhparwar*
NASSTARAN RUHPARWAR
Deputy Attorney General
*Attorneys for Defendant*
*Marcelino Valdez*

SF2024402768
44790070.docx

5

Def.'s Reply ISO Mot. Summ. J. (1:24-cv-04771-RMI)

# CERTIFICATE OF SERVICE

Case Name:   *Kefvon J. Camp (BC7449) v. R. Rodriguez, et al.*   No.   **1:24-cv-04771-RMI**

I hereby certify that on September 8, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On September 8, 2025, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Kefvon Jerome Camp, BC7449**
**California State Prison - Corcoran**
**P.O. Box 3476**
**Corcoran, CA  93212**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 8, 2025, at San Francisco, California.

| H. Su | */s/ H. Su* |
|---|---|
| Declarant | Signature |

SF2024402768
44790262.docx