1   ROB BONTA
    Attorney General of California
2   WILLIAM C. KWONG
    Supervising Deputy Attorney General
3   NASSTARAN RUHPARWAR, State Bar No. 263293
    M. MAKIKO O'BRYAN, State Bar No. 356803
4   Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 510-4435
6    Fax:  (415) 703-5843
     E-mail:  Nasstaran.Ruhparwar@doj.ca.gov
7   *Specially appearing for Acting Chief Deputy Warden
    A. Guillen[1]*

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              EUREKA DIVISION

11

12

| | |
|---|---|
| 13  **KEFVON JEROME CAMP,** | 1:24-cv-04771-RMI |
| 14                           Plaintiff, | **DECLARATION OF NASSTARAN RUHPARWAR IN SUPPORT OF** |
| 15       v. | **ACTING CHIEF DEPUTY WARDEN A. GUILLEN'S FIRST MOTION FOR** |
| 16  **R. RODRIGUEZ, et al.,** | **EXTENSION OF TIME TO RESPONDTO PLAINTIFF'S MOTION** |
| 17                           Defendants. | **IN ECF NO. 28** |
| 18 | Judge:       The Honorable Robert M. Illman |
| 19 | Trial Date:  Not set |
|    | Action Filed: August 6, 2024 |

20

21       I, Nasstaran Ruhparwar, declare:

22       1.     I am a Deputy Attorney General in the California Attorney General's Office, counsel

23   for Defendants.  I am competent to testify to the matters set forth in this declaration and, if called

24   upon by this Court, would do so.  I submit this declaration in support of Acting Chief Deputy

25   Warden A. Guillen first motion to extend the deadline to respond to Plaintiff's motion in ECF No.

26   28.

27   _____

[1] Although Acting Chief Deputy Warden Guillen is not a defendant, defense counsel will
28   file a response to the Court's August 19 order.

                                             1

2.      On August 14, 2025, Plaintiff filed a motion titled "Plaintiff's motion for orders to ensure access to courts and return of legal documents."  (ECF No. 28.)

3.      On August 19, the Court ordered Warden Silva to respond to Plaintiff's motion by September 15.  (ECF No. 29.)  My office then chose to assist Warden Silva with filing his response.

4.      On August 22, I contacted the litigation coordinator at the California State Prison, Corcoran (COR) to schedule a meeting with Warden Silva.  Shortly thereafter, I learned that Warden Silva was away from the institution and that Chief Deputy Warden Guillen will submit Warden Silva's response in his place.

5.      I was informed that Mr. Guillen started corresponding with the litigation coordinator to assist with the investigation of Plaintiff's allegations.  I communicated with the litigation coordinator via email as well.

6.      On September 4, Deputy Attorney General O'Bryan and I met with the litigation coordinator via videoconference to discuss the updated status of their investigation.

7.      The next day, we scheduled a video meeting with Chief Deputy Warden Guillen and the litigation coordinator for September 9 to discuss the outcome of their investigation.  However, the morning of the scheduled meeting, we learned that the litigation coordinator was out of the office for personal reasons.

8.      Once she returns, we will reschedule the meeting with her and Chief Deputy Warden Guillen.

9.      I anticipate that the requested extension should provide sufficient time to complete the tasks set forth in paragraphs 6-7 and to file Acting Chief Deputy Warden A. Guillen's response.

10.      The request to extend the deadline for Mr. Guillen's response will not prejudice Plaintiff, especially because the briefing on Defendant Valdez's summary judgment-motion was recently completed on September 8 (*see* ECF No. 33) and the Court's ruling on said motion is still pending.

2

Ruhparwar Decl. ISO Acting CDW Guillen's 1st Mot. for EOT to Respond to Pl.'s Mot. in ECF No. 28
(1:24-cv-04771-RMI)

11.    The requested extension of time will have minimal impact on the schedule for the case.

12.    This request is not made for any purpose of harassment, undue delay, or any improper reason.

13.    I have not attempted to contact Plaintiff for a stipulated request to extend time because he is a *pro se* state prisoner who is not readily available by phone.

14.    Further, because Plaintiff is a prisoner, it is difficult to deliver this motion on the same day it is filed.  Thus, I am serving this motion by the most reasonably expedient means available, first-class mail.

I declare under penalty of perjury that I have read this document, and its contents are true and correct to the best of my knowledge.

Executed on this 11th day of September 2025 in San Francisco, California.

*/s/ Nasstaran Ruhparwar*
Nasstaran Ruhparwar

SF2024402768
44794158.docx