FILED

SEP 11 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1

United States District Court

2

Northern District of California

3

NO. Case 1:24-CV-04771-RMI

4

5

6  Kelvon Camp # BC7449
   P.O. Box 3476
7  CSP-Corcoran
   Corcoran, CA 93212
8      Plaintiff
9          V.

10  M. Valdez
11  M. Rodriguez
12      Defendant

6  MOTION: Objection to defence
   Objection for Appoint of Counsel

10  Judge: The Honorable Robert M. Illman
11  Trial Date: Not set
12  Action Filed: August 6, 2024

13

14          INTRODUCTION

15  On April 16, 2025, the Court denied Plaintiff's motion to
16  appoint Counsel. (ECF NO. 21.) On August 14 Plaintiff moved to
17  reconsider it's order and asked the court to appoint him an
18  attorney, arguing that his Pro se and incarceration status rendered
19  Unable to properly investigate and articulate his claim. (ECF NO.26)
20  However, those arguments do not establish the required exceptional
21  Circumstances that would warrant the appointment of Counsel.
22  Rather, they are common to incarcerated Pro se Plaintiff's, and
23  those Plaintiff's have been able to successfully litigate their claims.
24  More over, the history in this case shows that Plaintiff is able to
25  articulate his claim Pro se as well. Accordingly, Plaintiff failed to
26  demonstrate exceptional circumstances exist that would require
27  appointment of Counsel. Therefore, his motion shall be denied.
28  Plaintiff's due Process claim is not complex, although the court has

1 found that the Plaintiff's complaint states a cognizable claim.
2 Based on the foregoing, Plaintiff's failed to demonstrate
3 exceptional circumstances exist that would require appointment
4 of Counsel. Therefore, his motion should be denied.
5
6                    ARGUMENT
7        Defence failed to Properly argu or object to all the
8 issues raised in Plaintiff's original motion. Also this
9 request for reconsideration is based on new issues arising.
10 Defence also states that this is a very easy case. Yet
11 there is three Attorney General's. One being the head
12 attorney general of California, On a due Process violation
13 Case! The original Attorney General felt the need to get
14 assisstance from the number One Attorney General of California.
15 While Seeking to denie me Proper representation. When the
16 Plaintiff bearly graduated from high school. Nor does the
17 Plaintiff have any experiance with Civil or criminal laws
18        It's very will established in California and the Courts that
19 an Honorable Judge will appoint Cansel when a Plaintiff is
20 bringing to the Courts attention that the Plaintiff does not feel
21 Capable of moving forward with this case without Proper
22 representation. Plaintiff does not Comprehend nor understand's
23 the law enough to go up against not One, but three Professional
24 Attorney General's. All whom are highly educated in the state
25 law's of California. Under § 28, USC § 1915 (e), (1): the federal
26 Court's, have discretional authority to request an attorney to represent
27 any Person unable to afford cansel in cases brought by indigent litigates.
28 this is not an Mandatory appointment it's a discretionary request. Courts

1  usually consider several factors based on the test from see

2  Plummer V. Grimes, 87 F.3d 1032 (9th cir 1996). or

3  Palmer V. Valdez. 560 F.3d 965 (9th cir 2009). (1) Plaintiffs

4  ability to articulate claims pro see in light of the complexity

5  of the issues. (2.) the likelihood success of the merits.

6       Statue Or Rule Allowing Reconsideration Of Appointment Of

7  Counsel:

8       Once the Court appoints counsel under section 1915 (e.1) it can

9  reconsider withdrawal or change that appointment this authority

10 is inherent to the Courts discretion.

11      Governing Rules And Authority:

12 (1.) 28 USC § 1915 (e.1) discreation to appoint Counsel.

13 (2.) F.R.C. Proc. 60 (b); Grounds for reconsideration orders

14 including mistake, new evidence, or "any other reason justifying

15 relief"

16      Courts Inherent .... Authority

17 Federal courts have the inherent authority to manage there docket

18 including decision of appointment of Counsel.

19      Case Law

20 Hedges V. Resolution Trust Court., 32 F.3d 1360 (9th cir 1994)

21 Courts have broad discreation to deny or revoke appointment of Counsel

22 in civil cases see also Mallard V. U.S district Court, 490 US 296

23 1989 Clarifies that Courts may request but not Compile attorneys

24 to represent Indigent civil litigants.

25      Conclusion

26    If the Courts so denie appointment of Counsel. Plaintiff

27 request the Courts Grant a Stay untill the 9th Circut hear's Plaintiffs

28 appeal.

1  Dated: September 7, 2025

4                                    Respectfully Submited
5                                    Kefvon Camp # BC7449
6                                    CSP-Corcoran 4A1L 43
7                                    P.O. Box 3476
8                                    Corcoran, CA 93212