FILED
SEP 17 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Kefvon Camp CDC#BC7449
PO Box 3476
CDCR: Corcoran State Prison
Cocoran, CA, 93212,

    Plaintiff,

v.

M. Valdez, M. Rodriguez,

    Defendant.

No. Case 1:24-cv-04771-RMI

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiff respectfully opposes Defendant's Motion to Dismiss (ECF No. 33) in its entirety. Defendant's filing not only fails to address the core allegations in Plaintiff's complaint, but improperly expands the issues beyond the original grounds for dismissal, includes prejudicial and speculative content, and relies on shifting justifications to avoid substantive review. Plaintiff further objects to the Defendant's procedural conduct, including the withholding of key deposition pages, improper arguments regarding e-filing, and misrepresentation of Plaintiff's discovery efforts and timing. For these reasons and those stated below, the motion must be denied.

## II. DEFENDANT'S MOTION TO DISMISS IS PROCEDURALLY IMPROPER

Defendant initially filed their Motion to Dismiss based on an erroneous claim that Plaintiff failed to meet discovery deadlines or file supporting documents. However, it was later established that Plaintiff did timely submit his discovery

1

responses via e-filing, which CDCR then failed to process or return. The Court issued an order directing CDCR to return Plaintiff's discovery materials. Rather than withdrawing the motion, the Attorney General shifted arguments, now asserting qualified immunity and attacking the merits of Plaintiff's claims; none of which were part of the original basis for dismissal.

Courts disfavor such post hoc rationalizations. Once a motion is filed based on specific grounds and refuted, a party cannot continue the motion under entirely different arguments. See *Rodriguez v. City of Chicago*, 156 F.3d 771, 776 (7th Cir. 1998) ("A litigant cannot take inconsistent positions in court."). The proper avenue would be a new motion, not an expansion of the original one.

**Moreover, Defendant had the opportunity to move for dismissal earlier in the litigation and declined to do so, instead demanding a jury trial and seeking continuances.** This waiver of dismissal arguments at the earlier stage underscores that the present motion is untimely and improper.

### III. DEFENDANT GOES DOWN RABBIT HOLES AND INTRODUCES IRRELEVANT ISSUES

Defendant repeatedly engages in speculative and irrelevant assertions, particularly regarding a cellphone, which have nothing to do with Plaintiff's due process claims. As noted in Plaintiff's motion for strike, such statements are prejudicial, inflammatory, and legally immaterial. They are offered solely to discredit Plaintiff rather than to advance any legitimate defense. Courts have warned against exactly this type of

2

litigation tactic. See *McKinney v. Reilly*, 1994 WL 527909, at 4 (N.D. Cal. 1994) ("irrelevant material introduced solely to cast aspersions should be stricken").

**IV. SELECTIVE SUBMISSION OF DEPOSITION TRANSCRIPT**

Plaintiff notes that certain pages from his deposition were not included in Defendant's submission. While not central to the merits of this motion, those omitted pages contained lines of questioning that were improper and beyond the scope of discovery—such as asking about Plaintiff's communication with other inmates with their unrelated litigation. This selective exclusion presents an incomplete record, which could unfairly prejudice Plaintiff. Even if not dispositive, the Court should be aware of these omissions under Fed. R. Civ. P. 32(a)(6).

**V. QUALIFIED IMMUNITY DOES NOT APPLY**

In ECF No. 33, Defendant asserts qualified immunity. However, under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), "Government officials are not entitled to qualified immunity when they violate clearly established statutory or constitutional rights of which a reasonable person would have known."

Here, Plaintiff alleged that the defendant:
- Issued a false disciplinary write-up;
- Withheld exculpatory evidence;
- Violated procedural due process during a disciplinary hearing;
- Refused to provide surveillance footage to Plaintiff, in violation of the Armstrong Remedial Plan (see *Armstrong v. Newsom*, et al), the CDCR Title 15 Regulations, and the Department Operations Manual (DOM);

3

- Was aware Plaintiff was not on the body-worn camera (BWC) footage, making the footage crucial to Plaintiff's defense.

These policies and procedures are clearly established. The defendant had a legal obligation to preserve and disclose relevant evidence and to ensure Plaintiff received due process. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Brady v. Maryland*, 373 U.S. 83 (1963).

VI. PLAINTIFF WAS DENIED ACCESS TO EVIDENCE IN VIOLATION OF ARMSTRONG REMEDIAL PLAN, DOM, AND TITLE 15

The denial of access to surveillance footage was a direct violation of clearly established CDCR regulations and the Armstrong Remedial Plan. Defendant had both the authority and obligation to make this evidence available. Moreover, Defendant admitted Plaintiff was not seen on the BWC footage, which is why the withheld footage was critical. The refusal to allow Plaintiff to view it amounts to spoliation and a due process violation.

**VII. DEFENDANT'S ARGUMENTS ABOUT E-FILING ARE PRETEXTUAL**

Defendant faulted Plaintiff for not e-filing certain responses but fails to disclose that:

- The Attorney General *told* Plaintiff to e-file
- CDCR/Corcoran State Prison only allows e-filing for initial conditions of confinements complaints
- Plaintiff's filings were taken by staff and never returned
- CDCR failed to process those filings, leading to Plaintiff missing deadlines
- Plaintiff was wrongly listed as having attorney representation, which blocked him from filing.

These facts demonstrate systemic interference, and support

4

Plaintiff's renewed motion for appointment of counsel.

**VIII. REQUEST FOR RELIEF**

Based on the foregoing, Plaintiff respectfully requests that this Court:

1. Deny Defendant's Motion to Dismiss (ECF No. 33) in its entirety
2. Strike any irrelevant or prejudicial portions of Defendant's filing, including references to the cellphone or any other inmates' cases, inter alia
3. Reinstate the case from where it procedurally left off before these improper delays
4. Grant appointment of counsel for all the reasons previously raised and incorporated by reference.

September 14, 2025,

Respectfully submitted,

*/s/ Kefvon Camp*

Kefvon Jerome Camp,

Plaintiff Pro Se

BC7449