FILED

SEP 29 2025

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Kefvon Camp #BC7449
PO Box 3476
CSP-Corcoran
Cocoran, CA, 93212,

        Plaintiff,

v.

M. Valdez, M. Rodriguez,

        Defendant.

No. Case 1:24-cv-04771-RMI

**PLAINTIFF'S OBJECTION AND MOTION TO STRIKE RESPONSE OF ACTING CHIEF DEPUTY WARDEN A. GUILLEN**

Plaintiff Kefvon Camp respectfully submits this Objection and Motion to Strike the Response of Acting Chief Deputy Warden A. Guillen (ECF No. 38) as improper, misleading, and prejudicial to the integrity of this proceeding.

**I. INTRODUCTION AND BASIS FOR OBJECTION**

Plaintiff objects to the declaration submitted by Acting Chief Deputy Warden A. Guillen on the grounds that it:

1. Responds to a court order not directed to him and for which he has no standing;
2. Includes materially misleading representations;
3. Fails to disclose facts known to prison officials, which were later revealed to the Plaintiff;
4. Usurps the role of individuals with firsthand knowledge of the facts (e.g., the Warden and Litigation Coordinator);
5. Should not be accepted as a substitute for sworn testimony

1

from those directly involved.

## II. FACTUAL CLARIFICATIONS AND GROUNDS TO STRIKE

Plaintiff discovered that the Attorney General sought additional time on the basis that Warden Silva and the Litigation Coordinator were unavailable due to vacation or absence. Upon hearing this justification, Plaintiff immediately became concerned and began further investigation on his own.

On or around September 24, 2025, Plaintiff interacted with CO Apacheco (disciplinary officer; spelling uncertain and phonetical), captured on Body-Worn Camera (BWC) footage around 4:48 p.m., where Apacheco acknowledged that she had spoken with the Litigation Coordinator, P. Williams, who had admitted to losing Plaintiff's paperwork. Apacheco also stated she had been working to locate the missing documents. Plaintiff respectfully requests that this Court order the production and review of this BWC footage as part of this motion.

On another occasion, while Plaintiff was in the yard, he spoke with the law library clerk who told him that it was not her fault the documents were missing, because she had already handed them to the Litigation Coordinator.

Moreover, on or about June 12, 2025, Plaintiff, along with a witness, went to the law library and submitted documents for e-filing. The law library clerk Cormier processed the e-filing paperwork for both Plaintiff and witness. The clerk addressed and sealed the envelopes as required. The witness even reminded

2

Plaintiff to write "Litigation Coordinator office for e-filing" on the envelope. An official picked up the envelope for delivery, and under CDCR protocols, it was *not* the law library clerk's responsibility to screen or accept/reject filings—that authority lies solely with the Litigation Coordinator, *not* the librarian.

A. Agreements with Attorney General on E-Filing

During Plaintiff's May 8, 2025 deposition, Deputy Attorney General Ruhparwar Nasstaran explicitly instructed Plaintiff to e-file his discovery responses and told him not to mail them. It was agreed on record that e-filing was the required method. Thus, Plaintiff followed those instructions and submitted his materials accordingly.

III. CHALLENGE TO A. GUILLEN'S STANDING AND AUTHORITY

While Guillen is not a defendant, nor is he a direct witness to the incidents in question, he nonetheless submitted a declaration "on behalf" of others. There is no order by the Court authorizing him to substitute in place of the Warden or the Litigation Coordinator.

**Legal Authority:**

Courts routinely hold that responses to judicial orders must come from individuals with personal knowledge. See:

- **Fed. R. Civ. P. 56(c)(4):** Affidavits or declarations used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in

3

evidence, and show that the affiant is competent to testify on the matters stated.

- **Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992):** "Standing requires a showing of injury-in-fact, causation, and redressability. Speculative or generalized grievances are insufficient."

Guillen's testimony is not based on personal knowledge and seeks to present facts about events that he did not witness and of which he lacks direct supervisory responsibility.

## IV. ADDITIONAL FACTUAL DEVELOPMENTS AND EVIDENCE

On September 16, 2025, Plaintiff spoke with CO Caceas [spelling uncertain; phonetically presented] around 11-12 p.m., who is a witness. Caceas informed Plaintiff that law librarian Dan stated the documents were given to the Litigation Coordinator.

From around 4:00-4:35 p.m. on September 16, 2025, Captain Mendez told Plaintiff that the Warden had in fact been present every day at CSP-Corcoran.

