ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
M. MAKIKO O'BRYAN
Deputy Attorney General
State Bar No. 356803
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 510-3811
  Fax: (415) 703-5843
  E-mail: Maki.OBryan@doj.ca.gov
*Attorneys for Defendant M. Valdez Jr.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| **KEFVON JEROME CAMP,**<br><br>Plaintiff,<br><br>v.<br><br>**R. RODRIGUEZ, et al.,**<br><br>Defendants. | 1:24-cv-04771-RMI<br><br>**Defendant's Reply in Support of His Motion to Strike**<br><br>Judge:   The Honorable Robert M. Illman<br>Trial Date:   None Set<br>Action Filed: August 6, 2024 |

## INTRODUCTION

Plaintiff's objection to Defendant's reply in support of his summary-judgment motion is improper. Under Local Rule 7-3(d), once a reply is filed, no additional papers may be filed without prior Court approval unless it objects to reply evidence. Although Plaintiff claims his filing was an objection to reply evidence, Defendant did not raise any new arguments or introduce any new evidence on reply. Furthermore, Plaintiff's objection itself is argumentative. Therefore, Defendant's motion to strike should be granted.

1

**ARGUMENT**

**I.   ECF NO. 37 IS NOT A PROPER OBJECTION TO REPLY EVIDENCE.**

Plaintiff asserts that his "Objection to Defendant's Motion to Dismiss and for Summary Judgement" was an objection to new evidence raised in Defendant's reply in support of his summary-judgment motion. (ECF No. 41.) Under Local Rule 7-3(d)(1), an Objection to Reply Evidence "may not include further argument on the motion."

First, Defendant did not raise new evidence or arguments in his reply. (*See* ECF No. 33.) Plaintiff contends that arguments regarding the *Heck* bar and qualified immunity were first raised in reply. (ECF No. 41 at 2.) However, in his summary-judgment motion, Defendant asserted that Plaintiff's claim is *Heck*-barred, and that Defendant is entitled to qualified immunity. (ECF No. 24-1 at 11-12, 16-17.) Therefore, these arguments were not first raised on reply and Plaintiff's objection is improper.

Second, Plaintiff's objection is nonetheless argumentative. He argues that Defendant's motion to dismiss[1] was procedurally improper, argues that Defendant is not entitled to qualified immunity, and argues that Defendant violated the Armstrong Remedial Plan and California Code of Regulations Title 15. (*See* ECF No. 37.) Thus, Defendant's motion to strike ECF No. 37 as an improper sur-reply should be granted.

**II.   DEFENDANT DID NOT SUBMIT NEW EVIDENCE REGARDING CELLPHONE POSSESSION.**

Plaintiff contends Defendant introduced irrelevant and prejudicial content on reply, namely reference to a cellphone investigation. (ECF No. 41 at 2-3.) However, Defendant was merely correcting the summary-judgment record. Any mention of a charge of "conspiring to possess a cellphone" was inadvertently and mistakenly included in Defendant's motion. (ECF No. 24-1 at 9.) In Defendant's reply, Defendant clarified that the relevant charge was "delaying a peace officer in the performance of duty." (ECF No. 33 at 5.) Therefore, this was not an attempt to introduce new evidence or arguments on reply.

---

[1] Plaintiff does not include an ECF citation for this motion to dismiss, but he is likely referring to Defendant's summary-judgement motion (ECF No. 24).

Def.'s Reply ISO Mot. to Strike (1:24-cv-04771-RMI)

**III.   DEFENDANT DID NOT ACCUSE PLAINTIFF OF MISSING DISCOVERY DEADLINES.**

Plaintiff contends Defendant's reply included accusations of missed discovery. (ECF No. 41 at 1.) However, Defendant did not first raise this issue. Rather, Plaintiff did. Defendant's reply merely noted that Defendant's summary-judgment motion did not argue that Plaintiff missed any discovery or filing deadlines, and that any of Plaintiff's arguments pertaining to such issue are therefore irrelevant to the summary-judgment record. (ECF No. 33 at 7.) Thus, Defendant was not introducing any new arguments or evidence regarding discovery.

**IV.   DEFENDANT DID NOT SUBMIT AN IMPROPER DECLARATION.**

Plaintiff contends the declaration submitted by Acting Chief Deputy Warden Guillen was improper because he lacks personal knowledge. (ECF No. 41 at 4.) Mr. Guillen submitted this declaration because the Court ordered such a declaration. (ECF No. 29.) To promote judicial efficiency, counsel for Defendant specially appeared on behalf of Mr. Guillen to file the declaration in Warden Silva's absence, even though he is a non-party.[2] This declaration was not improper.

**CONCLUSION**

Defendant first raised a *Heck* bar defense, asserted qualified immunity, and addressed the merits of Plaintiff's claim on summary judgment. Defendant did not raise any new arguments on reply, nor did he introduce new evidence. Plaintiff's objection is argumentative and raises issues that are irrelevant to the summary-judgment record in an effort to delay the Court's ruling. Therefore, Defendant's motion to strike should be granted.

---

[2] Plaintiff moved to strike Guillen's declaration. (ECF No. 40.) Because the declaration was Court-ordered, and because counsel for Defendant does not represent Mr. Guillen, Defendant does not plan on responding to Plaintiff's motion at this time unless otherwise ordered.

| | | |
|---|---|---|
| Dated: October 20, 2025 | | Respectfully submitted, |
| | | ROB BONTA<br>Attorney General of California<br>WILLIAM C. KWONG<br>Supervising Deputy Attorney General |
| | | */s/ Maki O'Bryan*<br>M. MAKIKO O'BRYAN<br>Deputy Attorney General<br>*Attorneys for Defendant* |

SF2024402768
44838634.docx

# CERTIFICATE OF SERVICE

Case Name:  *Kefvon J. Camp v. R. Rodriguez, et al.*
Case No.    1:24-cv-04771-RMI

I hereby certify that on October 20, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**Defendant's Reply in Support of His Motion to Strike**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On October 20, 2025, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Kefvon Jerome Camp (BC7449)
California State Prison - Corcoran
P.O. Box 3476
Corcoran, CA  93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 20, 2025, at San Francisco, California.

|  |  |
|---|---|
| B. Chung | /s/ |
| Declarant | Signature |

SF2024402768
44838639.docx