FILED
OCT 31 2025
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kefvon Camp CDC#BC7449<br>PO Box 3476<br>CDCR: Corcoran State Prison<br>Cocoran, CA, 93212,<br>Plaintiff,<br><br>v.<br><br>M. Valdez, M. Rodriguez,<br>         Defendant. | No. Case 1:24-cv-04771-RMI<br><br>**SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE (ECF 42)** |

**I. INTRODUCTION**

Plaintiff KEFVON JEROME CAMP, appearing pro se, respectfully submits this Sur-Reply to clarify the record and correct misstatements made in Defendant's October 20, 2025 filing (ECF 42). Defendant again mislabels Plaintiff's prior filing (ECF 37) as a "sur-reply." It is a proper objection under Local Rule 7-3(d) to new arguments and factual corrections first raised in Defendant's earlier reply (ECF 33). See N.D. Cal. Civ. L.R. 7-3(d)(1).

This filing also addresses Defendant's continuing efforts to discredit Plaintiff through false claims of "bad faith" and to minimize documented interference with inmate e-filing and law-library access—issues recently acknowledged in a separate Eastern District matter involving the same systemic problems. Plaintiff files this response to correct the record and preserve the integrity of these proceedings.

**II. PLAINTIFF'S OBJECTION (ECF 37) WAS PROPER**

ECF 37 responded to new material raised in ECF 33, including:

• Defendant's admission that a "cellphone investigation"

1

reference was mistaken;

- New factual statements about discovery timing; and
- Additional arguments on qualified immunity and Heck-bar issues not made in the original motion.

Under Local Rule 7-3(d)(1), a party may file an objection to new evidence or argument presented in a reply. That is exactly what Plaintiff did. Labeling the objection as an "unauthorized sur-reply" misreads both the rule and the filing.

### III. RETALIATION, ACCESS ISSUES, AND DEFENSE BAD-FAITH TACTICS

Defendant claims the Guillen declaration was "Court-ordered," but the Court requested a declaration from the Warden or an appropriate CDCR official with firsthand knowledge. Acting CDW Guillen is a non-party and does not claim to have direct knowledge of the events described. His declaration fails to meet the requirements of Rule 56(c)(4). See Fed. R. Civ. P. 56(c)(4); *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (declaration lacking personal knowledge is insufficient to create a genuine issue of fact).

On or around September 30, 2025, following Plaintiff's filings, Corcoran State Prison sought to move Plaintiff from his housing unit, hindering legal assistance/access/disrupt replies, inter alia. Priority law-library access was not granted until after coordination began between defense counsel and Acting CDW Guillen. This timing shows continuing interference with Plaintiff's ability to litigate.

Defendant's suggestion that Plaintiff acted in "bad faith" or sought to "delay" proceedings is false and inappropriate. Plaintiff has clarified and/or corrected errors and/or made

objections where he identified issues, offering proof or sources for proof where he was able to do so. By contrast, the defense has repeatedly injected irrelevant and misleading information, withheld key information, and attempted to re-label Plaintiff's lawful objections as improper filings. The accusation of bad faith is a baseless attempt to discredit a pro se inmate litigant and divert attention from the defense's own procedural misconduct. Plaintiff's record shows consistent good-faith efforts to comply with all rules and to ensure an accurate and complete record for the Court. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

**IV. ACCESS INTERFERENCE AND RETALIATION**

Plaintiff is not the only inmate experiencing ongoing problems with e-filing access, law-library scheduling, and related institutional barriers. The same issues have been documented in the Eastern District of California, where a separate matter noted systemic problems with inmate e-filing procedures and delays in transmitting filings to the courts. Plaintiff attaches pages from that case to show that the difficulties described here are part of a broader pattern of interference ***affecting multiple litigants***. Plaintiff also attaches his internal log 25-015, signed by the law librarian, confirming that his documents were received and forwarded to litigation on June 13, 2025.

