UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEFVON JEROME CAMP,<br>　　　　Plaintiff,<br>　　v.<br>M. VALDEZ,<br>　　　　Defendant. | Case No. 24-cv-04771-RMI<br><br>**ORDER ON MOTIONS**<br>Re: Dkt. Nos. 26, 28, 39, 40 |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. Defendant filed a motion for summary judgment which was recently fully briefed. Presently pending are several miscellaneous motions filed by the parties.

**Appointment of Counsel**

Plaintiff first seeks the appointment of counsel and for the Court to reconsider a prior order denying a motion to appoint counsel. (dkt. 26.) There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Although district courts may "request" that counsel represent a litigant who is proceeding *in forma pauperis* as Plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Plaintiff argues that his incarceration will hinder his ability to litigate the case and conduct a trial. (dkt. 26 at 2-4.) These circumstances are not sufficiently "exceptional" to warrant

1  appointment of counsel at this time. The Court determines that this action does not present
2  complex legal issues, and Plaintiff has ably prosecuted this case, with well-crafted motions and
3  oppositions. The motion is denied without prejudice and Plaintiff may renew the motion if this
4  case proceeds past summary judgment.

**Access to the Court**

Plaintiff filed a motion (dkt. 28) contending that prison staff at his institution lost certain documents he attempted to electronically file in June 2025, and that his placement in the Secured Housing Unit is hampering his ability to research issues and caused him to submit evidence late, which he contends is part of Defendant's summary judgment motion. (dkt. 28 at 1-3.) The Court ordered that a response be filed from Plaintiff's facility, and a filing was submitted. (dkt. 38.)

The response from the prison accurately identifies several issues with Plaintiff's motion. The prison only electronically files documents for the commencement of a case, and not later filings once the case has been opened. (dkt. 38 at 2.) Similarly, the Court only accepts electronic files to initiate a case, and all later filings must be sent via the mail. While documents may have been lost, they were not part of this case and Plaintiff has not provided any information about the substance of the lost documents and how they relate to this case. The Court has received numerous filings from Plaintiff, so he is able to access the Court, and he has not missed any deadlines in this case.[1] Contrary to Plaintiff's assertion, the summary judgment motion is not based on any failure to timely submit evidence. Finally, while Plaintiff may have challenges accessing the law library, he has filed many well-reasoned motions and has ably opposed the summary judgment motion. Plaintiff's motion to access the Court (dkt. 28) is denied for the reasons discussed above and his motion to strike Defendant's response (dkt. 40) is denied as meritless.

**Defendant's Motion to Strike**

Plaintiff filed an initial opposition to the summary judgment motion (dkt. 27) and after Defendant filed a reply, Plaintiff filed an additional opposition or sur-reply (dkt. 37). Defendant has filed a motion to strike the sur-reply (dkt. 39) because Plaintiff's did not seek permission from

---

[1] Plaintiff was also able to electronically file a new case in this Court. *See Camp v. Doe*, Case No. 25-cv-7868 RMI.

the Court to submit the second filing. In light of Plaintiff's status as a *pro se* litigant prosecuting this case while incarcerated, the Court will consider the sur-reply when it reviews the summary judgment motion. Defendant's motion is denied.

**Conclusion**

For the foregoing reasons, Plaintiff's motions to appoint counsel (dkt. 26), to access the Courts (dkt. 28), and to strike Defendant's response (dkt. 40) are **DENIED**. Defendant's motion to strike (dkt. 39) is **DENIED**. The Court will review the summary judgment motion in due course.

**IT IS SO ORDERED.**

Dated: November 6, 2025

ROBERT M. ILLMAN
United States Magistrate Judge