On July 30, 2025, Plaintiff received a document printout titled "Education Log Sheet" — Log No. 25-015 that included Plaintiff's name and housing, date received from Librarian: 6/13/25, date to Litigation: 6/13/25, signed and dated by law librarian Dan.

This was provided after Plaintiff's complaints regarding the missing documents. The log sheet confirms that the materials were

4

handed over to the Litigation Coordinator, thus disproving Guillen's assertion.

Around June 12, 2025, when Plaintiff went to the law library with to e-file documents with a witness, who will act as a witness, and who showed Plaintiff an inmate request for interview dated June 26, 2025, in which he too complained that his own e-filing was never confirmed as filed. He also had a court deadline, received a response from librarian Dan dated 6/26 stating: "Litigation received two e-files, one on 6/13/25. Neither one has been returned as of today. You may want to contact litigation to cancel filing if they have not already." He is willing to submit a sworn affidavit confirming that both of them filled out e-filing forms, placed the documents in envelopes, and the librarian accepted both filings on the same day.

Plaintiff also states that on June 12, 2025, the prison was on lockdown, which Guillen acknowledged was due to searches. The law librarian should not have accepted the e-filing during lockdown. Therefore, Guillen's own argument that e-filing was not available for Plaintiff because it was not an initial filing directly contradicts his implication that Plaintiff should not have submitted it as a priority. This contradiction is an apparent attempt to undermine Plaintiff's credibility and mislead the Court.

**V. PATTERN OF OBSTRUCTION**

Plaintiff asserts that repeated misrepresentations and improper

5

substitution of declarants has obstructed this Court's ability to obtain accurate facts. Guillen's filing constitutes improper interference by responding in place of the ordered parties and supplying inaccurate timelines, availability, and document transfer information.

By submitting a declaration in place of the Warden and the Litigation Coordinator, Guillen enabled the Attorney General's office to delay the proceedings through extensions without supplying the testimony the Court actually required. This pattern of substitution, delay, and concealment of discoverable material may rise to the level of bad faith and obstruction.

**Legal Authority:**

- **Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991):** Federal courts have the inherent power to sanction bad-faith conduct that abuses the judicial process, including misleading the court or obstructing discovery.
- **Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980):** Courts may sanction parties or attorneys who "engage in conduct that abuses the judicial process."

**VI. REQUESTS FOR RELIEF**

In light of the above, Plaintiff respectfully requests that the Court:

1. Strike the Declaration of Acting CDW A. Guillen (ECF No. 38) from the record;

6

2. Order the Litigation Coordinator (P. Williams), CO Apacheco, and Law Library Clerks (Cormier, Dan) to provide declarations under oath about the missing documents and their roles;
3. Order CSP-COR to produce the Body-Worn Camera (BWC) footage of CO Apacheco from 4:48 p.m., where Apacheco discusses the document loss;
4. Deny any further extensions sought by Defendants related to this issue;
5. Require Defendants to file a direct response to Plaintiff's pending motions and objections, without delay;
6. Impose sanctions if it is determined that the Attorney General's office or prison staff misled the Court by using Guillen's declaration in place of the actual parties ordered to respond;
7. Set a scheduling deadline to allow Plaintiff to collect and submit supporting materials, including CDCR 22 forms, log sheets, and corroborating witness accounts of the June 12-13, 2025 filing;
8. Order disclosure of:

   o Work schedules of the Warden and Litigation Coordinator during the relevant time frame to verify whether they were truly absent or on vacation;
   o Log sheets from June 12-13, 2025 tracking the movement of Plaintiff's e-filing documents from the law library to Litigation;

7

- o A scheduling order to allow Plaintiff time to submit additional documentation including CDCR 22 forms;
- o Any priority status records for <u>June 12 or earlier</u> bearing Plaintiff's signature;
- o Mid-August 2025: a log sheet showing that Librarian Dan sent Plaintiff a request for priority access;
- o Any emails between Guillen and any relevant parties, including but not limited to the Attorney General's office and Litigation Coordinator Williams.

**VII. CONCLUSION**

It is inappropriate and prejudicial for the Attorney General to insert a declaration from a non-party administrative official, who lacks personal knowledge, in place of those individuals who were ordered or expected to respond. The Plaintiff has provided corroborating factual information, potential witnesses, and a BWC timestamp that supports his position. This improper substitution and attempt to mislead the Court should not go without consequence.

**Respectfully submitted on September 26, 2025,**

*/s/ Kefvon Camp/*

Kefvon Jerome Camp

Plaintiff Pro Se

8