**V. NECESSITY OF RESPONSE AND CORRECTION OF THE RECORD**

Defendant's filings, including the declaration submitted by Acting CDW Guillen, falsely assert that Plaintiff never filed the

3

June 2025 submission at issue. Plaintiff must respond due to the seriousness of that statement, which effectively accuses Plaintiff of misrepresenting facts to the Court. Such an accusation, if left uncorrected, would imply dishonesty and undermine Plaintiff's integrity before the Court.

Plaintiff attaches as an exhibit the verified institutional log (CDCR Form 25-015), signed by the Corcoran law librarian, confirming that on June 13, 2025, Plaintiff's legal envelope was received and forwarded to the Litigation Coordinator for e-filing. On the prior day, June 12, 2025, Plaintiff and another inmate submitted their respective filings to the law-library clerk, who stated both would be sent that day or the next. When Plaintiff later discovered that his filing did not appear on the docket, he wrote to the librarian, who confirmed in writing that she had forwarded it to litigation.

Despite this, Guillen's declaration omitted that official record and instead provided an unofficial and incomplete document to support his conclusion that the filing never occurred. Such omission was material and misleading. Guillen, without provocation or firsthand involvement, accessed Plaintiff's case information, was aware of the Attorney General's litigation position, and responded to the Court in bad faith, apparently to advance the defense's effort to dismiss this action. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (courts have inherent power to address bad-faith conduct that abuses the judicial process).

As further support, three additional Exhibits contains pages from a separate case filed in the Eastern District of California

4

(public record on PACER), involving another inmate who experienced the same e-filing obstruction. There, the record shows that non-initial filings were accepted by the same institution, then returned unfiled, and to be e-filed under agreement/order through that court. The exhibits reflect that both Plaintiff and that inmate submitted filings through the law library on the same date Guillen now denies any submission occurred—demonstrating a consistent pattern of mishandling inmate e-filings.

When Plaintiff was later asked to sign the "priority" law library access log around August 15, 2025, he declined because the offer came after all relevant deadlines had passed and he had no pending requests requiring priority. Plaintiff was also concerned, based on advice from another inmate familiar with prior retaliation, that signing the log could later be used to suggest—falsely—that he already had priority access all along. Defendants later cited this unsigned form in their exhibits to imply that Plaintiff was refusing access, when in fact the timing and context show that no genuine priority opportunity existed before that date. The record demonstrates that Plaintiff never had functional priority access before or during the period relevant to the filings at issue.

Institutional lockdowns occurred, and Plaintiff's previously scheduled non-priority sessions were canceled. Plaintiff has correctional-officer witnesses who can attest that his appointments were canceled and that he never had priority status at that time.

These omissions and misrepresentations were made in bad

5

faith, with the intent to mislead the Court, discredit Plaintiff, and justify dismissal. Plaintiff's response is therefore necessary to correct the record, protect the integrity of these proceedings, and ensure the Court has accurate information before ruling.

## VI. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Strike the declaration of Acting CDW Guillen (ECF 38) as misleading and noncompliant with Rule 56(c)(4);
2. Deny Defendant's Motion to Strike (ECF 39-1);
3. Recognize Plaintiff's ECF 37 filing as a proper objection under L.R. 7-3(d);
4. Take judicial notice of the attached exhibits demonstrating e-filing interference and a pattern of misconduct;
5. Order production of the June 12-13, 2025 e-filing logs, related correspondence, and BWC footage; and
6. Note the documented housing interference, e-filing obstruction, and delayed library access as evidence of retaliation and bad-faith litigation conduct.

## VII. CONCLUSION

Defendant's reply (ECF 42) repeats misstatements and unsupported accusations. Plaintiff's objection (ECF 37) was proper, filed in good faith, and supported by record evidence and by the systemic access issues shown in the attached Eastern District filing. The Court should deny Defendant's Motion to Strike (ECF 39-1), strike the Guillen declaration (ECF 38), and allow this case to proceed on a complete and accurate record.

October 28, 2025

Respectfully submitted,

*/s/ K. Camp*

Kefvon Jerome Camp,

Plaintiff Pro Se

BC7449

No. Case 1:24-cv-04771-RMI

Kefvon Camp CDC#BC7449

**EXHIBITS**

| EDUCATION LOG# | INMATE NAME | CDCR # | HOUSING | DATE RECEIVED FROM LIBRARIAN | DATE TO LITIGATION | DATE RETURNED FROM LITIGATIONS | DATE SENT BACK TO LIBRARIAN | NAME OF LIBRARIAN | ACCEPTED/ REJECTED | NOTES/REASONING |
|---|---|---|---|---|---|---|---|---|---|---|
| 25-015 | Camp | BC7449 | 4A | 6/13/2025 | 6/13/2025 | | | Dan | | |

Dan 7/30/25

EXIBIT4

**State of California**        Department of Corrections and Rehabilitation

# Memorandum

Date : June 17, 2025

To : OSUNA, BD0868

Subject : E-File Documents

Your documents could not be E-Filed. Please note, the E-Service Program applies only to "initial case documents." All other documents can be filed with the Court by mailing the documents through the routine legal mail procedures at the institution. Your E-File documents have been returned to Education.

Litigation Office
California State Prison-Corcoran

Exibit 5

(EXIP.IT):

**STATE OF CALIFORNIA**
**INMATE REQUEST FOR INTERVIEW**
GA-22 (Rev. 10/13)

DEPARTMENT OF CORRECTIONS & REHAB.

# INMATE REQUEST FOR INTERVIEW

| DATE | TO | FROM (LAST NAME) | JOB NUMBER | [stamp] JUN 2 6 2025 |
|---|---|---|---|---|
| 6/25/25 | LAW LIBRARY | osuna jamie | | |

| HOUSING | BED NUMBER | WORK ASSIGNMENT | ASSIGNMENT HOURS FROM TO |
|---|---|---|---|

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)

Clearly state your reason for requesting this interview. You will be called in for interview in the near future if the matter cannot be handled by correspondence.

I need my E-filling documents back they dont have to be E-filled now basically after a t-
I gave you them to filed with no response I wrote a motion to the courts & sent them s
form of the civil complaint with the (PSR) it was granted for me to be relieved from I
~~ng & other orderses were granted 1 complaint the situation they excepted my 1983 through~~
~~mail & i recieved a case I so tell litigations not to E-file because if they do these~~
to be responsible for the filling payment not me I also want to be reimburst for any m
~~taken off my books for copies if it gets filed if i want my original back they had no rea~~
ot to E-file they should have not excepted it or should have sent it back to me with i

DO NOT [illegible]

INTERVIEWED BY Dan                    DATE 6/26/

DISPOSITION:
On on 6/13/25 received the other 6/23/25 neither one.
litigations has been returned as of today. you may want to c
litigations to cancel filing if they have not alrea

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXIBIT 6

(EXIBIT):

```
STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS & REHABILITATION
INMATE REQUEST FOR INTERVIEW
GA-22 (Rev. 10/13)
                         INMATE REQUEST FOR INTERVIEW

DATE         TO                             FROM (LAST NAME)        CDCR NUMBER
06/25/25     Litigation cordinator;p.williams  osuna,jamie          BD0868

HOUSING      BED NUMBER     WORK ASSIGNMENT                JOB NUMBER

OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.)                   ASSIGNMENT HOURS
                                                           FROM            TO
```

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

the motion 1 filed with the eastern district & regarding if they can except & file my 198
& be relieved from the E-filing my motion was granted the 1983 I sent to courts was filed
in requesting you to return my "ORIGINAL" 1983 to me personally
regardless of the lock down you should of filed.it & if you weren't you should have sent
back to me with the reasons so i could of then notify'd the courts but insttead you thoug
you found a way to inteffer & retaliate but in 10 steps ahead of you return my documents
my complaint was excepted given case number

DO NOT write below this line. If more space is needed, write on back.

INTERVIEWED BY

DISPOSITION  Your docs were sent back to the law
library please request to have them delivered back
Into longer have them

                                            DATE 6/27/25
                                            [signature] Williams

Corcoran CA
PO Box 3476
CSP-Corcoran

RECEIVED

OCT 31 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

not
450
San



nern District
Golden Gate Ave
Francisco, CA 94102